**FILED**

Mar 04 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ s/ zenobiaa _____ DEPUTY

Alison Helen Fairchild
7465 Mission Gorge Road
San Diego, CA 92120

Mobile: (626) 399-2159

Email: fairchildadacrusader@gmail.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE STATE OF CALIFORNIA
### SOUTHERN DISTRICT

| | |
|---|---|
| ALISON HELEN FAIRCHILD,<br><br><br>Plaintiff,<br><br>vs.<br><br>extra space storage inc., smartstop self-storage reit, inc., county of san bernardino, john strokis, michael crear, kimberly stroud, and DOES 1-10<br><br><br>Defendant(s), | **CIVIL RIGHTS COMPLAINT**<br><br>'21CV393  JLS  DEB |

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 1 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

**VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF for: VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. §§§§ 1981, 1983, 1985 & 1986];VIOLATION OF TITLE III OF THE AMERICAN DISABILITIES ACT OF 1990 [42 U.S.C. § 12101, 12203] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF CALIFORNIA CIVIL CODE § 51, et seq[ THE UNRUH CIVIL RIGHTS ACTS] (denial of access to full and equal accommodation, advantages, facilities, privileges and services); VIOLATION OF CALIFORNIA CIVIL CODE § 51.5, VIOLATION OF CALIFORNIA CIVIL CODE § 51.7; VIOLATION OF CALIFORNIA CIVIL CODE § 52.1; DISCRIMINATION OF THE CIVIL RIGHTS ACT of 1964 [ 42 U.S.C. § 1985] (conspiracy to interfere with civil rights); 42 U.S.C. § 1986 (neglect to prevent deprivation of rights); VIOLATION OF 14TH AMENDMENT CONSTITUTIONAL RIGHTS; NEGLIGENCE; NEGLIGENCE PER SE; CIVIL CONSPIRACY; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE, ABUSE OF PROCESS, & CONVERSION**

This lawsuit is brought due to violations by Defendants and Does 1-10, inter alia, violations of Plaintiff's constitutional civil rights. Defendant Smartstop self-storage reit, inc.'s property managers called the police on Plaintiff's fiancé Arogant and requested that Arogant Hollywood be trespassed, which traumatized Plaintiff. This incident demonstrated how Defendants worked in concert and joint participation with law enforcement, proving a prima facie case for Defendants being state actors.

Defendants were grossly negligent and showed no regard to the disabled Alison Helen Fairchild when they used an abuse of process among other state and federal civil torts to evict a woman protected under the American Disabilities Act of 1990 without due process of law.

Defendants' conduct is and was a pattern and practice of intentional exclusion of an African American man and his disabled fiancée, due to the protected characteristics of race, gender, and disability in direct violation of provisions of the Americans with Disabilities Act of

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 2 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   1990 ("ADA"), 42 U.S.C. § 12203, ET SEQ., the Civil Rights Act of 1964, 42 U.S.C. §§§§
2   1981, 1983, 1985, and 1986, and the egregious actions undertaken by Defendants and/or those
3   acting under their association or affiliation with Defendants against a black man protected from
4   discrimination under the above stated statutes, and a disabled woman named Alison Helen
5   Fairchild, protected under the American Disabilities Act of 1990.

6   Defendants violated state laws by their negligence, negligent per se, negligent intentional
7   infliction of emotional distress, intentional infliction of emotional distress, civil conspiracy,
8   fraud, abuse of process, conversion, and gross negligence. Defendants violated state law by
9   discriminating against Arogant Hollywood based on his race and discriminating against Alison
10   Helen Fairchild based on her disability.

11   Defendants intentionally discriminated against Plaintiff's fiancé Arogant Hollywood
12   **[hereinafter "Hollywood"]**, an African American. Defendants discriminated against
13   Hollywood by terminating his right to be on their Upland Smartstop self-storage facility
14   property, by refusing to accept rent to pay for Plaintiff Alison Helen Fairchild's self-storage unit
15   and blocking Hollywood access to Defendants' Smartstop self-storage facility based on
16   Hollywood being black. Defendants intentionally discriminated against Arogant Hollywood, an
17   African American man by threatening to file for a restraining order based on his race.
18   Defendants intentionally discriminated against Hollywood by conspiring to deny Hollywood his
19   right to not be denied possession of real property without due process of law. Defendants
20   intentionally discriminated against Hollywood by conspiring to use the assistance of the city of
21   Upland police department to forcefully enter, potentially steal, and remove his personal
22   property. Defendants intentionally discriminated against Arogant Hollywood by threatening to
23   have him arrested and physically removed by the city of Upland police department's peace
24   officers.

25   Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild, a
26   Caucasian woman who is non-ambulatory and unable to walk whatsoever, every time she
27   attempted to request a reasonable public accommodation. Defendants intentionally discriminated

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 3 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

against Ms. Fairchild and Defendants were grossly negligent by conspiring to instruct the city of Upland police department's peace officers to unlawfully remove Plaintiff Fairchild from her self-storage property by using physical force. Defendants were grossly negligent by failing to modify and change their Smartstop Duarte company policies to accommodate Alison Helen Fairchild. Defendants intentionally discriminated against Alison Helen Fairchild by conspiring to use the assistance of the city of Upland police department to forcefully enter, potentially steal, and remove her personal property from her one self-storage unit.  Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild by conspiring, and then later actually denying Plaintiff Fairchild her right to not be denied possession of real property without due process of law. Defendants were grossly negligent by their general and assistant facility managers requiring Plaintiff Fairchild to ask for a key to a locked restroom even though both managers knew that she was a disabled woman confined to a wheelchair. Defendants intentionally failed to accommodate Plaintiff Fairchild by unlocking their restroom whenever they knew that Plaintiff Fairchild was on the property. Defendants intentionally discriminated against Plaintiff Fairchild by not having any available parking spaces in the self-storage loading and unloading areas of the property. Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild by threatening to request that the city of Upland police department peace officers physically remove her from their facility on or about July 2019. despite her being overheated, sick, and legitimately being on their property.

This lawsuit is brought due to violations by Defendants of, inter alia, violations of Plaintiff's constitutional civil rights. Defendants acted under the color of state law in that they conspired to use the assistance of the city of Upland police department to physically remove Plaintiff Fairchild from her Upland Smartstop self-storage property. Defendants acted under the color of state law when they conspired to use the assistance of Upland police department to deny Plaintiff Fairchild her right to be on the property of her self-storage unit on or about May 2019.

---

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 4 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1    Defendants and their property manager acted under the color of state law when they
2    conspired to use the assistance of the city of Upland police department to violate federal ADA
3    and California disability laws.

4    This lawsuit is brought due to violations by Defendants of, inter alia, violations of
5    Plaintiff's constitutional civil rights. Defendants acted under the color of state law in that they
6    conspired to physically get rid of all personal property of Plaintiff Alison Helen Fairchild from
7    her 1571 W. Foothill Blvd., Upland, CA self-storage units. Defendants acted under the color of
8    state law when they conspired to use the assistance of the city of Upland police department to
9    deny Plaintiff Alison Helen Fairchild her right to not be denied possession of real property
10   without due process of law.

11   This lawsuit is brought due to violations by Defendants of, inter alia, violations of
12   Plaintiff's constitutional civil rights. Defendants acted under the color of state law in that they
13   conspired to physically get rid of all personal property of Plaintiff Alison Helen Fairchild from
14   their 1571 W. Foothill Blvd self-storage facility, unit, C-150. Defendants acted under the color
15   of state law when they conspired to use the assistance of the city of Upland police department to
16   deny Arogant Hollywood and Plaintiff Alison Helen Fairchild their right to not be denied
17   possession of real property without due process of law.

18   Defendants acted under the color of state law when they conspired to use the assistance
19   of the County of San Bernardino to maliciously file and then illegally obtain a bogus and
20   frivolous default judgment.

21   Defendants acted under the color of state law when they conspired to use the assistance
22   of the County of San Bernardino Fontana Superior Court to wrongly and unconstitutionally
23   obtain a default judgment. The bogus default judgment led to an illegal sale of Plaintiff's
24   personal property.

25   Defendants acted under the color of state law when they conspired to use the assistance
26   of the city of Upland police department to violate state and federal civil rights statutes.

27   Defendant's conduct is and was a pattern and practice of intentional exclusion of a

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 5 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

African-American man and his disabled fiancée, due to protected characteristics of race, gender, and disability in direct violation of provisions of Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12203, ET SEQ., Title II of the Civil Rights Act of 1964, 42 U.S.C. §§§§ 1981, 1982, 1985, 1986 and, and the egregious actions undertaken by Defendants and/or those acting under their association or affiliation with Defendants against a black man protected from discrimination under the above stated statutes, and a disabled woman named Alison Helen Fairchild.

Defendants violated state laws by their negligence, negligent per se, negligent intentional infliction of emotional distress, fraud, intentional infliction of emotional distress, civil conspiracy, abuse of process, conversion, and gross negligence.

Defendants intentionally discriminated against Arogant Hollywood, an African American. Defendants discriminated against Hollywood by refusing to accept monies to pay his fiancée Alison Helen Fairchild's rent. Defendants intentionally discriminated against Arogant Hollywood, an African American by denying Hollywood access to Alison Helen Fairchild's self-storage unit, and by refusing to permit Hollywood to be on Defendants' Smartstop Upland self-storage facility at any time.

Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild, a Caucasian woman who is non-ambulatory and unable to walk whatsoever, by denying her a reasonable public accommodation every single time she made a request. Defendants intentionally discriminated against Plaintiff Fairchild by refusing to accept her rent. Defendants intentionally discriminated against Plaintiff Fairchild by denying Plaintiff Fairchild access to her self-storage unit, and by refusing to permit Plaintiff Fairchild to be on Defendants' 1571 W. Foothill Blvd., Upland, CA 91786 self-storage facility at all. Defendants intentionally discriminated against Plaintiff Fairchild by conspiring to forcefully remove Plaintiff Fairchild's personal property from her 1571 W. Foothill Blvd. self-storage unit. Defendants intentionally discriminated against Alison Helen Fairchild by conspiring to use the assistance of the city of Upland police department to use force to physically remove Plaintiff Fairchild from her self-

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 6 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   storage unit's property.

2      Defendants intentionally discriminated against Plaintiff Fairchild by conspiring to use the

3   assistance of the city of Upland police department to deploy deadly force to remove Plaintiff

4   Fairchild from her self-storage property.

5      Plaintiff Fairchild is a member of disabled persons protected under the federal laws of

6   Title III of the American Disabilities Act of 1990 from any civil rights violations by non-

7   government Defendants stated and alleged against herein.

8      Plaintiff Fairchild is a member of disabled persons protected under the federal laws of

9   Title II of the American Disabilities Act of 1990 from any civil rights violations by government

10   Defendants stated and alleged against herein.

11      Congress enacted the Civil Rights Act of 1964 to stop discrimination against minorities,

12   as well as people with disabilities. The ADA was enacted because of pervasive discrimination

13   against disabled persons and because discrimination is "a serious and pervasive social

14   problem… [that includes] various forms of discrimination, including outright intentional

15   exclusion." "42 U.S.C. § 12101 (a) (7). Congress explained, "individuals with disabilities are a

16   discrete and insular minority who have been… relegated to a position of political powerlessness

17   in our society. "42 U.S.C. § 12101. Despite the political powerlessness disabled people have in

18   our society when bringing civil rights suits against corporations, Plaintiff Alison Helen Fairchild

19   is determined to stop Defendants' discriminatory actions and omissions.

20      Defendants were negligent and grossly negligent by acting under the color of state law by

21   conspiring with law enforcement to use the physical manpower of the city of Upland police

22   department to deny Plaintiff Alison Helen Fairchild possession of real property without due

23   process of law.

24      Defendants were negligent and grossly negligent by acting under the color of state law by

25   conspiring with the county of San Bernardino to complete an illegal, sinful, deceptive, unlawful,

26   and unconstitutional eviction through an illegal auction of Plaintiff's personal property.

27

28

---

**Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process**
**–Page 7 of 212**        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Defendants were negligent and grossly negligent by acting under the color of state law by conspiring with county of San Bernardino judicial officers to unfairly deny Plaintiff Alison Helen Fairchild's motion to set aside default judgment.

Defendants were negligent and grossly negligent by conspiring to force Alison Helen Fairchild out of her self-storage unit by deactivating her self-storage facility gate codes while her rent was paid up.

Defendants were negligent and grossly negligent by violating Plaintiff's 14th Amendment civil rights by conspiring to deny her possession of real property without due process of law.

Defendants were negligent and grossly negligent by violating Plaintiff Fairchild's constitutional civil rights protected under the American Disabilities Act.

Defendants were negligent and grossly negligent by violating Arogant Hollywood's constitutional civil rights protected under the Civil Rights Act of 1964.

All Defendants and Does 1-10's actions were done deliberately and intentionally with complete disregard of the welfare and civil rights of Alison Helen Fairchild, and therefore, Plaintiff Alison Helen Fairchild is entitled to punitive damages against all Defendants.

Defendants are a let us do whatever the heck we want to people, violate their civil rights and let them sue us later CORPORATION.

If Plaintiff Fairchild had not of filed this lawsuit and requested an injunction all her personal property located at 1571 W. Foothill Blvd., Unit # C150, Upland, CA, would be gone forever.

Plaintiff Alison Helen Fairchild is seeking **$ 7,000,000** in total damages and punitive damages to make an example out of Defendants who have violated civil rights of people of the United States far too many times, to count on two hands.

Separate lawsuits filed against Defendants in multiple federal district courts warrants the $ 7,000,000 in damages requested in this civil rights complaint. If Plaintiff had not of filed this lawsuit Defendants' illegal and unconstitutional disposal of Plaintiff's self-storage unit would

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 8 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

have been just another day at the office. See *Darkarai Bruce v. Extra Space Storage* [**8:16-cv-00254**, *Spikes v. Extra Space Storage* et al [**2:14-cv-00796**], *Witherspoon v. Extra Space Storage* [**2:15-cv-01053**, *Donna Dugo v. Extra Space*, et al [**8:18-cv-01318**] [**ADA Civil Rights Complaint**], *Machie v. Extra Space Storage*, et al [**1:18-cv-01045**, *Chaney v. Extra Space, Corporation* [**1:19-cv-05858**], *Anderson v. Extra Space Storage* [**8:19-cv-02829**], *Bryan Estrada v. Storage Portfolio II Subsidiary, LLC* [**5:20-cv-00468**] [**ADA Civil Rights Complaint**], *Matthew Verdiglione v. Extra Space Properties* 130, LLC et al [**8:17-cv-00041**], *Vigil et al v. Extra Space Storage* [**1:17-cv-00578**], *Dr. Veronica McCallup v. Extra Space Storage Inc.*, et al [**5:18-cv-02255**], *Ernest Henderson v. Extra Space Storage*, et al [**0:20-cv-05967**], *Henderson v. Extra Space Storage et al* [**1:19-cv-00374**], *Matthews v. Extra Space Storage* [**1:20-ap-00164**], *Childs v. Extra Space Storage, Inc.*, [**2:16-cv-01746**], *White v. Extra Space Storage, LLC* [ [**4:16-ap-04049**], *ONE WAY APOSTOLIC CHURCH v. EXTRA SPACE STORAGE Inc.* [**1:16-cv-01132**], *Williams v. Extra Space Storage, Inc.* [**1:16-cv-03313**], *Shirley Lindsay v. Extra Space Properties 105 LLC* [**2:15-cv-07996**] [**ADA Civil Rights Complaint**], *SCHMIED v. EXTRA SPACE STORAGE, INC.* [**2:15-cv-07517**], *Burnett v. Extra Space Management Inc.* [**1:13-cv-00120**], *Martinez v. Extra Space Storage Inc. et al* [**3:13-cv-00319**], *GOMES v. EXTRA SPACE STORAGE, INC. et al* [**2:13-cv-00929**], *Hollis v. Extra Space Storage, Inc.* [**3:14-cv-01457**], *Evans et al v. Extra Space Management, Inc.* [**8:15-cv-00445**], *Roman Pizarro et al v. Extra Space Storage, Inc.* [**2:11-cv-02545**] [**ADA Civil Rights Complaint**], *Young v. Extra Space Management, Inc.* [**1:11-cv-00758**], *MAUDE et al v. EXTRA SPACE MANAGEMENT, INC.* et al [2:11-cv-00914], *Barbara Purkey v. Extra Space Storage Inc.* et al [**2:11-cv-01697**], *Koplow v. Extra Space Management, Incorporated* [**1:12-mc-91073**], *Brown v. Extra Space Storage, Inc.* [**1:12-cv-01706**], *Larry Rodale v. Extra Space Storage Co.* [**2:17-cv-05628**],*Price v. Extra Space Storage Inc.* [6:17-cv-01998 [**ADA Civil Rights Complaint**], *Mendizabal v. Extra Space Inc.* [**1:17-cv-10073**], [**ADA Civil Rights Complaint**], *Kemp v. SmartStop Self-Storage* et al [**1:13-cv-09145**], *Stephanie Gordon v. SmartStop Self Storage*, [0:18-cv-00786, *Gil v. Smartstop Asset Management, LLC* [**1:18-cv-20792**] [**ADA**

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
--Page 9 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

**Civil Rights Complaint]**, and *Bloom v. SmartStop Self Storage, Inc.* et al **[1:19-cv-03567]**

Plaintiff Alison Helen Fairchild seeks a declaration that Defendants violated her clearly established constitutional rights as set forth in this civil rights complaint; a declaration that Defendants' restriction on Plaintiff's speech violates the United States Constitution, and 42 U.S.C. § 1983, and nominal damages for the loss of Plaintiff's constitutional rights. Plaintiff Alison Helen Fairchild also seeks an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

## I.    INTRODUCTION

1.    No man in this country is so high that he is above the law. No officer of the law may set that law at defiance of impunity. All of the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it. ***United States v. Lee, 106 U.S. 196 (1882).***

2.    Plaintiff Alison Helen Fairchild was victimized by Defendants, its employees, its upper and district management, and its corporate upper management who acted under the color of state law by conspiring to employ the physical manpower of the city of Upland police department to physically remove Plaintiff from their SmartStop self-storage property. Defendants' cold-hearted and heartless managers conspired to violate the civil rights of Plaintiff, threatened to have her trespassed and arrested from Plaintiff's real property self-storage facility, and all Smartstop Self-Storage REIT managers conspired to illegally and unconstitutionally dispose of Plaintiff's personal property. Plaintiff Alison Helen Fairchild will be forever psychologically, mentally, and emotionally damaged by the wrongful conduct and actions of Defendants.

3.    This is a civil rights action brought by Plaintiff Alison Helen Fairchild, a sixty-four-year-old Caucasian disabled female, pursuant to 42 U.S.C. §§§§§§ 12203, 1981, 1983, 1985, 1986, &

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 10 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1988, and the Fourteenth Amendment of the United States Constitution for compensatory damages and attorney's fees to vindicate profound deprivations of Plaintiff Fairchild's constitutional civil rights including but not limited to negligence, negligent per se, gross negligence, civil conspiracy, intentional infliction of emotional distress, conversion, fraud, abuse of process, and negligence.

4.      Plaintiff Alison Helen Fairchild suffered physical, mental, and emotional injuries as a result of Defendants' complete disregard to Plaintiff Fairchild's well-established constitutional rights. Plaintiff Fairchild has suffered emotionally and became severely depressed because she is worried that she will never again see her personal property located at 1571 W. Foothill Blvd., Upland, California. Plaintiff Fairchild suffered severe mental distress and anxiety when JANE DOE SmartStop Self-Storage REIT Inc. manager forced her to leave the property where her real property storage unit was located. Defendants' management demanded that Plaintiff Alison Helen Fairchild leave their facility even though Defendants' manager knew that Plaintiff Alison Fairchild had done nothing wrong to warrant her being kicked off Upland Smartstop property located at 1571 W. Foothill Blvd., Upland, CA 91010. Plaintiff Fairchild suffered physically when her self-storage unit became incredibly hot shortly after she arrived during at least three separate visits., All Defendants' actions were deliberate, intentional and done with evil intentions and complete disregard for Plaintiff Alison Helen Fairchild's constitutional civil rights.

## FEDERAL CIVIL COMPLAINT & JURY TRIAL DEMAND OF ALISON HELEN FAIRCHILD, INDIVIDUALLY

5.      Plaintiff **ALISON HELEN FAIRCHILD** individually bring this action against Defendants smartstop self-storage reit, inc., john strokis, michael crear, steven franklin, kimberly stroud, extra space storage inc. and DOES 1-10

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 11 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

The Plaintiff Alison Helen Fairchild hereby alleges as set forth below:

## II.   SUBJECT MATTER JURISDICTION & ARTICLE III STANDING TO BRING FORTH THIS LAWSUIT

6.     To establish standings to maintain an action in federal district court, a plaintiff must allege: (1) injury in fact, (2) causation----"a fairly traceable connection between the plaintiff's harm and the complained of conduct of the defendant", and----------------(3) redressability -------"a likelihood that the requested relief will redress the alleged injury." See *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

7.     The Supreme Court has explained that "the irreducible constitutional minimum' of standing consists of three elements." See *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting Lujan, 504 U.S. at 560). A plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of a defendant, and (3) that is likely to be redressed by a favorable judicial decision.

8.     Plaintiff Alison Helen Fairchild is a sixty-four-year-old disabled female that is a part of a protected class of United States citizens under the American Disabilities Act of 1990. Plaintiff Alison Helen Fairchild is protected under the American Disabilities Act of 1990 and has filed this lawsuit on her behalf to redress civil rights violations by Defendants. Plaintiff Fairchild alleges that Defendants have conspired to interfere with her constitutional 14th amendment rights. Plaintiff Fairchild alleges that Defendants' employees and management personnel violated Plaintiff's 14th Amendment rights. Plaintiff alleges that Defendants have discriminated against Plaintiff in violation of U.S.C. § 1981 and the American Disabilities Act of 1990. Plaintiff Fairchild alleges that Defendants have conspired to interfere with Plaintiff's

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 12 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

constitutional 14th amendment rights by using unconstitutional and illegal business tactics to trespass, revoke access to, defraud the superior court, falsify legal documents, obtain a bogus default judgment based on an artificial legal standing, and refuse to grant Plaintiff Fairchild access to her Upland SmartStop real property self-storage unit. Plaintiff Fairchild alleges that Defendants have conspired to interfere with Plaintiff's constitutional 14th amendment rights by using unconstitutional and illegal business tactics to dispose of all her personal property. Plaintiff Fairchild hereby alleges that Defendants violated ADA federal laws and state laws by deliberately failing to keep their restrooms open during business hours and maintain handicap parking where Fairchild needed to load and unload her personal property located at 1571 W. Foothill Blvd., Upland, CA 91786

9.      Plaintiff Alison Fairchild hereby alleges that Defendants' violated ADA laws by her self-storage unit being inaccessible. Plaintiff Alison Fairchild hereby alleges that Defendants violated ADA laws by turning a blind eye when their Smartstop self-storage managers and employees deliberately blocked Plaintiff access to her self-storage unit (Units # C150) on numerous occasions. Plaintiff Fairchild hereby alleged that Defendants deliberately violated ADA laws by making access to the self-storage facility's restroom and office inaccessible.

## III.    PARTIES TO THE ACTION

10.     Plaintiff **ALISON HELEN FAIRCHILD (hereinafter "Plaintiff Fairchild" or "Fairchild")** is currently a resident of San Diego, California and Los Angeles, California. At the present time of the filing of this civil rights complaint Plaintiff Fairchild was a homeless individual living on the streets and in motels within the city of San Diego. At all relevant times stated throughout this federal civil rights complaint Plaintiff Fairchild was an owner of personal property stored at Smartstop, located at 1571 W. Foothill Blvd., Upland, CA, 91786, located in the city limits of Upland, CA, 91786, # C150. At all times relevant hereto, and stated throughout

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 13 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

this lawsuit, Alison Helen Fairchild was an individual over the age of 18 years-old, a resident of the state of California, and a citizen to the United States of America. Plaintiff Fairchild currently has a rental lease agreement with Upland SmartStop self-storage facility, which is owned by SmartStop Self-Storage REIT. Plaintiff Fairchild has an interest of this lawsuit through her use of Defendants' facility, her restrictions of use, and Defendants' discrimination forbidden by the American Disabilities Act of 1990. Plaintiff Fairchild is a proper and appropriate party to this federal district court lawsuit through her use of Defendants' Upland SmartStop self-storage facility, her restrictions of use, and discrimination by Defendants that is forbidden by the American Disabilities Act of 1990.

11.     Plaintiff **ALISON HELEN FAIRCHILD** is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§ 51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff **ALISON HELEN FAIRCHILD** is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff Alison Fairchild has severe brain damage, chronic arthritis all over her entire body, spinal meningitis, multiple sclerosis and constant joint inflammation, pain and swelling. In addition, Plaintiff Fairchild suffers from and was diagnosed with multiple sclerosis, which attacks her brain, and during intense emotional distress, leads to migraines caused by addition legions formed on her brain. Plaintiff **ALISON HELEN FAIRCHILD** requires the use of a wheelchair to travel about in public. Consequently, plaintiff **ALISON HELEN FAIRCHILD** is a member [1] of that portion of the public whose rights are protected by the provisions of Health & Safety Code § 19955, et seq. (entitled "Access to Public

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 14 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§ 51 and 51.5 the Disabled Persons Act, Civil Code § 54, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

12.     **Defendant Extra Space Storage Inc. [hereinafter "Extra" or Defendant "Extra"]** is a Utah self-administered and self-managed real estate investment trust focused on the ownership and acquisition of self-storage properties located within the top hundred (100) metropolitan statistical areas throughout the United States. As of January 2021, the company field ownership interests in and operated approximately 1, 906 self-storage properties located in forty U.S.A. states with approximately 147.5 million rentable square feet. Extra is the second largest owners and operators of self-storage properties among public and private companies in the United States. Extra is the largest self-storage management company in the United States

Defendant Extra acquired SmartStop Self-Storage REIT, Inc. in the fall of 2015. Defendant Extra's headquarters are located at 2795 East Cottonwood Parkway, Suite 400, Salt Lake City, UT 84121. Defendant Extra's jurisdiction lies within the state of Utah, and its Utah business corporation entity is 10679291-0151. Because Defendant Extra is headquartered and incorporated in the state of Utah. The Southern District Court of California must obtain diversified jurisdiction over said Defendant it is in the state of Utah and Plaintiff Alison Helen Fairchild resides in the state of California.

13.     **Defendant** SmartStop self-storage REIT, INC. **[hereinafter "Smart]** is a Maryland real estate investment trust focused on the ownership and acquisition of self-storage properties located within the top hundred (100) metropolitan statistical areas throughout the United States. As of January 2021. The company field ownership interests in and operated 300 self-storage properties located in several states with approximately 20.5 million rentable square feet. Smart is one of the largest owners and operators of self-storage properties among public and private companies in the United States. Defendant Smart also owns several Smart Stop self-storage

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
--Page 15 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

facilities in Ontario, CA. Defendant Smart's headquarters are located at 2405 York Road, Suite 201, Lutherville-Timonium, MD 21201. Defendant Smart's state of Maryland corporate entity number identification number is D12076865. Defendant National's jurisdiction lies within the state of Maryland, and its Maryland business corporation entity is D15015092

14.     **Defendant County of San Bernardino [hereinafter "CSB" or "Defendant "CSB"]** is a municipal entity with the capacity to sue and be sued. County of San Bernardino is a Charter Law County under the laws of the State of California. Defendant CSB was at all times relevant in this civil rights complaint the employer of all JANE DOE and JOHN DOE Defendants. The departments of the County of San Bernardino are Fire Department, Health Services, Public Health, Public Social Services, Public Works, District Attorney, Public Defender, Probation and Sheriff's department. The San Bernardino Superior Court is the county's court of general jurisdiction and it is also the employer of JANE DOE and JOHN DOE Defendants. Defendant employees of Defendant County of San Bernardino have engaged in the acts complained of herein pursuant to policies, practices, and customs of the County of San Bernardino.

15.     Defendant County of San Bernardino was at all times relevant herein a municipal entity created and authorized under the laws of the State of California. Defendant CSB is the legal entity responsible for itself and for the San Bernardino County Fontana Superior Courthouse. Defendant CSB is the employer of the individual County of San Bernardino Defendants and is a proper entity to be sued under 42 U.S.C. § 1983.

16.     **Defendant County of San Bernardino** was, at all times relevant herein, authorized by law to maintain, and did maintain a law enforcement agency known as COUNTY OF SAN BERNARDINO FONTANA SUPERIOR COURTHOUSE which acted as an agent in the area of court services, and conspired and did violate the constitutional civil rights of Alison Helen

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 16 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Fairchild.

17.   **Defendant John Strokis (hereinafter "Defendant John" or "John")** is a part owner, operator, executive, chief investment officer, and senior vice president of SmartStop Self-Storage REIT, SmartStop Asset Management, and Strategic Storage Trust IV, Inc. [recently acquired in November 2020 by Defendant Smart]. John's primarily job roles are handling acquisitions, asset management, business management, brokerage leadership. John's principal business activities include the ownership and operation of self-storage facilities, which offer storage spaces for lease, generally on a month-to-month basis, for personal and business use, ancillary activities, such as merchandise sales and tenant reinsurance to the tenants at its self-storage facilities, as well as the acquisition and development of additional self-storage space. Defendant John has violated ADA laws pursuant to 42 U.S.C. §§ 12101 and 12203. Defendant John violated Title II of the Civil Rights Act of 1964. John helps owns, manages, franchises or licenses a public accommodation known as SmartStop Upland, located at 1571 West Foothill Blvd., Upland, CA, 91010.

Smartstop Upland is wholly owned subsidiary of parent companies Smartstop Self=Storage REIT, INC WHICH WILL DO BUSINESS IN CALIFORNIA AS SMART STOP SELF STORAGE **(California Secretary of State Entity Number: C3648536**, SmartStop Self-Storage REIT, INC. **(Maryland State Entity Number Maryland business corporation entity is D15015092), and SmartStop Asset Management, LLC [California Business Entity Number 201601410381.**

Defendant John partly owns, manages, and operates approximately ten SmartStop self-storage facilities just in Southern California alone. Defendant is hereby being sued in both his personal capacity and as an executive of SmartStop Self-Storage REIT Inc., SmartStop Asset Management, and newly acquired Strategic Trust IV, Inc. Defendant John is a 50's to 60's Caucasian man that is a United States Citizen. The federal district court has jurisdiction because Defendant John lives and works in the state of California.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 17 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

18.     **Defendant Michael Crear (hereinafter "Defendant Mike" or "Mike")** is a part owner, operator, executive, chief financial officer, and senior vice president of SmartStop Self-Storage REIT, SmartStop Asset Management, and Strategic Storage Trust IV, Inc. [recently acquired in November 2020 by Defendant Smart]. John's primarily job roles are handling acquisitions, asset management, business management, brokerage leadership. Mike's principal business activities include the ownership and operation of self-storage facilities, which offer storage spaces for lease, generally on a month-to-month basis, for personal and business use, ancillary activities, such as merchandise sales and tenant reinsurance to the tenants at its self-storage facilities, as well as the acquisition and development of additional self-storage space. Defendant Mike has violated ADA laws pursuant to 42 U.S.C. §§ 12101 and 12203. Defendant Mike violated Title II of the Civil Rights Act of 1964. Mike helps owns, manages, franchises or licenses a public accommodation known as SmartStop Upland, located at 1571 West Foothill Blvd., Upland, CA, 91010.

Smartstop Upland is wholly owned subsidiary of parent companies Smartstop Self=Storage REIT, INC WHICH WILL DO BUSINESS IN CALIFORNIA AS SMART STOP SELF STORAGE **(California Secretary of State Entity Number: C3648536**, SmartStop Self-Storage REIT, INC. **(Maryland State Entity Number Maryland business corporation entity is D15015092), and SmartStop Asset Management, LLC [California Business Entity Number 201601410381.**

Defendant Mike partly owns, manages, and operates approximately ten SmartStop self-storage facilities just in Southern California alone. Defendant Mike is hereby being sued in both his personal capacity and as an executive of SmartStop Self-Storage REIT Inc., SmartStop Asset Management, and newly acquired Strategic Trust IV, Inc. Defendant John is a 50's to 60's Caucasian man that is a United States Citizen. The federal district court has jurisdiction because Defendant Mike lives and works in the state of California.

19.     **Steven Franklin** may be added as a Defendant in this lawsuit on a later time and date.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 18 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

20.    Defendant **Kimberly Stroud [hereinafter "Defendant Stroud" or "Stroud"]** is an onsite property manager that is employed by SmartStop Self-Storage REIT, Inc. and SmartStop Asset Management. Stroud's primarily job function is to manage, train and oversee approximately one employee at Defendants' 1571 West Foothill Blvd., Upland, CA self-storage facility.

Defendant Stroud is hereby being sued in her official capacity as an onsite property manager and as well as her personal capacity as a United States citizen over the age of 18 years old.

21.    Defendant JOHN DOE is a state of California San Bernardino County Fontana Superior Court clerk. JOHN DOE is being sued because he was the court clerk that erroneously and intentionally approved a falsified default judgment application, fictitious business name form, and bogus small claims complaint that led to the illegal and unconstitutional mistreatment Alison Helen Fairchild. Defendant JOHN DOE acted under the color of state law while violating the civil rights of Alison Helen Fairchild. JOHN DOE is being sued in both his official capacity as an officer of the Fontana superior court as well as in his individual capacity. The federal district court has jurisdiction over Defendant JOHN DOE because he lives and works in the state of California.

22.    Defendant JANE DOE is a state of California San Bernardino County Fontana Superior Court clerk. JANE DOE is being sued because she was the court clerk that erroneously and intentionally approved a falsified default judgment application, fictitious business name form, and bogus small claims complaint that led to the illegal and unconstitutional mistreatment Alison Helen Fairchild. Defendant JANE DOE acted under the color of state law while violating the civil rights of Alison Helen Fairchild. JANE DOE is being sued in both her official capacity as an officer of the Fontana superior court as well as in her individual capacity. The federal district court has jurisdiction over Defendant JANE DOE because she lives and works in the

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, *et seq., et seq*, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 19 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

state of California.

23.     Plaintiff in some manner for the events, happenings, and contention referred to in this civil rights complaint. All references herein to "Defendant: or "Defendants" shall be deemed to include all DOE Defendants.

24.     Plaintiff Alison Helen Fairchild is informed and believe and thereon alleges that each Defendant, including DOES 1 through 10 was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative or each other Defendant, and that all of things alleged to have been done in the course and scope of said agency, employment, service, subsidiary, partnership, membership, association, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives. Each Defendant has authorized, ratified, acknowledged, consented, acquiesced, and/or approved of all acts, conduct, and/or omissions, by each other Defendant. Plaintiffs are informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's damages as alleged in this civil rights complaint were proximately caused by those defendants.

25.     The allegations of this civil rights complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Such as the issuance of subpoenas duces tecum, the taking of oral depositions, Requests for Admission and Special Interrogatories. All which Plaintiff Fairchild intends to conduct after her Rule 26(f) conference.

26.     At all times relevant to the subject matter of this litigation, John and Jane Doe Defendants were citizens of the United States and residents of the state of California, the state of Utah, and

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 20 of 212          · ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

were acting under color of state law in their official capacities as employees of the County of San Bernardino.

27.     Each of the Defendants, their employees and agents, participated personally or indirectly in the unlawful conduct challenged herein and, to the extent that they did not personally participate, authorized, acquiesced, set in motion, or otherwise failed to take necessary steps to prevent the acts that resulted in the unlawful conduct and the harm suffered by Plaintiff Alison Helen Fairchild. Each Defendant acted in concert with each other. The challenged acts caused the violations of Plaintiff's civil rights.

## IV.    <u>CONTINUING VIOLATIONS</u>

28.     The wrongful acts and omissions giving rise to the Defendants' liability in this action commenced on or about July 2019 and has been and are "continuing" in nature as of the date of filing of this civil rights complaint. Plaintiff Alison Helen Fairchild therefore reserves the right to amend her civil rights complaint as new and additional facts and claims arise or become known to Plaintiff.

29.     Pursuant to the Government Claims Act and California Government Code §§ 945.4 and

950.6(a) Plaintiff Fairchild must file a claim with the County of San Bernardino executive office before suing under any such California state causes of action. Accordingly, Plaintiff Fairchild hereby puts all government Defendants on notice that her complaint will be amended to include state causes of action after her timely filed claim is filed and denied. See also *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730- 737-38.

## V.     <u>JURISDICTION AND VENUE</u>

---

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 21 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

30.     This action arises from a violation, inter alia, of Title III of the Americans with Disabilities Act, Title II of the American Disabilities Act of 1990, 42 U.S.C. §§ 12101, 12203, *et seq.*, discrimination in violation of the Civil Rights Act of 1964, Title II of the Civil Rights Act of 1964; Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985 and 1986.

31.     Plaintiff Fairchild seeks redress of violations of state law rights and/or federal law rights via the supplemental jurisdiction of this Court. Plaintiff alleges that Defendants acted under the color of state law, and in addition violated Plaintiff's rights to make and enforce contracts. This court has jurisdiction because Plaintiff alleges not only a violation of her constitutional civil rights, but Plaintiff makes allegations of violation of her 14th Amendment rights as well.

32.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367(a). Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202, and 1343.

33.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff Alison Helen Fairchild currently resides in the city of San Diego, California.

34.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because all the Defendants and the allegations herein complained upon occurred in the state of California and all the Defendants except for Defendant Extra, stated above are residents or business entities of the state California.

35.     Venue is proper pursuant to 28 U.S.C. § 1332(a) because Defendant Extra operates, is headquartered, and incorporated in the state of Utah, because Plaintiff Fairchild is a resident of the state of California, and because the damages requested in this civil rights complaint exceed $ 75,000.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 22 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

36.     Personal jurisdiction is proper over each of the defendants because they are either domiciled in the State of California and/or have regularly transacted business in the state.

37.     To maintain an action under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 Plaintiff Alison Helen Fairchild need not first exhaust administrative or state remedies. Neither does the availability of a state remedy preclude Ms. Fairchild from seeking relief under the Civil Rights Act when the complaint otherwise states a claim. See *Hazzard v. Weinberger*, 382 F. Supp. 225 (S.D.N.Y. 1974) at 228.

38.     Plaintiff Alison Helen Fairchild reserve her right to amend this civil rights complaint to include state cause of actions against all government Defendants for negligent intentional infliction of emotional distress, negligence, gross negligence, civil conspiracy, negligence per se, and any other claims for relief related to the allegations stated throughout this civil rights complaint.

## VI.     STATEMENT OF FACTS

## A.     FACTUAL BACKGROUND

### GENERAL ALLEGATIONS OF COMPLAINT BASED ON ALLEGATIONS OF HARM ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD

39.     Plaintiff Alison Helen Fairchild was forced to leave her Upland Smartstop **[hereinafter "Upland Smart"]** self-storage facility and was unable to make any payments from early August 2019 until November 2019. Which was at the time Defendants begin the process of kicking her out unconstitutionally.

## B.     PLAINTIFF FAIRCHILD RENTS SELF-STORAGE UNITS# C150

---

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 23 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

40.     On July 16, 2019 Plaintiff Alison Helen Fairchild signed a lease with Defendants' Smartstop corporate retail store located at 1571 West Foothill Blvd., Upland, California, 91010.

41.     On this day Fairchild paid a total of approximately $ 40.00 before insurance costs, which paid up her single self-storage unit until early August 2019. The self-storage unit rented to Fairchild was a huge ADA violation as it was located extremely far from the front office and was extremely hot!

42.     On July 16, 2019 Plaintiff Alison Helen Fairchild requested to use the restroom at the Smartstop corporate retail store located at 1571 West Foothill Blvd., Upland, California, 91010. The manager Kimberly Stroud had to unlock the bathroom for Fairchild. The delay caused Fairchild to urinate on herself.

43.     On or about July 18, 2019 Plaintiff Fairchild and her significant other Arogant Hollywood arrived at Defendants' SmartStop Upland self-storage facility which is in the city limits of Upland, California. Upon arriving at the facility Fairchild's ADA assistant and driver Cheryl Kaylor was unable to park in Upland Smart's handicap parking space because it was being occupied by a non handicapped tenant. Upon Hollywood confronting the property manager Kimberly Stroud, she immediately summons law enforcement on Hollywood. The incident upset and embarrassed Hollywood and his common law wife Alison Helen Fairchild. While at the facility Fairchild requested to use the Upland Smart's restroom. Just like before the restroom was locked and had to be opened. By the time Upland Smart's property manager Kimberly Stroud had opened the restroom for Fairchild she had already urinated on herself due to the delay.

44.     On or about July 23, 2019 Plaintiff Alison Helen Fairchild and her significant other Arogant Hollywood returned to Defendants' Upland Smart self-storage location. Fairchild was

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 24 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

being transported to the facility through her driver Cheryl Kaylor. Ms. Kaylor like before attempted to park in the facility's only handicapped parking spot. Just like before Kimberly Stroud had allowed a non handicapped Upland Smart tenant to park in the handicapped parking spot that was designated for individuals protected under the American Disabilities Act of 1990.

45.     On or about July 23, 2019 Plaintiff Alison Helen Fairchild arrived at the facility's retail office to request ADA accommodations and to use the restroom. Just like the two previous times before Fairchild urinated on herself while waiting for several minutes not only for the restroom to be unlocked but for the front office to be unlocked as well!

46.     After July 23, 2019 Hollywood advised Fairchild to not return to the property again until after she had sued Smartstop for the numerous ADA violations Fairchild had experienced throughout her short time on the property.

47.     On or about August 1, 2019 Arogant Hollywood sent a self-addressed stamped envelope letter to SmartStop Self-Storage REIT Inc. at their Orange County headquarters located at 10 Terrace Road, Ladera Ranch, CA 92694. The letter warned Defendants that Alison Fairchild's rights were being violated at their 1571 W Foothill Blvd. Upland, CA location by their property manager Kimberly Stroud allowing non handicapped people to park in ADA parking spaces, by locking its self-storage facility's public restroom and office during normal business hours, and by renting a hot self-storage unit to Alison Fairchild that was extremely far away from the front entrance of the Upland Smart self-storage facility's retail office. No response was ever received.

48.     On or about August 2, 2019 Arogant Hollywood sent a self-addressed stamped envelope letter to Defendant Smart's parent company and owners Extra Space Storage at their Salt Lake City headquarters located at 2795 E. Cottonwood Parkway, Suite 400, Salt Lake City, UT 84121. The letter warned Defendants that Alison Fairchild's rights were being violated at their

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 25 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1571 W Foothill Blvd. Upland, CA location by their property manager Kimberly Stroud

allowing non handicapped people to park in ADA parking spaces, by locking its self-storage

facility's public restroom and office during normal business hours, and by renting a hot self-

storage unit to Alison Fairchild that was extremely far away from the front entrance of the

Upland Smart self-storage facility's retail office. No response was ever received.

49.     On or about August 6, 2019 Plaintiff Alison Helen Fairchild attempted to pay for her

Upland Smart self-storage unit by visiting the website of smartstopstorage.com

However, Fairchild was unable to pay for self-storage online based on the site saying that she

could not login.

50.     On or about August 7, 2019 Plaintiff Alison Helen Fairchild called the SmartStop self-

storage facility located at 1571 W. Foothill Blvd., Upland, CA by dialing (909) 736-7554. Upon

her calling a lady answered the phone and said "Thank you for calling Upland SmartStop this is

Kim. Fairchild told Kimberly Stroud that something was wrong with the SmartStop website

because she was unable to pay for her self-storage online. Kimberly Stroud asked Fairchild if

she had contacted her headquarters complaining of ADA problems. Fairchild replied that she

had in fact sent a letter to SmartStop corporation. Kim replied to Fairchild that therefore she

could not pay online. Ms. Stroud told Fairchild that she was instructed by her district manager to

not accept any payments from Fairchild. Ms. Stroud also told Fairchild that she would be given

just thirty days to vacate her self-storage unit and failure to do so would result in her personal

property be disposed of. When Fairchild asked Ms. Stroud for the name of her district manager

Kimberly told her that she could not give out that information.

51.     After learning that Defendants were planning on selling her personal property at an

illegal auction after several months of blocking Fairchild from paying her self-storage unit rent.

With the help of her common law husband Arogant Hollywood Alison Helen Fairchild sent

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 26 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1  Defendants a declaration in opposition to lien sale to the following email addresses of

2  store6009@smartstop.com [SmartStop self-storage facility in Upland, CA],

3  tara_talbott@sstreit.com [Executive at SmartStop Corporation], jstrockis@sam.com [John

4  Strokis, Executive at SmartStop corporation, mcrear@sam.com [Michael Crear, Executive at

5  SmartStop corporation], sfatten@sam.com [Steven Fatten, Regional manager of SmartStop

6  corporation, pzaccaria@resourceamerca.com [Paul Zaccaria, Executive at SmartStop

7  corporation, tsavage@sam.com [Terri Savage, Claims Specialist], sgrace@sam.com Stephanie

8  Grace [Operations Executive at SmartStop corporation, kstiff@sam.com [Executive at

9  SmartStop corporation, dparthun@sam.com [Business Manager at SmartStop corporation,

10 rcontreras@sam.com [Executive at SmartStop corporation], Jj.bross@msn.com [Executive at

11 SmartStop corporation, sstubbs@extraspace.com [Chief Financial Officer of Extra Space

12 Storage Inc.], jmargolis@extraspace.com [Chief Executive Officer of Extra Space Storage Inc.],

13 jpverturf@extraspace.com and james,overturf@extraspace.com [Chief Marketing Officer of

14 Extra Space Storage Inc.], gmcneal@extraspace.com and gwynmcneal@gmail.com [Executive

15

16 Vice President and Chief Legal Officer of Extra Space Storage Inc.], ssondhi@extraspace.com

17

18 and samratsondhi@extraspace.com [Chief Marketing Officer of Extra Space Storage Inc.],

19 dhathaway@extraspace.com and ddehathaway@comcast.net [Dayna Hathaway, Senior Vice

20 President of Extra Space Storage Inc.] and mherrington@extraspace.com [Executive Vice

21 President of Operations and Chief Operations Officer of Extra Space Storage Inc.]

22

23 52.    With the help of her common law husband Arogant Hollywood Alison Helen Fairchild

24 sent Defendants' executives an email on or about October 23, 2019. This important email was

25 sent to the following email addresses of store6009@smartstop.com [SmartStop self-storage

26 facility in Upland, CA], tara_talbott@sstreit.com [Executive at SmartStop Corporation],

27 jstrockis@sam.com [John Strokis, Executive at SmartStop corporation, mcrear@sam.com

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 27 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   [Michael Crear, Executive at SmartStop corporation], sfatten@sam.com [Steven Fatten,

2   Regional manager of SmartStop corporation, pzaccaria@resourceamerca.com [Paul Zaccaria,

3   Executive at SmartStop corporation, tsavage@sam.com [Terri Savage, Claims Specialist],

4   sgrace@sam.com Stephanie Grace [Operations Executive at SmartStop corporation,

5   kstiff@sam.com [Executive at SmartStop corporation, dparthun@sam.com [Business Manager

6   at SmartStop corporation, rcontreras@sam.com [Executive at SmartStop corporation],

7   Jj.bross@msn.com [Executive at SmartStop corporation, sstubbs@extraspace.com [Chief

8   Financial Officer of Extra Space Storage Inc.], jmargolis@extraspace.com [Chief Executive

9   Officer of Extra Space Storage Inc.], jpverturf@extraspace.com and

10  james,overturf@extraspace.com [Chief Marketing Officer of Extra Space Storage Inc.],

11  gmcneal@extraspace.com and gwynmcneal@gmail.com [Executive Vice President and Chief

12  Legal Officer of Extra Space Storage Inc.], ssondhi@extraspace.com

13  and samratsondhi@extraspace.com [Chief Marketing Officer of Extra Space Storage Inc.],

14  dhathaway@extraspace.com and ddehathaway@comcast.net [Dayna Hathaway, Senior Vice

15  President of Extra Space Storage Inc.] and mherrington@extraspace.com [Executive Vice

16

17  President of Operations and Chief Operations Officer of Extra Space Storage Inc.]

18

19         In this email Plaintiff Fairchild told all the above executives that their SmartStop in

20  Upland, CA was violating her rights under the American Disabilities Act of 1990 by locking the

21  restrooms, locking the front office, and allowing non handicapped tenants to park in the only

22  handicap parking space in the facility. Fairchild stated that Smartstop corporation was blocking

23  her access from paying her rent and conspiring to sell her personal property without due process

24  of law. Fairchild also warned all emailed executives that they could be held liable for damages

25  under U.S.C. § 1986. None of the emailed executives ever responded to Fairchild's email as of

26  February 17, 2021.

27

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 28 of 212       *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

53.     Rather than correct the ADA violations and stop violating the civil rights of Alison Helen Fairchild. Defendants chose to minimize their damages and liabilities by attempting to get rid of Fairchild by having their Smartstop Asset Management LLC general manager Seven Piazza coerce Fairchild to move out her self-storage unit before legal action commenced. In Steven Piazza's email dated on November 8, 2019 he stated the following:

***Alison Fairchild***

***We are attempting to reach you today regarding the court paperwork you sent to us opposing the Lien Sale of your items in storage. We would like to attempt to resolve this matter by allowing you to remove all your items within your storage unit for no charge on the condition that drop any current and pending lawsuits against SmartStop Self Storage.***

***We are willing to offer this settlement agreement as long as you contract us by no later than Wednesday 11/13/2019 at 5:00pm to make arrangements to empty out the unit. If you fail to contact us by 11/13/2019 at 5:00pm we will proceed with filing the pending lawsuit in Small Claims Court.***

***Please call use at 909-204-9198***

This email added further insult to the injuries Fairchild has suffered at the hands of Defendants. It also shows clear and convincing evidence that all above stated executives knew everything that was going on between Alison Helen Fairchild at their StmarStop Upland self-storage facility, and yet did nothing to stop Fairchild's civil rights to be violated on a regular basis. Further nowhere in the email did Mr. Piazza mention or even give Fairchild an opportunity to pay for self-storage unit and stay at their facility. Piazza's email clearly shows evidence of the liability of all Defendants, and that they all conspired with many other unnamed Defendants to get rid of Fairchild.

54.     In late November 2019 Defendants filed a frivolous and perjurious small claims action

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 29 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

against Fairchild. The small claims action was fraudulent and unlawful because it stated that SST II 1571 W FOOTHILL BLVD, LLC owned the SmartStop Upland location. This was false. As a corporation as corporation cannot owned another corporation. The true owners of Smartstop Upland are Extra Space Storage Inc., SmartStop Storage REIT Inc., and Strategic Storage Trust IV, Inc. Under SEC REIT regulations SST II 1571 W FOOTHILL BLVD, LLC has never obtained any ownership rights of the SmartStop self-storage located at 1571 W. Foothill Blvd., Upland, CA 91786.

55.     Due to the COVID-19 pandemic Fairchild's first court date was finally set for a trial date on or around August 5, 2020. At that hearing Fairchild had not been personally served a copy of SmartStop's smalls claims complaint. Nevertheless, a judgment was granted, and Fairchild's personal belongings were allowed to proceed with auction.

56.     In late August 2020 SmartStop Upland site manager told Alison Helen Fairchild by telephone that her self-storage unit was sold at an auction.

57.     On or about September 6, 2020 Fairchild with the help of her common law husband sent a self-addressed stamp enveloped letter to SmartStop Self-Storage REIT Inc. at their Orange County headquarters located at 10 Terrace Road, Ladera Ranch, CA 92694. The letter warned Defendants that Alison Fairchild's rights were being violated at their 1571 W Foothill Blvd. Upland, CA location by their property manager Kimberly Stroud allowing non handicapped people to park in ADA parking spaces, by locking its self-storage facility's public restroom and office during normal business hours, and by renting a hot self-storage unit to Alison Fairchild that was extremely far away from the front entrance of the Upland Smart self-storage facility's retail office. No response was ever received. The email also told Defendants that Fairchild had

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
--Page 30 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

not been personally served any lawsuit, and that therefore the judgment against her was invalid.

58.     On or about September 7, 2020 Fairchild with the help of her common law husband sent a self-addressed stamp enveloped letter to Defendant Smart's parent company and owners Extra Space Storage at their Sal Lake City headquarters located at 2795 E. Cottonwood Parkway, Suite 400, Salt Lake City, UT 84121. The letter warned Defendants that Alison Fairchild's rights were being violated at their 1571 W Foothill Blvd. Upland, CA location by their property manager Kimberly Stroud allowing non handicapped people to park in ADA parking spaces, by locking its self-storage facility's public restroom and office during normal business hours, and by renting a hot self-storage unit to Alison Fairchild that was extremely far away from the front entrance of the Upland Smart self-storage facility's retail office. No response was ever received The email also told Defendants that Fairchild had not been personally served any lawsuit, and that therefore the judgment against her was invalid.

59.     In response to this second to last legal warning to all the above stated Defendants. Defendants' attorney Nichola Manfred Look [Cal State Bar # 268356] sent Arogant Hollywood an email telling him that if he sent any more emails to Smartstop employees, executives and or Extra Space executives that he would be filing a workplace violence restraining order against

Arogant Hollywood for harassment.

60.     In late September 2020 Fairchild filed a motion to set aside her default judgment.

61.     In November 2020 Fairchild's motion to set aside default judgment was granted by the San Bernardino County Fontana Superior court and set for trial in late January 26, 2021.

62.     On or about January 7, 2021 with the assistance of her common law husband Arogant

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 31 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Hollywood Plaintiff Fairchild sent a final email to the following email addresses of store6009@smartstop.com [SmartStop self-storage facility in Upland, CA], tara_talbott@sstreit.com [Executive at SmartStop Corporation], jstrockis@sam.com [John Strokis, Executive at SmartStop corporation, mcrear@sam.com [Michael Crear, Executive at SmartStop corporation], sfatten@sam.com [Steven Fatten, Regional manager of SmartStop corporation, pzaccaria@resourceamerca.com [Paul Zaccaria, Executive at SmartStop corporation, tsavage@sam.com [Terri Savage, Claims Specialist], sgrace@sam.com Stephanie Grace [Operations Executive at SmartStop corporation, kstiff@sam.com [Executive at SmartStop corporation, dparthun@sam.com [Business Manager at SmartStop corporation, rcontreras@sam.com [Executive at SmartStop corporation], Jj.bross@msn.com [Executive at SmartStop corporation, sstubbs@extraspace.com [Chief Financial Officer of Extra Space Storage Inc.], jmargolis@extraspace.com [Chief Executive Officer of Extra Space Storage Inc.], jpverturf@extraspace.com and james,overturf@extraspace.com [Chief Marketing Officer of Extra Space Storage Inc.], gmcneal@extraspace.com and gwynmcneal@gmail.com [Executive Vice President and Chief Legal Officer of Extra Space Storage Inc.], ssondhi@extraspace.com and samratsondhi@extraspace.com [Chief Marketing Officer of Extra Space Storage Inc.], dhathaway@extraspace.com and ddehathaway@comcast.net [Dayna Hathaway, Senior Vice President of Extra Space Storage Inc.] and mherrington@extraspace.com [Executive Vice President of Operations and Chief Operations Officer of Extra Space Storage Inc.]

In this email Fairchild told all the above listed Defendants that the small claims action filed against her was meritless, improper, and unlawful as SST 1571 W. Foothill Blvd. LLC was not the actual owner of SmartStop Upland. The email warned all stated above that if they did not dismiss the frivolous lawsuit that they would all face severe legal consequences. As of February 17, 2021, this email has never been responded to.

## VII.   PRELIMINARY FACTUAL ALLEGATIONS REGARDING ADA VIOLATIONS

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 32 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

63.     Plaintiff Alison Helen Fairchild was a paying commercial tenant of subject property

SmartStop 1571 W. Foothill Blvd., Upland, California, retail location, and that the interests of

Plaintiff Alison Helen Fairchild in removing architectural barriers at the subject real estate property

advance the purposes of all other disabled persons to assure that all public accommodations,

including the subject 1571 W. Foothill Blvd., Upland, California, retail location, are accessible to

the independent use by mobility-impaired persons.


64.     The SmartStop Upland location **[hereinafter "Upland"]** is a commercial real estate

property, located at 1571 W. Foothill Blvd., Upland, California. The SmartStop 1571 W. Foothill

Blvd. retail location, its back and front entrance, all interiors and exteriors of its commercial real

estate property and its other facilities are each a "place of public accommodation or facility" subject

to the barrier removal requirements of the Americans with Disabilities Act. On information and

belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and

additions", each of which has subjected the SmartStop 1571 W. Foothill Blvd., and each of its

facilities, its front and back entrances and all interiors and exteriors of its commercial real estate

self-storage premises, to disability access requirements per the Americans with Disabilities Act

Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).


65.     At all times stated herein, Plaintiff Alison Helen Fairchild was a disabled ambulatory woman

that could not walk whatsoever without the assistance of manual wheelchair.


66.     At all times referred to herein and continuing to the present time, defendants, and each of

them, advertised, publicized and held out that the Upland 1571 W. Foothill Blvd., self-storage

facility location as being handicap accessible and handicapped usable.


67.     On or about July 10, 2019 until the present day, Plaintiff Alison Helen Fairchild has been

unable to push and maneuver her manual wheelchair inside of Defendant's retail front office's front

---

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of
1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh
Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross
Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 33 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

door located at subject real estate property the Upland self-storage facility. Defendants' retail office front door is not accessible because the door is not ADA accessible due to it being far too narrow and lacking an automatic handicap door opening device. An automated handicap door, and/or automatic door opener is readily achievable for Defendants.

68.     At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to get inside of Defendants' office front door without extreme difficulty, challenge and frustration.

69.     On or about July 10, 2019 until the present day, Plaintiff Alison Helen Fairchild while attempting to maneuver her wheelchair inside of Defendants' retail office front door subjected her frail body to physical injury.

70.     At said times and place, plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to move forward without difficulty because Defendants' retail front office was not accessible. Ms. Fairchild was unable to access Defendants' front office front door without difficulty while being seated in her manual wheelchair.

71.     On July 10, 2019 until the present day, Plaintiff Alison Helen Fairchild was unable to maneuver her wheelchair and open the door to enter area in which Defendants' restroom was located. This door was inaccessible because it was too heavy for Fairchild to open and because it was locked when Plaintiff Fairchild attempted to enter the restroom, resulting in Plaintiff urinating on herself. Defendant's metal door that led to the restroom was inaccessible because it was extremely heavy and difficulty to open.

72.     At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to maneuver and enter through Defendants' self-storage

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 34 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1  facility's restroom metal door because the metal door was not accessible and because it was also

2  locked. Plaintiff Fairchild was unable to access the restroom through to Defendants' physical

3  barriers while being seated in her manual wheelchair.

4

5  73.     On or about July 10, 2019 until the present day, Plaintiff Alison Helen Fairchild was unable

6  to maneuver her wheelchair through Defendants' pedestrian entrance and exit. First off, the door

7  locked on one side, so Plaintiff Fairchild could not enter and exit Defendants' self-storage facility if

8  she needed to go to the office and then come back to her unit. Next, Defendants' door is not

9  wheelchair accessible the door is exceedingly difficult to open and quickly shuts. This causes

10  Plaintiff Fairchild to not to be able to enter and exit Defendants' pedestrian entrance and exit door

11  without the assistance of a second person.

12

13  74.     At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her

14  manual wheelchair, but she was unable to maneuver wheelchair to enter Defendants' self-storage

15  facility because Defendants' pedestrian door was not accessible. Ms. Fairchild was unable to access

16  Defendants' Upland self-storage facility while being seated in her manual wheelchair.

17

18  75.     At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her

19  manual wheelchair, but she was unable to maneuver wheelchair to exit Defendants' self-storage

20  facility because Defendants' pedestrian door was not accessible. Ms. Fairchild was unable to access

21  Defendants' self-storage facility while being seated in her manual wheelchair.

22

23  76.     On or about July 10, 2019 until the present day, Plaintiff Alison Helen Fairchild was

24  discriminated against by Defendants. Defendants deliberately failed to install adequate ADA

25  parking signs required under California state as well as federal law.

26

27

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 35 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

77.     Plaintiff Fairchild's was unable to secure a parking space reserved for her as a disabled person because Defendants' Upland failed to install adequate handicap parking signs and designations.

78.     On or about July 10, 2019 until the present day, Plaintiff Alison Helen Fairchild was unable to open her self-storage unit because her self-storage units' front door was broken, damaged and difficulty to open.

79.     At said times and place, Plaintiff Alison Helen Fairchild needed to open her self-storage unit while being seated in her manual wheelchair, but she was unable to open her self-storage unit because it was not accessible. Plaintiff Fairchild was unable to access her self-storage unit while being seated in her manual wheelchair.

80.     On December 18, 2019 until the present day, Plaintiff Alison Helen Fairchild was unable retrieve and place items inside of her self-storage unit because there was not enough light. Both Plaintiff Fairchild and her common law husband Hollywood made several complaints to SmartStop and Extra Space executives at the time, but additional light was never added to the inside of Plaintiff Fairchild's self-storage unit. Upland never accommodated Fairchild by adding additional light to her self-storage unit.

81.     At said times and place, Plaintiff Alison Helen Fairchild was unable to safely access her self-storage unit while being seated in her manual wheelchair, and she was unable to retrieve and place items in her self-storage unit because there was not enough light for her to see inside of her self-storage unit Plaintiff was unable to access her self-storage unit while being seated in her manual wheelchair.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 36 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

82.     On July 10, 2019 until this present day, nearly on a weekly basis Plaintiff Fairchild suffered from physical injuries to her chest, arms, shoulders and legs as a result of physical barriers at Defendants' self-storage facility.

83.     Therefore, at said times and place, Plaintiff Alison Helen Fairchild, a person with a disability, encountered the following inaccessible elements of the subject SMARTSTOP UPLAND [which is wholly owned by Defendant Extra Space Storage Inc. and minority owned SmartStop Self Storage REIT Inc. and SST IV, Inc. ] retail location 1571 W. Foothill Blvd., Upland, CA, which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities, in addition to deliberate ADA violations for building and renovating several new self-storage facilities after 1990 installing ADA accessible standards in place, including, but not limited to:

     a. lack of a handicapped-accessible parking signs.

     b. deliberately and intentionally failing to install new light bulbs inside of Plaintiff Fairchild's self-storage unit.

     c. Inaccessible retail office front doors.

     d. Inaccessible doors and access to SmartStop Upland tenant restrooms

     e. Inaccessible pedestrian entrance and exit doors.

     f. Inaccessible self-storage unit doors.

     g. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

84.     At all times stated herein, the existence of architectural barriers at Defendants' place of public accommodation evidenced "actual notice" of Defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now, or in the future.

85.     At all times stated herein, Defendants, and each of them, were "negligent per se" in not

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 37 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore, as a legal result of Defendants' breach of duty to remove those barriers encountered by Plaintiff Alison Helen Fairchild. Plaintiff suffered mental anguish, frustration, and severe emotional distress.

86.     As a legal result of Defendants, California corporations and entities (doing business as SmartStop Upland) failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to Plaintiff Alison Helen Fairchild using many walkways and doors throughout Defendants' self-storage facility. Plaintiff Fairchild currently is a tenant of SmartStop Upland's self-storage unit, # C150, and therefore had a legal right to be on Defendants' property and not encounter the many inaccessible features of Defendants' commercial real estate property, and other persons with disabilities, along with Plaintiff Alison Helen Fairchild have suffered the damages as alleged herein.

87.     As a further legal result of the actions and failure to act of Defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Plaintiff Alison Helen Fairchild was denied her civil rights to full and equal access to public accommodations that were supposed to be provided by law as a matter of right at subject real estate property UPLAND SMARTSTOP

88.     As a result of the negligent actions of Defendants. Plaintiff **ALISON HELEN FAIRCHILD** suffered a loss of her civil rights and her rights as a person with physical disabilities to full and equal access to public accommodations, and further suffered bodily injury between July 10, 2019 until the present day, (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 38 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

barriers)., physical discomfort, emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to Alison Fairchild's damages as prayed hereinafter in an amount within the jurisdiction of this court. No claim is being made for mental and emotional distress above what Fairchild should receive for her suffering that which is associated with the discrimination and physical injuries claimed, and a legal expert testimony may be completed regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

89.     Defendants and each of their failure to remove the architectural barriers complained of herein created and its continuance unlawful tactics to rent inaccessible commercial self-storage units to disabled persons, at the time of Plaintiff Alison Helen Fairchild's first visit to said public accommodation/location, and Defendant continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused Plaintiff Alison Helen Fairchild harm as stated herein.  Since Plaintiff emailed Extra Space Storage Inc. and SmartStop. Absolutely no changes or renovations have been made to correct the architectural barriers still stubbornly in place at the subject property 1572 W. FOOTHILL BLVD., UPLAND, CA UPLAND SMARTSTOP retail location.

90.     Plaintiff **ALISON HELEN FAIRCHILD** was denied her rights to equal access to a public facility owned and operated by Defendants because Defendants maintained SMARTSTOP subject commercial real property location at 1571 W. Foothill Blvd., Upland, CA without equal access for persons with physical disabilities to its back and front entrance/exit and other public areas, renting inaccessible self-storage units and facilities to disabled persons to the date of filing this civil rights complaint to deny equal access to Plaintiff Fairchild.
Alison Helen Fairchild and other persons with physical disabilities in these and many other ways.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
--Page 39 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

91.     On information and belief, construction alterations carried out by Defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

92.     Plaintiff Alison Helen Fairchild, as described herein below, seek injunctive relief to require the SMARTSTOP UPLAND to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as Defendants operate its SMARTSTOP UPLAND as a commercial real estate self-storage facility, and make appropriate alterations to avoid blocking disabled persons from accessing the entire commercial self-storage facility, and creating numerous ADA violations throughout their 1571 W. Foothill Blvd., Upland, CA location.

93.     Plaintiff Alison Helen Fairchild seek damages for violation of her civil rights beginning on July 10, 2019 and continuing until the present day, and Plaintiff Alison Helen Fairchild seek statutory damages of not less than $ 4,000, pursuant to Civil Code § 52(a) or alternatively $ 1000 pursuant to Civil Code § 54.3, for each day she since July 10, 2019 she visited and used the facility at the subject SMARTSTOP UPLAND that Plaintiff Alison Helen Fairchild was unable to safely access her self-storage unit. Defendants retail office front door, restrooms, pedestrian entrance and exit, and entrance/ exit of all SmartStop buildings, and suffered physical pain and emotional distress because of her encounters, experiences, knowledge and belief that the premises was and remains inaccessible to persons with disabilities.

94.     On information and belief, Defendants have been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all said barriers.

95.     On information and belief, Defendants have been negligent in its affirmative duty to identify

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 40 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

the physical barriers complained of herein and negligent in the context of Defendants intentionally failing to repair building defects and renting out inaccessible self-storage units for several years prior to the Plaintiff Alison Helen Fairchild suing the unlawful acting Defendants.

96.     Because of Defendant's violations, Plaintiff Alison Helen Fairchild and other persons with physical disabilities are unable to use public facilities and public accommodations such as those owned and operated by Defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code § 54.1 and Health & Safety Code § 19955, et seq. and other accessibility law as plead herein. Plaintiff Alison Helen Fairchild seek an order from this court compelling Defendant to make all parts of SMARTSTOP UPLAND, location 1571 W. FOOTHILL BLVD., Upland, CA accessible to persons with disabilities.

97.     Because of Defendants' violations, Plaintiff Alison Helen Fairchild and other persons with physical disabilities are unable to use front doors, self-storage units, parking spots designated for disabled individuals, restrooms, and entrances/exits of subject SMARTSTOP UPLAND, 1571 W. Foothill Blvd., buildings on a "full and equal" basis unless such unlawful business operations and activities cease, and compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code § 54.1 and Health & Safety Code § 19955, et seq. and other accessibility law as plead herein, and ENFORCED, Defendants will continue their illegal activities.

98.     Plaintiff Alison Helen Fairchild seeks an order from this Court compelling Defendants' owned SMARTSTOP UPLAND commercial real estate location 1571 W. Foothill Blvd., Upland, CA, to make many of their self-storage units accessible for all disabled persons, and to make the entrances and exits to all its buildings accessible to all disabled persons.

99.     On information and belief, Defendants have intentionally undertaken to modify and alter

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 41 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

existing building(s) and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of Defendants, and each of them, in failing to provide the required accessible public facilities and public accommodations, willfully and deliberately failing to install and maintain handicap parking spaces that comply with state and federal law, deliberately failing to install lights, negligently locking restrooms, and allowing customers to block Fairchild's physical access to her self-storage units and hallways of facility.

100.    Plaintiff Fairchild has suffered numerous physical injuries, indicate Defendants' actual and implied malice toward Plaintiff Alison Helen Fairchild, and despicable conduct carried out by Defendants, and each of them, with a willful and conscious disregard for the rights and safety of Plaintiff Alison Helen Fairchild and other similarly situated persons, and justify a trembling of damages as provided by Civil Code §§ 52(a) and 54.3, in order to profound example of Defendants, and each of them, to other operators of other commercial self-storage units and other public facilities, and to punish Defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54., and to punish said Defendants by way of substantial punitive damages.

101.    Plaintiff Alison Helen Fairchild is informed and believe and therefore allege that Defendants, and each of them, caused the subject building(s) which constitute the subject real estate property SMARTSTOP UPLAND location to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the SMARTSTOP UPLAND and were denied full and equal use of said public facilities. Furthermore, on information and belief, Defendants have continued to maintain and operate said SMARTSTOP UPLAND location and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to Defendant that the configuration of the SMARTSTOP UPLAND and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as Plaintiff Alison Helen Fairchild, and the disability community which she represents. Such construction, modification, ownership, operation, maintenance and practices of

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
--Page 42 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

such public facilities are in violation of Civil Code §§ 51, 51.5 and 54, Health and Safety Code § 19955, and the ADA, 42 U.S.C. § 12101,et seq.

102.    On personal knowledge, information and belief, the basis of Defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the SMARTSTOP UPLAND location at 1571 W. Foothill Blvd. and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as Plaintiff Alison Helen Fairchild, includes, but is not limited to, communications with SMARTSTOP UPLAND employees, pass byers, guests, and tenants. Plaintiff Alison Helen Fairchild, a paying commercial real estate tenant of SMARTSTOP UPLAND, #C155, between July 10, 2019 and the present day. [February 20, 2021]

103.    Defendants have not yet obtained and received notices from governmental agencies regarding modification, improvement, or substantial repair of the subject premises and other properties owned by Defendants. However, Defendants, and their attorneys of record) has for many years read newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.

104.    Defendants' failure, under state and federal law, to make the SMARTSTOP UPLAND retail location of 1571 W. Foothill Blvd., Upland, CA accessible, and cease building and renovating new commercial self-storage units and facilities without installing ADA accessibility. By renting inaccessible self-storage units to persons with physical disabilities, is further evidence of Defendants' conscious disregard for the rights of Plaintiff Alison Helen Fairchild and other similarly situated persons with disabilities. Despite being informed of such effect on Plaintiff Ms. Fairchild and other persons with physical disabilities due to the lack of accessible facilities.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 43 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

105.   Defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to their commercial real estate self-storage location. Said Defendants, and each of them, have continued such practices, in conscious disregard to the rights of plaintiff Alison Helen Fairchild and other persons with physical disabilities, up to the date of filing of this civil rights complaint, and continuing thereon.

106.   Defendants and their attorneys of record had further actual knowledge of the architectural barriers referred to herein by virtue of the important advisory information for building owners and tenants. Said conduct, with knowledge of the effect it was and is having on Plaintiff Alison Helen Fairchild and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of Plaintiff Alison Helen Fairchild and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§ 52 and 54.3, and punitive damages.

107.   Plaintiff Alison Helen Fairchild, on behalf of herself and the disability community which she wholeheartedly represents, consisting of persons with disabilities, would and could use Defendants' commercial real estate self-storage facility at the subject public accommodation when it is made accessible to persons with disabilities.

108.   Plaintiff Alison Helen Fairchild, on behalf of herself and the disability community which she wholeheartedly represents, consisting of persons with disabilities, would and could rent an accessible self-storage unit at SMARTSTOP UPLAND once all physical barriers are removed that are currently preventing Fairchild from freely traveling and maneuvering in her wheelchair, or any other persons with disabilities.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 44 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

**FIRST CLAIM FOR RELIEF---RETALIATION, INTIMIDATION, THREATS, AND INTERFERENCE IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT, 42 U.S.C. § 12203 ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS SMARTSTOP SELF STORAGE REIT, INC, JOHN STROKIS, MICHAEL CREAR, STEVEN FRANKLIN, KIMBERLY STROUD, EXTRA SPACE STORAGE INC., & DOES 1-10.**

109.   Plaintiff Alison Helen Fairchild reincorporates by reference each and every allegation stated in paragraphs 1-108 above.

110.   Plaintiff Alison Helen Fairchild is disabled within the means of ADA, ambulatory and unable to walk whatsoever.

111.   Plaintiff Alison Helen Fairchild engaged in conduct protected by the ADA, including but not necessarily limited to requesting reasonable accommodations from Defendants.

112.   42 U.S.C. § 12203(a) prohibits retaliation against any individual because the person opposed any act or practice made unlawful by the ADA. 42 U.S.C. § 12203(b) further provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercise or enjoyed... any right granted or protected by this Chapter."

113.   Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of an ambulatory Alison Helen Fairchild by conspiring to forcefully remove Plaintiff Fairchild from her self-storage premises located 1571 W. Foothill Blvd., Unit # C150, Upland, CA, 91786, and which would have caused Plaintiff

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 45 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1 Fairchild to not have access to her personal property.

2

3 114.   Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. §

4 12203 by their interference with the ADA rights of an ambulatory Alison Helen Fairchild by

5 forcefully removing Plaintiff Fairchild from her self-storage premises located at 1571 W.

6 Foothill Blvd., # C150, Upland, CA, 91786. Which caused Plaintiff Fairchild to be forced to

7 remove her personal property from SmartStop Upland facility without due process of law.

8

9 115.   Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. §

10 12203 by their conduct, including but not necessarily limited to, having Plaintiff Alison Helen

11 Fairchild removed from her 1571 W. Foothill Blvd., self-storage premises and self-storage units,

12 # C150 by instructing Upland police department peace officers to physically remove Fairchild.

13

14 116.   Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. §

15 12203 by their conduct, including but not necessarily limited to, having Plaintiff Alison Helen

16 Fairchild removed from her 1571 W. Foothill Blvd., self-storage premises and her self-storage

17 unit, # C150, by conspiring to enter her self-storage unit and allow auction buyers to take all

18 Plaintiff Fairchild's personal belongings and empty out her self-storage unit, # C150.

19

20 117.   Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. §

21 12203 by their conduct, including but not necessarily limited to, having Plaintiff Alison Helen

22 Fairchild removed from her 1571 W. Foothill Blvd., self-storage premises and self-storage unit,

23 # C150, by blocking Plaintiff Fairchild from making rental payments for either of her two self-

24 storage units.

25

26 118.   Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. §

27 12203 by their conduct, including but not necessarily limited to, having Plaintiff Alison Helen

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 46 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Fairchild removed from her 1571 W. Foothill Blvd., Upland, CA self-storage premises and self-storage units, # C150, by refusing to accept rental payments for Plaintiff's self-storage units, #C155

119.    Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. § 12203 by authorizing their Smartstop Upland employees to lock their public restrooms during normal business hours.

120.    Defendant Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. § 12203 by instructing the city of Upland police department to physically remove Plaintiff Fairchild from the premises of her self-storage unit.

121.    Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. § 12203 by filing a frivolous and groundless state superior court small claims action in a name that does not own SmartStop Upland.

122.    Defendants Smart, John, Mike, Steve, Extra and DOES 1-10 violated U.S.C. § 12203 by authorizing their SmartStop Upland employee Kimberly Stroud to conspire to falsely arrest Fairchild's legal caretaker and companion Arogant Hollywood in July 2019.

123.    Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. § 12203 by intentionally failing to instruct their employees to not lock the restrooms, which resulted in Fairchild urinating on herself on at least three separate occasions.

124.    Defendants Smart, John, Mike, Steve, Extra and DOES 1-10 and DOES 1-10 violated U.S.C. § 12203 by intentionally failing to instruct their SmartStop Upland employees to install light bulbs inside of Fairchild's self-storage unit.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 47 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

125.   Defendants Smart, John, Mike, Steve, Extra violated U.S.C. § 12203 by intentionally failing to instruct their employees repair the broken self-storage unit door that Fairchild had complained about.

126.   Defendants Smart, John, Mike, Steve, Stroud, Extra DOES 1-10 violated U.S.C. § 12203 by initiating a bogus and frivolous small claims action.

127.   Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. § 12203 by hiring dishonest, corrupt and shady legal process service company that attempted to serve small claims complaint at a P.O. BOX in direct violation of Cal Code Civ Proc § 415.20.

128.   Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. § 12203 by requesting that the San Bernardino County Superior Court clerk's office process and execute a bogus, falsified, and frivolous default judgment, which was later set aside by the superior court.

129.   Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. § 12203 by filing frivolous and perjurious fictitious business name statements in a San Bernardino Court that stated false information that SmartStop Upland was owned by SST 1571, LLC.

130.   Defendants Smart, John, Mike, Extra and DOES 1-10 violated U.S.C. § 12203 when they instructed their general manager Steve Piazza to coerce Fairchild into moving out of their self-storage facility with the discriminatory agreement that she would give up her rights to sue

for Defendants' numerous violations of Title III of the American Disabilities Act of 1990.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 48 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

130 1/2.    Defendant JANE DOE violated U.S.C. § 12203 by intentionally processing a bogus and frivolous small claims action that listed the incorrect owner of the premises located at 1571 W. Foothill Blvd., Upland, CA 91786

131.    Defendant JOHN DOE violated U.S.C. § 12203 by intentionally processing a bogus and frivolous small claims action that listed the incorrect owner of the premises located at 1571 W. Foothill Blvd., Upland, CA 91786

132.    Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES -10 violated U.S.C. § 12203 by falsifying a proof of service that stated that Fairchild was properly served in the small claims court action that was prosecuted by Defendants.

133.    Defendants JOHN DOE, and JANE DOE violated U.S.C. § 12203 by intentionally processing a bogus and frivolous default judgment.

134.    Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. § 12203 by conspiring and threatening to use unlawful self-help tactics that included law enforcement assisting them with Defendants' planned and conspired forced removal, criminal trespass, expulsion, and blocked access to her self-storage units beginning on or about July 10, 2019.

135.    Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 violated U.S.C. § 12203 by conspiring to use unlawful self-help tactics that included law enforcement using deadly force to trespass Plaintiff Fairchild from her 1571 W. Foothill Blvd., Irwindale, CA self-storage premises.

136.    Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 retaliated against

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
-Page 49 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Alison Helen Fairchild because she and her fiancé Arogant Hollywood complained about the many ADA violations that Plaintiff Fairchild encountered and discovered throughout Defendants' SmartStop Upland self-storage facility.

137.   Defendants Smart, John, Mike, Steve, Stroud, Extra and DOES 1-10 sought to physically remove Plaintiff Fairchild only after she had made complaints about ADA violations. For example, just prior to Fairchild's expulsion. Fairchild with the help of Arogant Hollywood sent an email to SmartStop Self Storage REIT, Inc. and Extra Space Storage Inc. executives, telling them that they were violating Fairchild's ADA rights.

138.   As a direct and proximate result of all Defendants' violation of 42 U.S.C. § 12203, Plaintiff Alison Helen Fairchild has suffered and continues to suffer emotional distress, multiple sclerosis relapses, depression, panic attacks, anxiety, insomnia, a complete disruption of her life and other damages in an amount to be determined according to proof at the time of trial.

139.   As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff Alison Helen Fairchild has suffered and continues to suffer tightness in her chest, and heart palpitations.

140.   As a direct and proximate result of all Defendants' violation of 42 U.S.C. § 12203, Plaintiff Alison Helen Fairchild has suffered and continues to suffer emotional distress, and other damages in an amount to be determined according to proof at the time of trial.

141.   As a direct and proximate result of all Defendants' violation of 42 U.S.C. § 12203, Plaintiff Alison Helen Fairchild has suffered and continues to suffer emotional distress, multiple sclerosis relapses, depression, panic attacks, anxiety, insomnia, a complete disruption of her life and other damages in an amount to be determined according to proof at the time of trial.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 50 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

142.   As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff Alison Helen Fairchild has suffered and continues to suffer emotional distress, and other damages in an amount to be determined according to proof at the time of trial.

143.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc, John Strokis, Michael, Crear, Steven Franklin, Kimberly Stroud, John Meehan, and DOES 1-10 on the first claim for relief of Plaintiff Alison Helen Fairchild's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**<u>SECOND CLAIM FOR RELIEF---FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE § 51, ET SEQ (THE UNRUH CIVIL RIGHTS ACT) ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF STORAGE REIT, INC, JOHN STROKIS, MICHAEL CREAR, KIMBERLY STROUD & DOES 1-10</u>**

144.   Plaintiff Alison Helen Fairchild re-allege and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1-143 of this federal civil rights complaint.

145.   Defendants' actions, omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating, policies, practices and/or procedures violates § 51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

This section shall be known, and may be cited, as the Unruh Civil Rights Act.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 51 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or disability.

146.    Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation by creating unlawful and illegal policies, practices and/or procedures that resulted in emotional, mental and physical injuries to Plaintiff Fairchild.

147.    Defendants failed to accommodate Plaintiff Fairchild for her reasonable accommodations, that included but were not limited to failing to install lights inside of self-storage unit, deliberately failing to maintain ADA parking spots, intentionally locking and/or closing SmartStop Upland's public restroom during normal business hours and maintaining inaccessible doors and entrance and exits of their buildings all throughout SMARTSTOP UPLAND's self-storage facility.

148.    In doing said unlawful and unconstitutional acts Defendants violated § 51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

This section shall be known, and may be cited, as the Unruh Civil Rights Act.

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 52 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

149.   The acts and omissions of Defendants stated herein are discriminatory in nature and in violation of Civil Code § 51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in the state because of the race, creed, religion, color, national origin, sex, or disability of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

150.   Civil Code Section 51, et seq., also known as the Unruh Act, provides that all persons in the state are entitled to the "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever," regardless of disability.

151.   Plaintiff Alison Fairchild is informed and believed and thereon alleges that the aforementioned conduct of Defendants, and each of them, denied, aided, or incited in a denial of, discriminated or made a distinction that denied Plaintiff Fairchild full and equal advantages, privileges, and services to Plaintiff, solely upon Plaintiff's disability, and therefore constituted a violation of the Unruh Act.

152.   Defendants' actions and omissions as specified had denied to Plaintiff Alison Helen Fairchild full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code § 51, "A violation of the right of any individual under the Americans with Disability Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiff Alison Helen Fairchild accordingly incorporate the entirety of her above cause of action for

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 53 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

violation of the Americans with Disability Act at PP34, et seq., as if re-pled herein.

153.    As a legal result of the violation of Plaintiff Alison Helen Fairchild's civil rights as herein above described, Plaintiff Alison Helen Fairchild has suffered general damages, bodily injury, mental anguish, depression, insomnia, panic attacks, heart palpitations, tightness in chest, relapsing multiple sclerosis attacks on her physical body, humiliation, embarrassment, physical injury, a complete disruption of her life, and severe emotional distress (all to plaintiff's damage according to proof and incurred reasonable attorneys' fees and costs). Plaintiff Alison Helen Fairchild is entitled to the rights and remedies of § 52(a) of the Civil Code, including trebling of actual damages (defined by § 52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

154.    Plaintiff Fairchild is further informed and believes, and based thereon alleges, that Defendants, and each of them, acted and continue to act, with full knowledge of the consequences and damages being caused to Plaintiff Fairchild by Defendants' actions, and Defendants' actions were, and are, willful, oppressive, and malicious. Accordingly, Plaintiff is entitled to punitive damages against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10, and each of them, in a sum according to proof at trial.

155.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud and DOES 1-10 on the second claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 54 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

**THIRD CLAIM FOR RELIEF---VIOLATION OF 42 U.S.C. § 12101 ET SEQ.), DENIAL OF EQUAL ACCESS---ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF STORAGE REIT, INC., JOHN STROKIS, MICHAEL CREAR, KIMBERLY STROUD, & DOES 1-10**

156.    Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

157.    The American Disabilities Act of 1990 is a sweeping civil rights law designed to "provide a clear and comprehensive national mandate for the elimination of discrimination against person with disabilities." 42 U.S.C. § 12101 (b)(1). In passing the ADA, Congress expressly found:

*Unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination.*

42 U.S.C. § 12101 (a)(4). Congress enacted the ADA in light of its findings that "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities. "42 U.SC. § 12101 (a)(5). Further,

Congress stated that a primary purpose of the ADA is "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. "42 U.S.C. § 12101 (b)(2).

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 55 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

158.    To succeed as a matter of law under Title III of the ADA, Plaintiff Alison Helen Fairchild must prove that:

    a. Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud and DOES 1-10 own or operate a place of public accommodations.

    b. Alison Helen Fairchild, the aggrieved individual, is an individual with a disability; and

    c. Defendants' accommodations discriminated against Plaintiff Alison Helen Fairchild based on her disability.

42 U.S.C. § 12182(a) & 42 U.S.C. § 12182(b).

159.    Defendants own and operate SmartStop Upland, at which Plaintiff Alison Helen Fairchild attempted to gain reasonable accommodations on several occasions, and which are the subject of this lawsuit, is a public accommodation as the operation of such entity affects commerce and because Defendants' Smartstop Upland is a bakery, grocery store, clothing store, shopping center, or other sales or rental establishment, 42 U.S.C. § 12181 (7)(C).

160.    To address this broad range of discrimination in the context of public accommodations,

Congress enacted Title III, which provides in part:

*No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations by any person who owns, leases (or leases to), or operates a place of public accommodation by any person who owns, leases (or leases to), operates a place of accommodation.*

161.    42 U.S.C. § 12182. By its clear text, Title III requires a public accommodation to

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 56 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

provide individuals with disabilities more than simple physical access to the accommodation's facilities. Congress recognized that "individuals with disabilities more than simple physical access, but also other forms of exclusion and "relegation to lesser services, programs, activities, benefits, jobs, or other opportunities." 42 U.S.C. § 12101 (a)(5) (emphasis added); see Also H.R. Rep. No. 485, Pt. 2, 101st Cong., 2d Sess. 54 (1990) ("lack of physical access to facilities" was only one of several "major areas of discrimination that need to be addressed"); H.R. Rep. No. 485, Pt. 3, 101st Cong., 2d Sess. 54 (1990) ("It is not sufficient to only make facilities accessible and usable, this title prohibits, as well, discrimination in the provision of programs and activities conducted by the public accommodation.")

162.    For that reason, the Act applies not only to barriers to physical access to business locations, but also to any policy, practice, or procedure that operates to deprive or diminish disabled individuals' full and equal enjoyment of the privileges and services offered by the public accommodation to the public at large. 42 U.S.C. § 12182. Thus, a public accommodation may not have a policy that specifically excludes individuals with disabilities from services. 42 U.S.C. § 12182 (B)(1)(a)(I). The statute also defines "discrimination" as including:

*the imposition or application of eligibility criteria that screen out or ten to screen out an individual with a disability...from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered.*

42 U.S.C. § 12182 (b)(2)(A)(i). The commentary to the implementing regulations explains that this provision "makes it discriminatory to impose policies or criteria that, while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate. "28 C.F.R. Pt. 36, App. B, p. 641 (commentary to 28 C.F.R. Pt. 36.301).

163.    A public accommodation also may not refuse to make reasonable modifications to a

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 57 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

policy or practice that has the consequences of denying such individuals access to its services unless making a reasonable modification to that policy would fundamentally alter the nature of the services. 42 U.S.C. § 12182(b)(2)(A)(ii).

164.   Because Defendants operate a place of public accommodation, they may not discriminate against individuals with disabilities "in the full and equal enjoyment" of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation as Defendants own, lease, lease to, or operate a place of public accommodation in violation of the ADA.

165.   Defendants must make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such services [or] privileges...to individuals with disabilities" unless doing so would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations, which Plaintiff Alison Helen Fairchild believes Defendants cannot do since they provided virtually identical accommodations to other non-handicapped 1571 W. Foothill Blvd., Upland, CA, SmartStop Upland tenants, guests, non-tenants, and authorized individuals who were not disabled at all, in no shape or form, nor subject to special accommodation pursuant to ADA laws under Title III.

166.   For an aspect of a Defendants' operation to be subject to Title III, there must be a connection between the service Plaintiff Fairchild seeks and the place of public accommodation. In the words of the statute, the Act covers discrimination "in the full and equal enjoyment of the... services [or] privileges...of any place or public accommodation. "42 U.S.C. § 12182(a).

167.   To be protected by the ADA one must have a disability, defined by the ADA as "(a) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (b) a record of such impairment; or (c) being regarded as having such an

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 58 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

impairment." 42 U.S.C. § 12102(2) (1994); 29 C.F.R. § 1630.2(g) (1996). The ADA rule defines "mental impairment" to include "any mental or psychological disorder, such as…emotional or mental illness. "29 C.F.R. § 1630.2(H)(2) (1996).

168.    Examples of "emotional or mental illnesses" include major depression, anxiety disorders, including panic disorder, obsessive compulsive disorder, personality disorders, and post-traumatic stress order. The fourth edition of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders is relevant for identifying these disorders. The DSM-IV has been recognized as an important reference by courts and is widely used by American mental health professionals for diagnostic and insurance reimbursement purposes. See, e.g., *Boldini v. Postmaster Gen.*, 928 F. Supp. 125, 130 (1995), where the court held, "in circumstances of mental impairment, a court may give weight to a diagnosis of mental impairment which is described in the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association." Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion", and accompanying anxiety disorders like depression, is a bona fide medical and /or mental disorder as classified in the American Psychiatric Association's Diagnostic and Statistics Manual (DSM-IV). The American with Disabilities Act also recognizes Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion" as mental disabilities whose victims are protected. Additionally, under several ADA-related holdings, and individual would be substantially limited if his-her relations with others were characterized on a regular basis by "consistently high levels of "anxiety and depression, resulting in social withdrawal."

169.    Plaintiff Alison Helen Fairchild avers that she was an authorized individual and commercial tenant of SmartStop Upland long after she was diagnosed with Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion".

---

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 59 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

170.    Plaintiff Fairchild was discriminated against by Defendants, and her mistreatment aggravated and elevated her mental illnesses disorders Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion".

171.    Plaintiff Alison Helen Fairchild avers that other similarly situated handicapped and ADA protected disabled persons will be discriminated against by Defendants unless the court grants injunctive relief in this lawsuit.

172.    Defendants' SmartStop Upland is a place of public accommodation, not a private club, and that its preferences to accommodate only certain of its patrons are no justification under the Equal Protection Clause. Such preferences, no matter how widely shared by Defendants' employees and/or clientele, bear no rational relation to the suitability of a female disabled who suffers from Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion", multiple sclerosis and many other physical medical conditions as an authorized individual and commercial tenant of SmartStop Upland's accommodation of or by Defendants' self-storage facility.

173.    Based on the facts stated throughout this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity for Plaintiff Fairchild to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity, in violation of the ADA.

174.    Based on the facts stated within this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild as it is discriminatory to afford an individual, on the basis of a disability or disabilities of such individual, directly, or through contractual, licensing,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 60 of 212       *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals, in violation of 42 U.S.C. § 12182.

175.   Based on the facts stated within this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild as Defendants failed to afford to an individual with a disability accommodation in the most integrated setting appropriate to the needs of the individual, in violation of 42 U.S.C. § 12182.

176.   Based on the facts stated within this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild by Defendants utilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability; or that perpetuate the discrimination of others who are subject to common administrative control, in violation of 42 U.S.C. § 12182.

177.   Based on the facts stated within this civil rights complaint, Defendants discriminated against Alison Helen Fairchild as it is discriminatory to exclude or otherwise deny goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual is known to have a relationship or association, in violation of 42 U.S.C. § 12182. See *Niece v. Fitzner,* 922 F. Supp 1208 (1996).

178.   Based on the facts stated within this civil rights complaint, Defendants, doing business as SmartStop Upland located at 1571 W. Foothill Blvd., Upland, CA, 91786, engaged in the specific prohibitions as stated in 42 U.S.C. § 12182 and elsewhere in the ADA.

179.   Based on the facts stated within this civil rights complaint, Defendants discriminated

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 61 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   against Plaintiff Alison Helen Fairchild as Defendants failed to demonstrate that the removal of

2   any barrier is not readily achievable, and made such goods, services, facilities, privileges,

3   advantages, or accommodations available through alternative methods

4   in a segregated manner, in violation of 42 U.S.C. § 12182.

5

6   180.   Plaintiff Alison Helen Fairchild has good cause to believe and in fact believes that the

7   Defendants will continue to operate an inaccessible facility and to enforce illegal policies and

8   practices, which will result in figure discrimination against similarly situated disabled persons,

9   in violation of the Americans with Disabilities Act.

10

11   181.   As part of a complete life, Plaintiff Alison Helen Fairchild wants to be able to travel and

12   use public accommodations without restriction, which included retrieving her personal property

13   from her self-storage unit safely, and using Defendants' entire facility safely, Plaintiff Fairchild

14   has been deterred from such use of the public accommodations at Defendants' Smartstop

15   Upland self-storage facility because of Defendants' failure to treat Plaintiff Fairchild equally by

16   making all entrances, exits, parts, and facilities of Defendants' 1571 W. Foothill Blvd., Upland,

17   CA, location fully accessible.

18

19   182.   Defendants have a habit of creating discriminatory policies, practices

20   and procedures that prevent full and equal access to the public accommodation. Alison Helen

21   Fairchild believes that, and the evidence shows that, Defendants' illegal practices will continue

22   and will result in future discrimination against similarly situated disabled persons, until an

23   injunction is issued under the Americans with Disabilities Act.

24

25   183.   The failure to permit a disabled person to participate in ordinary life activities, such

26   as those afforded by Defendants' public accommodation, severely affected the quality of

27   Plaintiff Alison Helen Fairchild's life and produced an irreparable and continuing injury that

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
—Page 62 of 212    *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

cannot be compensated or remedied solely by the award of money. Accordingly, among other remedies, Alison Helen Fairchild seeks an injunctive order requiring compliance with federal laws allowing access to Defendants' facilities by disabled persons, and to stop all violations of the civil rights laws which exist at the Defendants' properties, which will require modification of Defendant's policies, practices and procedures as alleged herein and as the Court may deem proper.

184.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by intentionally refusing to accept rent from Plaintiff, even after she had been a legal commercial tenant at Defendants' SmartStop Upland self-storage facility.

185.    As part of a complete life, Plaintiff Alison Helen Fairchild wants to be able to travel and use public accommodations without restriction, which included renting and visiting Defendants' 1571 W. Foothill Blvd., Upland, CA self-storage facility.

186.    Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by conspiring to forcefully remove her from her self-storage unit's premises based on illegal and unconstitutional Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including their headquarters in Maryland and Utah.

187.    Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by conspiring to illegally list her personal property for sale and/or otherwise dispose of her personal property, based on illegal and unconstitutional corporate policies, practices, customs, procedures, actions, conduct,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 63 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

omission and decisions by Defendants' corporation, including its headquarters.

188.    Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by conspiring to dispose of her personal property by illegal listing her self-storage unit for auction, based on illegal and unconstitutional Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc.'s corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including their headquarters.

189.    Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by blocking her gate code access to her SmartStop Upland self-storage unit, # C150, based on illegal and unconstitutional  corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc.'s corporation locations in Ladera Ranch, and Salt Lake City including but not limited to Defendants' headquarters.

190.    Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by conspiring to request that city of Upland police department peace officers trespass her and her common law husband Arogant Hollywood, from the SmartStop Upland, 1571 W. Foothill Blvd., Upland, CA self-storage facility based on illegal and unconstitutional Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc.'s  corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including their headquarters.

191.    Defendants have a habit of creating discriminatory policies, practices and procedures that prevent full and equal access to the public accommodation. Alison Helen

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 64 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Fairchild believes that, and the evidence shows that, Defendant's illegal practices will continue and will result in future discrimination against similarly situated disabled persons, until an injunction is issued under the Americans with Disabilities Act.

192.   Defendants have a habit of creating discriminatory policies, practices and procedures as evidenced in lawsuits filed against Defendants in *previous lawsuits.*

193.   The failure to permit a disabled person to participate in ordinary life activities, such as those afforded by Defendants' public accommodation, severely affected the quality of Plaintiff Alison Helen Fairchild's life and produced an irreparable and continuing injury that cannot be compensated or remedied solely by the award of money. Accordingly, among other remedies, Alison Helen Fairchild seeks an injunctive order requiring compliance with federal laws allowing access to Defendants' facilities by disabled persons, and to stop all violations of the civil rights laws which exist at the Defendants' properties, which will require modification of Defendants' policies, practices and procedures as alleged herein and as the Court may deem proper.

194.   Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by intentionally refusing to accept rent from Plaintiff, even after she had moved her personal property into her self-storage unit, # C150.

195.   Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by threatening to use law enforcement to have her removed from her SmartStop Upland, CA self-storage unit's premises.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 65 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

196.   Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by requesting that lawsuit enforcement trespass her from her self-storage unit's premises.

197.   Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by overlocking her self-storage unit, Unit # C150

198.   Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by allowing Smartstop Upland employees to deliberately and intentionally block her gate code access

199.   Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 rights to equal public accommodations by intentionally disabling Plaintiff Fairchild's SmartStop Upland facility gate access code.

200.   Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild American Disabilities Act of 1990 rights to equal public accommodations by conspiring to illegally and unconstitutionally advertising and planning to auction and/or otherwise dispose of Plaintiff Fairchild's self-storage unit, # C150

201.   Defendants violated U.S.C. § 12101 by discriminating against Alison Helen Fairchild on the sole basis of her disability and/or handicap.

202.   Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 66 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

American Disabilities Act of 1990 rights to equal public accommodations by refusing to modify its illegal and unlawful SmartStop Upland corporate policies to accommodate Plaintiff Fairchild so that she could occupy her rented self-storage unit for as long as she paid rent.

203.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by intentionally and deliberately locking the SmartStop Upland self-storage facility's public restroom/bathrooms on at least four separate occasions, which resulted in Plaintiff Fairchild urinating on herself.

204.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by calling the city of Upland police department when Fairchild had not engaged in any wrongdoings, not broke any terms of her rental agreement.

205.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by maliciously prosecuting a frivolous and groundless state court small claims action in which Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc's owned SST IV SST IV, LLC and SST 1571 W. FOOTHILL BLVD, LLC had no legal standings to sue Fairchild in any court law.

206.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by falsifying a proof of service in order to obtain an invalid and illegal default judgment against Fairchild.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 67 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

207.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by falsifying the mailing of their bogus entry of default, sending it to an address for which they knew was not the mailing address of Fairchild, and she would therefore not receive the entry of default judgment in time to set it aside.

208.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by executing a bogus and fraudulent default judgment, working in concert with County of San Bernardino Fontana Superior Court clerks. Who all had the goal of illegally removing Fairchild out of her self-storage unit without due process of law.

209.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by intentionally and deliberately permitting, authorizing, consenting to, condoning, approving, and ratifying many ADA allegations throughout their SmartStop Upland self-storage facility.

210.    Pursuant to *Munson v. Del Taco Inc. (2009) Cal. 4th 661, 668-669*, ADA violations of Defendants, as alleged herein, do not have to be intentional.

211.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands injunctive relief against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud and DOES 1-10 on the third claim for relief of the Plaintiff's civil rights complaint to enjoin Defendants from any further discriminatory policies that violate Title III of the American Disabilities Act of 1990.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 68 of 212       *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

**FOURTH CLAIM FOR RELIEF---VIOLATION OF 42 U.S.C. § 12132 ET SEQ.),
DENIAL OF EQUAL ACCESS---ALLEGED BY ALISON HELEN FAIRCHILD AS
AGAINST DEFENDANTS COUNTY OF SAN BERNARDINO, JOHN DOE CLERK
DEFENDANT, JANE DOE CLERK DEFENDANT & DOES 1-10**

212.    Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil
rights complaint for damages as if fully set forth herein.

213.    The American Disabilities Act of 1990 is a sweeping civil rights law designed to
"provide a clear and comprehensive national mandate for the elimination of discrimination
against person with disabilities." 42 U.S.C. § 12131 (a). In passing the ADA, Congress
expressly found:

*The term "qualified individual with a disability" means an individual with a disability
who, with or without reasonable modifications to rules, policies, or practices, the removal of
architectural, communication, or transportation barriers, or the provision of auxiliary aids and
services, meets the essential eligibility requirements for the receipt if services or the
participation in programs or activities provided by a public entity.*
42 U.S.C. § 12131(2)

214.    Congress enacted the ADA in light of its findings that "individuals with disabilities
continually encounter various forms of discrimination, including outright intentional exclusion,
the discriminatory effects of architectural, transportation, and communication barriers,
overprotective rules and policies, failure to make modifications to existing facilities and
practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser
services, programs, activities, benefits, jobs, or other opportunities. "42
U.S.C. § 12101 (a)(5). Further, Congress stated that a primary purpose of the ADA is "to
provide clear, strong, consistent, enforceable standards addressing discrimination against

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 69 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

individuals with disabilities. "42 U.S.C.§ 12101 (1)(b).

215.   To succeed as a matter of law under Title II of the ADA, Plaintiff Alison Helen Fairchild must prove that:

   a. Defendant County of San Bernardino, JANE DOES, and JOHN DOES operate and oversee a local government place of public accommodation.

   b. Alison Helen Fairchild, the aggrieved individual, is an individual with a disability; and

   c. Defendants local government agency accommodations discriminated against Plaintiff Alison Helen Fairchild based on her disability.

216.   Defendants supervise, operate, manage, and oversee a local government agency that is required by federal law to not discriminate against individual that a disabled and protected under the American Disabilities Act of 1990.

217.   To address this broad range of discrimination in the context of public accommodations, Congress enacted Title II, which provides in part:

*Title ii applies to State and local government entities, and, in subtitle A, protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities. Title II extends the prohibition on discrimination established by section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794, to all activities of State and local governments regardless of whether these entities receive Federal financial assistance.*

218.   42 U.S.C. § 12131. By its clear text, Title II requires a local government agency public accommodation to provide individuals with disabilities more than simple physical access to the accommodation's facilities. Congress recognized that "individuals with disabilities more than simple physical access, but also other forms of exclusion and "relegation to lesser services,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 70 of 212       *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

programs, activities, benefits, jobs, or other opportunities." 42 U.S.C. § 12131, *supra*

219.   A local government agency public accommodation also may not refuse to make reasonable modifications to a policy or practice that has the consequences of denying such individuals access to its services unless making a reasonable modification to that policy would fundamentally alter the nature of the services.

220.   Because Defendants operate and manage a local government place of public accommodation, they may not discriminate against individuals with disabilities "in the full and equal enjoyment" of the services, facilities, privileges, advantages, or accommodations of any place of public accommodation.

221.   Defendants violated U.S.C. 12131 by intentionally and deliberately processing a bogus and invalid default judgment, even after being legally warned not to do so.

222.   Defendants violated U.S.C. 12131 by intentionally and deliberately acting under the color of state law while violating the due process rights of Plaintiff Alison Helen Fairchild.

223.   Defendants violated U.S.C. 12131 by intentionally and deliberately covering up and conspiring to violate the civil rights of Alison Helen Fairchild.

224.   Defendants violated U.S.C. 12131 by intentionally and deliberately denying a disabled lady real property without due process of law.

225.   Defendants violated U.S.C. 12131 by intentionally and deliberately conspiring with private citizens Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud and DOES 1-10 to physically remove Fairchild out of

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
-Page 71 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1    her self-storage unit without due process of law.

2

3    226.   Defendants violated U.S.C. 12131 by intentionally and deliberately failing to provide

4    reasonable public accommodations to the fragile and disabled Alison Helen Fairchild pursuant

5    to federal law.

6

7    227.   Plaintiff Alison Fairchild is informed and believes, and thereon alleges that the

8    aforementioned conduct of Defendants, and each of them, denied, aided, or incited in a denial

9    of, discriminated or made a distinction that denied Plaintiff Fairchild full and equal advantages,

10   privileges, and services to Plaintiff, solely upon Plaintiff's disability, and therefore constituted a

11   violation of federal law.

12

13   228.   Defendants' actions and omissions as specified had denied to Plaintiff Alison Helen

14   Fairchild full and equal accommodations, advantages, facilities, privileges and services in a

15   local government agency, based on physical disability. Which was also in violation of federal

16   disability laws and/or statutes.

17

18   229.   As a legal result of the violation of Plaintiff Alison Helen Fairchild's civil rights as herein

19   above described, Plaintiff Alison Helen Fairchild has suffered general damages, bodily injury,

20   mental anguish, depression, insomnia, panic attacks, heart palpitations, tightness in chest,

21   relapsing multiple sclerosis attacks on her physical body, humiliation, embarrassment, physical

22   injury, a complete disruption of her life, and severe emotional distress (all to plaintiff's damage

23   according to proof and incurred reasonable attorneys' fees and costs).

24

25   230.   Plaintiff Fairchild is further informed and believes, and based thereon alleges, that

26   Defendants, and each of them, acted and continue to act, with full knowledge of the

27   consequences and damages being caused to Plaintiff Fairchild by Defendants' actions, and

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of
1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh
Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross
Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 72 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Defendants' actions were, and are, willful, oppressive, and malicious. Accordingly, Plaintiff is entitled to punitive damages against Defendants County of San Bernardino, JOHN DOE CLERK COURT Defendants, JANE DOE COURT CLERK Defendants and DOES 1-10, and each of them, in a sum according to proof at trial.

231.   **WHEREFORE,** Plaintiff Alison Helen Fairchild demands judgment against County of San Bernardino, JOHN DOE CLERK COURT Defendants, JANE DOE COURT CLERK Defendants and DOES 1-10 on the fourth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

## FIFTH CLAIM FOR RELIEF---DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 AND 54.3, *ET SEQ,* ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF STORAGE REIT, INC., JOHN STROKIS, MICHAEL CREAR, KIMBERLY STROUD & DOES 1-10

232.   Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

233.   California Civil Code § 54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or [7] facilities:(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses. streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 73 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

facilities, adoption agencies, private schools, hotels, lodging places, places of public

accommodation, amusement or resort, and other places to which the general public is invited,

subject only to the conditions and limitations established by law, or state or federal regulation,

and applicable alike to all persons. Civil Code§ 54.1(a)(1)

234.   California Civil Code § 54.1 further provides that a violation of the Americans with

Disabilities Act of 1990 constitutes a violation of section 54.1: (d) A violation of the right of an

individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also

constitutes a violation of this section, and nothing in this section shall be construed to limit the

access of any person in violation of that act. Civil Code § 54. 1(d)

235.   Plaintiff Alison Helen Fairchild is a person within the meaning of Civil Code § 54.1

whose rights have been infringed upon and violated by the Defendants, and each of them, as

prescribed by §§ 54 and 54.1. Each specific barrier which Defendants knowingly and willfully

failed and refused to remove constitutes a separate act in violation of §§ 54 and 54.1. Plaintiff

Alison Helen Fairchild has been and continues to be denied full and equal access to Defendants'

SMARTSTOP UPLAND self-storage facility located at 1571 W. Foothill Blvd., #C155, Upland,

California, 91010.

236.   As a legal result, Plaintiff Alison Helen Fairchild is entitled to seek damages pursuant to

California Civil Code § 54.3(a) for each day since July 10, 2019, and she has not had a good

night's rest since being discriminated against by Defendants' employees, and since

learning that Defendants have conspired and planned to dispose of her self-storage unit.

Defendants had done so without Plaintiff Fairchild engaging in any wrongdoing whatsoever

with Defendants' facility guests, tenants, employees and/or management. Plaintiff Fairchild has

knowledge, and she believes that Defendants discriminated against persons with disabilities on a

regular basis.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 74 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

237.   California Civil Code § 54.3(a) provides:

Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54,1 and 54.2 is liable for each offense for the actual damages and any amount as may be

determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($ 1,000)

and ... attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2. Civil Code § 54.3(a)

238.   From July 10, 2019, 2019 to this present day, Plaintiff Alison Helen Fairchild continues to suffer violations of §§ 54 and 54.1 of the Civil Code in that Plaintiff Alison Helen Fairchild has been denied access to Defendants' 1571 W. Foothill Blvd., Upland, CA self-storage facility on the same basis as many SmartStop Upland guests/tenants that are not handicapped.

239.   Defendants never offered to accommodate Plaintiff Fairchild based upon her disability. Plaintiff Fairchild was denied equal access on the basis that Plaintiff Alison Helen Fairchild was a person with physical disabilities.

240.   Because of the denial of equal access to Defendants' self-storage facility. As a result of the denial of equal access to Defendants' commercial self-storage facility, due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining a public accommodation self-storage rental business, Plaintiff Alison Helen Fairchild suffered violations of her civil rights, including but not limited to rights under §§ 54, 54.1 and 54.3, Civil Codes.

241.   Plaintiff Alison Helen Fairchild has suffered from physical discomfort, bodily injury, severe emotional distress, mental distress, mental suffering, mental anguish, depression, a

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 75 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

complete disruption of her life, anxiety, tightness in her chest, heart palpitations, panic attacks, insomnia, and multiple sclerosis relapses.

242.    Defendants' actions conduct, and decisions have caused Plaintiff Fairchild to feel extremely uncomfortable feelings and emotions regarding her commercial self-storage occupancy at 1571 W. Foothill Blvd., Upland, CA which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of a person with physical disabilities, all to Plaintiff Fairchild's damages as hereinafter stated and alleged.

243.    Defendants' actions and omissions to acts constituted discrimination against Plaintiff Alison Helen Fairchild on the sole basis that Plaintiff Alison Helen Fairchild is a person that represents persons with physical disabilities and unable, because of the Defendants' illegal and unconstitutional Extra Space Storage Inc. and SmartStop Self Storage REIT Inc. corporate and/or franchise policies, that were created and maintained by the Defendants' corporate governance in the state of California, in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

244.    Plaintiff Alison Helen Fairchild, on the sole basis that she is a person that represents persons with physical disabilities and unable, because of the barriers created and maintained by Defendants' unconstitutional corporate policies in violation of the subject laws, to occupy her self-storage unit, # C150, uninterrupted, and discriminated against Plaintiff because Defendants allowed other non-disabled 1571 W. Foothill Blvd., Upland, CA tenants and guests to occupy and rent commercial self-storage units at Defendants' 1571 W. Foothill Blvd., Upland, CA commercial self-storage facility, as mentioned hereinabove, described on a full and equal basis as other persons.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 76 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

245.   Plaintiff Alison Helen Fairchild has been damaged by Defendants, and each of their wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54 and 54.1, 54.3 and 55 for violation of Plaintiff Alison Helen Fairchild's rights as a person that represents persons with physical disabilities on or about July 10, 2019, and on a continuing basis since then, including statutory damages, a trebling of all actual damages, general and special damages available pursuant to § 54.3 of the Civil Code according to proof.

246.   Because of Defendants, and each of their acts and omissions in this regard, Plaintiff Alison Helen Fairchild has been required to incur legal expenses needed for research, to enforce Plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of § 54.3 and § 55 of the Civil Code, Plaintiff Alison Helen Fairchild therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, Plaintiff Fairchild's lawsuit is intended not only to obtain compensation for damages to herself, but also to compel the Defendants to make its facilities accessible to all members of the public with disabilities, and to cease interfering with the rights of all members of the public with disabilities by intentionally failing to modify its illegal and unconstitutional Extra Space Storage inc. and SmartStop Self Storage REIT, Inc. corporate policies, practices, procedures and decisions, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of § 1021.5 of the Code of Civil Procedure.

247.   Defendants violated California Civil Code § 54.1 by refusing to accept rental payments from Plaintiff Fairchild.

248.   Defendants violated California Civil Code § 54.1 by conspiring to overlock her one self-storage unit.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 77 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

249.     Defendants violated California Civil Code § 54.1 by deactivating Plaintiff Fairchild's gate access code to 1571 W. Foothill Blvd., Upland, CA, 91786, the Smartstop Upland self-storage facility.

250.     Defendants violated California Civil Code § 54.1 by conspiring to illegally list and/or otherwise dispose of her self-storage unit and all personal property contained inside of her self-storage unit.

251.     Defendants violated California Civil Code § 54.1 by planning and conspiring to dispose of all her personal property located in her self-storage unit, Unit #C155, during the years of 2019, 2020, and 2021.

252.     Defendants violated California Civil Code § 54.1 by trespassing Plaintiff Fairchild from her 1571 W. Foothill Blvd., Upland, CA self-storage premises in July 2019.

253.     Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Alison Helen Fairchild's civil rights to occupy her two self-storage unit, # C150

254.     Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Fairchild's 14th Amendment constitutional civil rights.

255.     Defendants violated California Civil Code § 54.1 by their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees, managers, district managers, and so many others, intentionally mistreating Plaintiff Fairchild.

256.     Defendants violated California Civil Code § 54.1 by their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc management refusing to accept rent so that they can initiate

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
--Page 78 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

illegal and unconstitutional public auction proceedings against her.

257.   Defendants violated California Civil Code § 54.1 by maintaining a corporate policy that the restrooms should be kept locked and only opened when an Extra Space Storage Inc. and SmartStop Self Storage REIT Inc. employee was available and working on the clock.

258.   Defendants violated California Civil Code § 54.1 by maintaining a corporate policy of failing to maintain and install the appropriate number of handicap parking spaces.

259.   Defendants violated California Civil Code § 54.1 by issuing Fairchild an illegal and unconstitutional agreement to move out and give her rights to sue all Defendants in a federal district court.

260.   Defendants violated California Civil Code § 54.1 by initiating a bogus and frivolous state court small claims action in which they had no legal standings to sue Plaintiff Fairchild.

261.   Defendants violated California Civil Code § 54.1 by falsifying a proof of service so that they could obtain a bogus and invalid default judgment.

262.   Defendants violated California Civil Code § 54.1 by denying Fairchild her right to not be denied real property without due process of law.

263.   Defendants violated California Civil Code § 54.1 by falsifying a default judgment, proof of service, and fictitious business name smalls claims form, and lying under the penalty of perjury that said legal court documents were valid and correct.

264.   Defendants violated California Civil Code § 54.1 by executing a bogus, fraudulent,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 79 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   illegal, and unconstitutional default judgment.

2

3   265.   Defendants violated California Civil Code § 54.1 by locking out a disabled person from

4   her self-storage unit without due process of law by blocking her access to her unit.

5

6   266.   Defendants violated California Civil Code § 54.1 by "acting under the color of state law.

7

8   267.   Defendants violated California Civil Code § 54.1 by conspiring with several other local

9   government employees and agencies to violate Fairchild's due process rights.

10

11  268.   Defendants violated California Civil Code § 54.1 by conspiring with several other local

12  government employees and agencies to violate Fairchild's civil rights under the American

13  Disabilities Act of 1990.

14

15  269.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants

16  Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear,

17  Kimberly Stroud and DOES 1-10 on the fifth claim for relief of the Plaintiff's civil rights

18  complaint in the amount that will justly compensate Plaintiff Fairchild for her damages, together

19  with costs and attorneys' fees in this action.

20

21  **SIXTH CLAIM FOR RELIEF---DENIAL OF FULL AND EQUAL ACCESS IN**

22  **VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 AND 54.3, *ET SEQ,***

23  **ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA**

24  **SPACE STORAGE INC., SMARTSTOP SELF STORAGE REIT, INC., JOHN**

25  **STROKIS, MICHAEL CREAR, KIMBERLY STROUD & DOES 1-10**

26

27  270.   Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 80 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

rights complaint for damages as if fully set forth herein.

271.   At all times, relevant to this action, California Civil Code § 54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:(a) Individuals with disabilities… have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

272.   California Civil Code § 54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses. streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons. Civil Code§ 54.1(a)(1)

273.   California Civil Code § 54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1: (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act. Civil Code § 54. 1(d)

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 81 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

274.   Plaintiff Alison Helen Fairchild is a person within the meaning of Civil Code § 54.1 whose rights have been infringed upon and violated by the Defendants, and each of them, as prescribed by §§ 54 and 54.1. Each specific barrier which Defendants knowingly and willfully failed and refused to remove constitutes a separate act in violation of §§ 54 and 54.1.

275.   Plaintiff Alison Helen Fairchild has been and continues to be denied full and equal access to Defendants' SMARTSTOP UPLAND commercial self-storage facility located at 1571 W. Foothill Blvd., # C150, Upland, California, 91010. As a legal result, Plaintiff Alison Helen Fairchild is entitled to seek damages pursuant to California Civil Code § 54.3(a) for each day since on or about July 10, 2019 that Plaintiff Fairchild has been discriminated against by Defendants, and their employees of Extra Space Storage Inc. and Smartstop Self Storage REIT, Inc. Plaintiff Fairchild has knowledge, and she believes that Defendants discriminated against other persons with disabilities besides herself between July 2019 and until the present day.

276.   California Civil Code § 54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54,1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($ 1,000) and ... attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2. Civil Code § 54.3(a)

277.   From on or about July 2019 to this present day, Plaintiff Alison Helen Fairchild continues to suffer violations of §§ 54 and 54.1 of the Civil Code in that Plaintiff Alison Helen

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 82 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Fairchild has been denied access to Defendants' Smartstop Upland self-storage facility while many SmartStop Upland tenants/non-tenants and authorized individuals that are not handicapped were accommodated and provided customer service, and Defendants never offered to accommodate Plaintiff Fairchild based upon her disability. Plaintiff Fairchild was denied equal access on the basis that Plaintiff Alison Helen Fairchild was a person with physical disabilities.

278.    Because of the denial of equal access to Defendants' Smartstop Upland. As a result of the denial of equal access to Defendants' 1571 W. Foothill Blvd., Upland, CA self-storage facility due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining a public accommodation commercial self-storage facility.

279.    Plaintiff Alison Helen Fairchild suffered violations of her civil rights, including but not limited to rights under §§ 54, 54.1 and 54.3, Civil Code, and Plaintiff Alison Helen Fairchild has suffered from physical discomfort, bodily injury, severe emotional distress, mental distress, mental suffering, mental anguish, depression, a complete disruption of her life, anxiety, tightness in her chest, heart palpitations, panic attacks, insomnia, and multiple sclerosis relapses.

280.    Defendants' actions conduct, and decisions have caused Plaintiff Fairchild to feel extremely uncomfortable feelings and emotions regarding her visits to Defendants' SmartStop Upland commercial self-storage facility, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of a person with physical disabilities, all to Plaintiff Fairchild's damages as hereinafter stated.

281.    Defendants' actions and omissions to acts herein alleged constituted discrimination against Plaintiff Alison Helen Fairchild on the sole basis that Plaintiff Alison Helen Fairchild is

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 83 of 212       *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

a person that represents persons with physical disabilities and unable, because of the

Defendants' illegal and unconstitutional Extra Space Storage Inc. and SmartStop Self Storage

REIT, Inc. commercial self-storage facility policies that were created and maintained by the

Defendants in violation of the subject laws, to use the public accommodation 1571 w. Foothill

Blvd., Upland, CA SmartStop Upland self-storage facility hereinabove described on a full and

equal basis as other persons.

282.    Plaintiff Alison Helen Fairchild, on the sole basis that Plaintiff Alison Helen Fairchild is

a person that represents persons with physical disabilities and unable, because of the barriers

created and maintained by Defendants' corporate policies in violation of the subject laws, to

occupy her commercial self-storage unit. Plaintiff Fairchild was discriminated against by

Defendants because Defendants allowed other non-disabled tenants/non-tenants owners and

authorized individuals to, as mentioned hereinabove, receive customer service and commercial

self-storage facility privileges on a full and equal basis, while they refused and/or failed to

provide the same customer service and commercial self-storage privileges as non handicapped

SmartStop Upland tenants and/or guests.

283.    Plaintiff Alison Helen Fairchild, on the sole basis that Plaintiff Alison Helen Fairchild is

a person that represents persons with physical disabilities and unable, because of the physical

barriers created and maintained by Defendants' SmartStop Upland self-storage facility, Plaintiff

Fairchild has been unable to use Defendants' self-storage facility on the same equal

basis as many other non-handicapped tenants/non-tenant owners and authorized individuals of

Defendants' SmartStop Upland self-storage facility.

284.    Plaintiff Alison Helen Fairchild has been damaged by Defendants, and each of their

wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54 and 54.1, 54.3 and 55

for violation of Plaintiff Alison Helen Fairchild's rights as a person that represents persons with

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 84 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

physical disabilities on or about July 10, 2019 and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to § 54.3 of the Civil Code according to proof.

285.   Because of Defendants, and each of their acts and omissions in this regard, Plaintiff Alison Helen Fairchild has been required to incur legal expenses needed for research, to enforce Plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of § 54.3 and § 55 of the Civil Code.

286.   Plaintiff Alison Helen Fairchild therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, Plaintiff Fairchild's lawsuit is intended not only to obtain compensation for damages to herself, but also to compel the Defendants to make their SMARTSTOP UPLAND accessible to all members of the public with disabilities, and to cease interfering with the rights of all members of the public with disabilities by intentionally failing to modify its illegal and unconstitutional Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. corporate policies, practices, procedures and decisions, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of § 1021.5 of the Code of Civil Procedure.

287.   Defendants violated California Civil Code § 54.1 by refusing to accept rental payments from Plaintiff Fairchild.

288.   Defendants violated California Civil Code § 54.1 by conspiring to overlock her self-storage unit, Space #C155

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 85 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

289.    Defendants violated California Civil Code § 54.1 by deactivating Plaintiff Fairchild's gate access code to 1571 w. Foothill Blvd., Upland, CA, 91786, the SmartStop Upland self-storage facility.

290.    Defendants violated California Civil Code § 54.1 by conspiring to illegally list and/or otherwise dispose of her self-storage unit and all personal property contained inside of her self-storage unit.

291.    Defendants violated California Civil Code § 54.1 by planning and conspiring to dispose of all her personal property located in her self-storage unit, # C150, during the years of 2019, 2020, and 2021

292.    Defendants violated California Civil Code § 54.1 by their SmartStop Upland property manager Kimberly Stroud trespassing Plaintiff Fairchild from her 1571 W. Foothill Blvd., Upland, CA self-storage premises on or about July 10, 2019

293.    Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Alison Helen Fairchild's civil rights to occupy her self-storage unit, # C150.

294.    Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Fairchild's 14th Amendment constitutional civil rights.

295.    Defendants violated California Civil Code § 54.1 by their Extra Space Storage Inc. and Smartstop Self Storage REIT, Inc. employees, managers, district managers, and so many others, intentionally mistreating Plaintiff Fairchild.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 86 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

296.   Defendants violated California Civil Code § 54.1 by their Extra Space Storage Inc and SmartStop Self Storage REIT, Inc management refusing to accept rent so that they can initiate illegal and unconstitutional public auction proceedings against Plaintiff Alison Helen Fairchild.

297.   Defendants violated California Civil Code § 54.1 by maintaining a corporate policy that the restrooms should be kept locked and only opened when an Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employee was available and working on the clock.

298.   Defendants violated California Civil Code § 54.1 by maintaining an Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. corporate policy of failing to maintain and install the appropriate number of handicap parking spaces.

299.   Defendants violated California Civil Code § 54.1 by sending Fairchild an illegal and unconstitutional letter demanding that she vacate their SmartStop Upland self-storage facility while also giving up her rights to sue Defendants under the American Disabilities Act of 1990.

300.   Defendants violated California Civil Code § 54.1 by initiating a bogus and frivolous small claims action in which they had no legal standings to sue Plaintiff Fairchild.

301.   Defendants violated California Civil Code § 54.1 by falsifying a proof of service so that they could obtain a bogus and invalid default judgment.

302.   Defendants violated California Civil Code § 54.1 by denying Fairchild her right to not be denied real property without due process of law.

303.   Defendants violated California Civil Code § 54.1 by falsifying an entry of default judgment affidavit and lying under the penalty of perjury that said legal court document was true

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 87 of 212       *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1 | and correct.

2

3 | 304.   Defendants violated California Civil Code § 54.1 by executing a bogus, fraudulent,

4 | illegal, and unconstitutional default judgment that led to property rights lost by Plaintiff

5 | Fairchild

6

7 | 305.   Defendants violated California Civil Code § 54.1 by locking out a disabled person from

8 | her two self-storage unit without due process of law.

9

10 | 306.   Defendants violated California Civil Code § 54.1 by "acting under the color of state law.

11

12 | 307.   Defendants violated California Civil Code § 54.1 by conspiring with several other local

13 | government employees and agencies to violate Fairchild's due process rights.

14

15 | 308.   Defendants violated California Civil Code § 54.1 by conspiring with several other local

16 | government employees and agencies to violate Fairchild's civil rights under the American

17 | Disabilities Act of 1990.

18

19 | 309.   Defendants violated California Civil Code § 54.1 by conspiring to overlock Fairchild's

20 | self-storage unit.

21

22 | 310.   Defendants violated California Civil Code § 54.1 by deactivating Plaintiff Fairchild's

23 | gate access code her self-storage unit located at 1571 W. Foothill Blvd., Upland, CA, 91786.

24

25 | 311.   Defendants violated California Civil Code § 54.1 by planning and conspiring to dispose

26 | of all her personal property located in her self-storage unit, # C150.

27

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 88 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

312.    Defendants violated California Civil Code § 54.1 by trespassing Plaintiff Fairchild from Her 1571 W. Foothill Blvd., Irwindale, CA self-storage premises in July 2019.

313.    Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Alison Helen Fairchild's civil rights to occupy her self-storage unit, # C150.

314.    Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Fairchild's 14th Amendment constitutional civil rights.

315.    Defendants violated California Civil Code § 54.1 by their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. management refusing to accept rent so that Defendants could illegally dispose of Fairchild's self-storage unit at an illegally planned unconstitutional public auction scheduled in August or September 2019.

316.    Defendants violated California Civil Code § 54.1 by their management refusing to accept rent so that they can initiate illegal and unconstitutional public auction proceedings against Fairchild.

317.    Defendants violated California Civil Code § 54.1 by their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc management intentionally locking the restrooms located on the real property of the SmartStop Upland self-storage facility, resulting in Plaintiff Alison Helen Fairchild urinating on herself on at least two to three separate occasions.

318.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud and DOES 1-10 on the sixth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Plaintiff Fairchild for her damages, together

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 89 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

with costs and attorneys' fees in this action.

**SEVENTH CLAIM FOR RELIEF---DISCRIMINATION IN VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT of 1964, U.S.C. 42 § 1981 (EQUAL RIGHTS) ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF STORAGE REIT, INC., JOHN STROKIS, MICHAEL CREAR, KIMBERLY STROUD & DOES 1-10**

319.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-318.

320.    Plaintiff Alison Helen Fairchild is Caucasian and disabled. As a disabled female Plaintiff Fairchild is a part of a group of protected United States citizens.

321.    Plaintiff Fairchild hereby alleges that Defendants' employees treated similarly situated individuals outside of her protected class of United States citizens differently than when renting self-storage units to non handicapped SmartStop Upland self-storage customers.

322.    Plaintiff Fairchild hereby alleges that Defendants and their SmartStop Upland employees were motivated by disability animus when they refused to contract with Alison Helen Fairchild on equal terms as non-handicapped guests/tenants/patrons/customers of SmartStop Upland.

323.    Plaintiff Fairchild hereby alleges that Defendants' refusal to contract on equal terms was based on Plaintiff's disability.

324.    Plaintiff Fairchild hereby alleges that Defendants were motivated by disability animus when they terminated the authorized access of Alison Helen Fairchild, as evidenced by several of Defendants' Caucasian or Anglo employees threatening to contact the police on Plaintiff

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 90 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Fairchild and requesting that the police physically remove Plaintiff from her 1571 W. Foothill Blvd., Upland, CA self-storage units' premises on or about July 10, 2019.

325.   Plaintiff Fairchild hereby alleges that Defendants were motivated by disability animus when their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. property manager Kimberly Stroud threatened to have city of Upland police department peace officers physically remove, and trespass Plaintiff from her self-storage unit's premises.

326.   Plaintiff Fairchild hereby alleges that Defendants were motivated by disability animus when they terminated the authorized access of Alison Helen Fairchild, as evidenced by several of Defendants' employees conducting harsh mistreatment of Plaintiff Fairchild by failing to maintain adequate handicapped parking, deliberately locking public restrooms, and threatening to request that city of Upland police department peace officers physically remove Plaintiff Fairchild when she had engaged in zero wrongdoing.

327.   Plaintiff Alison Helen Fairchild hereby alleges that she is a member of a disabled persons protected under the United States Constitution, and that Defendants intended to discriminate against Plaintiff based on her disability, and that the discrimination concerned at least one, if not more, of the activities enumerated in the statute.

328.   Plaintiff Alison Helen Fairchild alleges that those benefits, privileges, terms and conditions of which Alison Helen Fairchild was deprived or whose right to same was impaired by acts of discrimination, were enjoyed by non-handicapped citizens of the United States, in violation of 42 U.S.C. § 1981.

329.   Plaintiff Alison Fairchild hereby alleges that the discrimination complained of is causally connected to her disability, confession of discrimination is not necessary for finding

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 91 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

evidence of discrimination.

330.    On information and belief the facts as alleged herein present sufficient evidence that Defendants denied Plaintiff Fairchild equal access and privileges while non handicapped Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. guests and commercial tenants and authorized individuals were allowed to enter and receive the accommodation and services of Defendants' SmartStop Upland, and that Defendants denied Plaintiff Fairchild the right to "make and enforce contracts on the same basis as non handicapped SmartStop Upland guests and commercial tenants and authorized individuals, while at the same time Defendants refused to accept SmartStop Upland rental payments from Plaintiff Alison Helen Fairchild.

331.    Plaintiff Fairchild hereby alleges that by paying her self-storage unit's rent at Defendants' SmartStop Upland location, Upland, CA for thirty consecutive days, Plaintiff Fairchild created a contractual relationship, which could not be terminated. Plaintiff Fairchild's occupancy of her self-storage unit, # C150, created a privilege or benefit of the contractual relationship between Plaintiff Fairchild and Defendants.

332.    Defendants conspired and threatened to use deadly force on Plaintiff Fairchild by employing illegal self-help eviction tactics that were absolutely assisted by the city of Upland police department.

333.    Plaintiff Fairchild attempted to contract with Defendants' SmartStop Upland but was repeatedly prevented from doing so. Because Plaintiff Fairchild was denied reasonable accommodation into Defendants' SmartStop Upland when she attempted to gain entry, and when Plaintiff Fairchild attempted to make SmartStop Upland rental payments, and therefore Plaintiff

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 92 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Fairchild states a plausible cause of action under § 1981 because similarly situated non-handicapped tenants and guests were allowed reasonable accommodation to enter SmartStop Upland self-storage units and enter a contract with said Defendants.

334.    Defendants' refusal to allow Plaintiff Fairchild reasonable accommodation to occupy her self-storage unit, # C150, after Plaintiff Fairchild had in fact paid for her self-storage unit for thirty consecutive days, and committed no wrongdoing, was the equivalent to Defendants' refusal to contract with Plaintiff Fairchild.

335.    It was a discriminatory refusal to deal, and the license to enter Defendants' SmartStop Upland self-storage unit was necessary to make good on Plaintiff Fairchild's implicit invitation to deal.

336.    Defendants' refusal to accommodate Plaintiff Alison Helen Fairchild denied a disabled United States citizen the right to contract on the same terms and conditions as is enjoyed by non-handicapped guests and tenants of Defendants' SmartStop Upland self-storage facility.

337.    On information and belief by Plaintiff Fairchild paying her rent at Defendants' SmartStop Upland for thirty consecutive days, Plaintiff Fairchild created a contractual relationship, which could not be terminated. Plaintiff Fairchild created a privilege or benefit of the contractual relationship between herself and Defendants.

338.    Because of the violations of Plaintiff Alison Helen Fairchild's rights under 42 U.S.C. § 1981, Plaintiff Fairchild has been damaged and claims entitlement to all relief as may have afforded her to redress said wrongs.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 93 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

339.   Plaintiff Alison Helen Fairchild maintain that the Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud and DOES 1-10 , and each and all of them, are personally liable to Plaintiff Fairchild under 42 U.S.C. § 1981 for the deliberate and intentional actions of their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees, and their agents and/or partners and/or joint ventures and/or employees and/or representatives.

340.   Plaintiff Alison Helen Fairchild maintains alternately that Defendants are liable to Plaintiff Fairchild under 42 U.S.C. § 1981 pursuant to the doctrine of respondeat superior.

341.   Punitive damages are available under 42 U.S.C. § 1981 "[A] jury may be permitted to assess punitive damages" in a civil rights case "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves recklessness or callous indifference to the federally protected rights of others." *Smith v. Wade,* 461 U.S. 30, 56 [applying common law tort rules to action brought under 42 U.S.C. § 1983]; **see also** *Kolstad v. American Dental Ass'n,* 527 U.S. 526, 535 (1999) (recognizing that Congress adopted the Wade standard in providing for punitive damages in Title II and ADA cases); *Bisbal-Ramos v. City of Mayaguez* 467 F.3d 16, 25 (1st Cir. 2006) (quoting Wade)

342.   Plaintiff Alison Helen Fairchild proffers that the same reasons that punitive damages are necessary to deter the Defendants from engaging in discriminatory conduct in the future, this Court should fashion an appropriate injunction ordering the Defendants to take affirmative steps to prevent similar occurrences.

343.   Plaintiff Alison Helen Fairchild avers that this Court must impose injunction to force Defendants to take steps to stop its discriminatory treatment of similarly situated Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc.'s disabled tenants and guests.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 94 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

344.    On information and belief, Defendants engaged in intentional discrimination based on Plaintiff Alison Helen Fairchild's perceived disability and caused Plaintiff Fairchild to suffer deprivation of her right make and enforce contracts, with deliberate and substantial disregard for Plaintiff's rights.

345.    Defendants' actions violated 42 U.S.C. § 1981, et seq. This Court cannot in good conscience remain silent while California citizens are subject to invidious disability discrimination.

346.    Plaintiff Alison Helen Fairchild had a contract with Defendants' SmartStop Upland Plaintiff created this contract by paying rent for use of Defendants' self-storage unit, # C150.

347.    Defendants' breached this contract when they summons city of Upland police department and refused to accept rental payments from Plaintiff Fairchild

348.    The employees and managers of Defendants' Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. were at all relevant times agents and/or employees of Defendants. The employees and managers that intentionally discriminated against Plaintiff Alison Helen Fairchild were at all times acting at the directions of agent of Defendants.

349.    Plaintiff Alison Helen Fairchild seek on her own behalf and the general public, full compensation for the discriminatory acts she suffered.

350.    As a direct, foreseeable, and proximate result of and wrongful acts by Defendants. Plaintiff Alison Helen Fairchild suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at the time of trial.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 95 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

351.   As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants. Plaintiff Fairchild has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

352.   The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff's civil rights, and done by managerial employees of Defendants. Plaintiff Alison Helen Fairchild is thereby entitled to an award of punitive damages against Defendants in amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

353.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud and DOES 1-10 on the seventh claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Fairchild for her damages, together with costs and attorneys' fees in this action.

**STATEMENT OF CLAIMS FOR RELIEF**

**EIGHTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983—Disability Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981**

**(Against Defendants Court Clerk John Doe, Court Clerk Jane Doe, County of San Bernardino, and DOES 1-10)**

354.   Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint as if fully set forth herein.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 96 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

355.  .  42 U.S.C. § 1983 provides that:

**Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.**

356.    Plaintiff in this action is a citizen of the United States and all the individual court clerks, court clerk supervisors, court clerk managers, JOHN DOES, and JANE DOES Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

357.    All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as court clerks, court clerk supervisors, court clerk managers, JOHN DOES, and JANE DOES, and their acts or omissions were conducted within the scope of their official duties or employment.

358.    At the time of the complained of events, Plaintiff Fairchild had the clearly established constitutional right to be free from disability discrimination by County of San Bernardino court employees and to enjoy the equal protection of the laws.

359       Title 42 U.S.C. § 1981("Section 1981") provides, in pertinent part:

**(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains,**

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 97 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1  practice in their actions pertaining to Plaintiff Fairchild.

2

3  376.    As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical

4  and emotional injuries, and other damages and losses as described herein entitling her to

5  compensatory and special damages, in amounts to be determined at trial.

6

7  377.    As a further result of the Defendants' unlawful conduct, Plaintiff Fairchild has incurred

8  special damages, including psychologically related expenses and may continue to incur further

9  medically and other special damages related expenses, in amounts to be established at trial.

10

11  378.    Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-

12  judgment interest and costs as allowable by federal law. There may also be special damages for lien

13  interests.

14

15  379.    In addition to compensatory, economic, consequential and special damages, Plaintiff is

16  entitled to punitive damages against each of the individually named Defendants under 28 42 U.S.C.

17  § 1983, in that the actions of each of these individual Defendants have been taken maliciously,

18  willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

19

20  380.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants

21  Court Clerk John Doe, Court Clerk Jane Doe, County of San Bernardino, and DOES 1-10 on the

22  eighth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly

23  compensate Plaintiff Fairchild for her damages, together with costs and

24  attorneys' fees in this action.

25

26

27

28

**Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process**
**–Page 100 of 212**        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

## STATEMENT OF CLAIMS FOR RELIEF

## NINTH CLAIM FOR RELIEF

## 42 U.S.C. § 1983

### Fourteenth Amendment—Denial of Equal Protections of Laws

### (Against All Defendants Court Clerk John Doe, Court Clerk

### Jane Doe, County of San Bernardino, and DOES 1-10

381.    Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint as if fully set forth herein.

382.    Defendants were acting under color of state law in their actions and inactions at all times relevant to this action.

383.    On information and belief, since at least October 2019 the County of San Bernardino has had a policy, custom or practice of denying disabled U.S. citizens real property without due process of law, and in violation of the Fourteenth Amendment of the United States Constitution.

384.    On information and belief, since at least October 2019 CSB has had a policy, custom or practice of removing disabled women out of their self-storage units without due process of law.

385.    On information and belief, since at least October 2019 CSB has had a policy, custom or practice of conspiring with private United States citizens to remove a disabled and handicapped 64-year-old lady out of her self-storage unit without due process of law.

386.    On information and belief, since at least October 2019 CSB has had a policy, custom or practice of processing invalid, bogus, frivolous, and fraudulent default judgments.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 101 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

387.    On information and belief, since at least October 2019 CSB has had a policy, custom or practice of processing invalid, bogus, frivolous, and fraudulent default judgments against women protected under the American Disabilities Act of 1990, and against both state and federal laws.

388.    On information and belief, since in October 2019 CSB has had a policy, custom or practice of conspiring with private citizens to remove a disabled woman protected under the American Disabilities Act of 1990 without due process of law.

389.    On information and belief, since in October 2019 CSB has had a policy, custom or practice of conspiring with private citizens to deny disabled women real property without due process of law.

390.    The United States Constitution Amendment XIV, Section 1 provides:
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the Unitec States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny any person within jurisdiction the equal protection of the laws.

391.    The guarantees against unreasonable searches and seizures of persons contained in U.S. Constitution Amendment IV have been made applicable to the states by reason of Due Process Clause of U.S. Constitution Amendment XIV.

392.    Plaintiff Fairchild hereby alleges that many named and unnamed County of San Bernardino employees violated her rights by processing a bogus and invalid default judgment that interfered with her civil rights.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 102 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

393.   Plaintiff Fairchild hereby alleges that many named and unnamed County of San Bernardino employees violated her rights by processing a bogus and invalid small claims action that interfered with her civil rights.

394.   Plaintiff Fairchild hereby alleges that many named and unnamed County of San Bernardino employees violated her rights by processing bogus court papers that led Plaintiff being removed from self-storage unit without due process of law.

395.   Defendants were deliberately indifferent to the constitutional civil rights of Plaintiff Fairchild by denying disabled U.S. citizens real property without due process of law, and in violation of the Fourteenth Amendment of the United States Constitution.

396.   Defendants were deliberately indifferent to the constitutional civil rights of Plaintiff Fairchild by filing frivolous court papers that led to the removal of a disabled woman from her self-storage unit without due process of law.

397.   Defendants were deliberately indifferent to the constitutional civil rights of Plaintiff Fairchild by processing invalid, bogus, frivolous, and fraudulent small claims action lawsuits that led to Fairchild being denied real property without due process of law.

398.   Defendants were deliberately indifferent to the constitutional civil rights of Plaintiff Fairchild by processing invalid, bogus, frivolous, and fraudulent default judgments and smalls claims actions against women protected under the American Disabilities Act of 1990, and against both state and federal laws.

399   Defendants were deliberately indifferent to the constitutional civil rights of Plaintiff Fairchild by conspiring with private citizens to remove a disabled woman from her self-storage unit that was

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 103 of 212         ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

1  protected under the American Disabilities Act of 1990 without due process of law.

2

3  400.   Defendants were deliberately indifferent to the constitutional civil rights of Plaintiff Fairchild

4  by conspiring with private citizens to deny disabled women real property without due process of

5  law.

6

7  401.   Failure to discipline County of San Bernardino employees who have intentionally

8  violated constitutional civil rights of disabled persons protected under the American Disabilities Act

9  of 1990 are a custom, policy or practice of Defendants, and a driving force behind Plaintiff

10  Fairchild's constitutional civil rights violations as described herein.

11

12  402.   Defendants' custom, policy and practices of defending the conduct, failing to discipline,

13  timely discipline, consistently and publicly exonerating and maintaining the employment

14  of employees that engage in unconstitutional behavior, including but not limited to those County of

15  San Bernardino employees and personnel involved in the conspiracy to remove Plaintiff Fairchild

16  from her self-storage unit, the County of San Bernardino employees cold blooded murders of 91-

17  year-old Betty Francois and unnecessary shooting of Joseph McLaughlin, all these incidents were

18  the driving forces behind Plaintiff Fairchild's constitutional civil rights violations described herein.

19

20  403.   The acts and omissions of Defendants were engaged in pursuant to the custom, policy, and

21  practice of all Defendants, which encourages, condones, tolerates, and ratifies the constitutional

22  violations described herein.

23

24  404.   Defendants, by and through their official duties, failed to and continue to fail to properly and

25  professionally train, supervise, monitor and/or discipline their employees regarding the constant,

26  ongoing, and continuous civil rights violations of Plaintiff Alison Helen Fairchild, from 2018 until

27  this very present day.

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 104 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

405.    By County of San Bernardino maintaining a custom, policy or practice of allowing its employees to violate the civil rights of disabled persons over the past three decades, Defendants, and specifically Defendant County of San Bernardino has a history of being deliberately indifferent to the constitutional civil rights of United States citizens protected under the American Disabilities Act of 1990.

406.    The inadequate training, supervision, monitoring and/or discipline of County of San Bernardino employees results from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants.

407.    In light of the duties and responsibilities of the County of San Bernardino who exercise control over the civil eviction and small claims court proceedings and filings within the county of San Bernardino, the need for scrutiny in specialized training, supervision, monitoring and/or discipline regarding prevention of unconstitutional treatment of handicapped/disabled United States citizens is so obvious, and the inadequacy of appropriate training, supervision, monitoring and/or discipline is so likely to result in the violation of constitutional rights, such as those described herein, that the Defendants are liable for their failure to appropriately train, supervise, monitor and/or discipline County of San Bernardino employees and personnel.

408.    Such failure of LAD to properly and professionally train and supervise their employees was and continues to be the moving force and proximate cause of the violation of Plaintiff Fairchild constitutional rights and the rights of all other similarly situated disabled/handicapped United States citizens who have been mistreated since at least 1990.

409.    The acts or omissions of each Defendant were the legal and proximate cause of Plaintiff Fairchild damages that Plaintiff suffered from by being unconstitutionally locked out of her self-storage unit based upon an invalid and unlawful and frivolous small claims action filing.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 105 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

410.    The acts or omissions of each Defendant were the legal and proximate cause of Plaintiff Fairchild damages that Plaintiff suffered from by being unconstitutionally removed from her self-storage unit based upon an invalid and unlawful and frivolous processing of a default judgment.

411.    As a direct and proximate cause and consequences of the unconstitutional policies, procedures, customs, and/or practices described above, Plaintiff Fairchild has suffered from mental distress and a substantial loss of her real property rights without due process because of the gross negligence and deliberate indifference of all Defendants.

412.    Defendants' malicious conduct in violating Plaintiff Fairchild civil right was wanton and willful and was so intolerable to society's standards of fundamental fairness that it violated Plaintiff Fairchild's Fourteenth Amendment right not be deprived of real property without due process of law.

413.    WHEREFORE, Plaintiff Alison Helen Fairchild demands judgment against Defendants Court Clerk John Doe, Court Clerk Jane Doe, County of San Bernardino, and DOES 1-10 on the ninth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Plaintiff Fairchild for her damages, together with costs and attorneys' fees in this action.

**TENTH CLAIM FOR RELIEF---VIOLATION OF 42 USC § 1985 (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS) ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF STORAGE REIT, INC., JOHN STROKIS, MICHAEL CREAR, KIMBERLY STROUD, COUNTY OF SAN BERNARDINO, JANE DOE COURT CLERKS, JOHN DOE COURT CLERKS, & DOES 1-10**

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 106 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

414.   Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-477.

415.   This federal claim for relief is brought against Defendants pursuant to its intentional and willful violations of Plaintiff Fairchild's civil rights under 42 USC § 1985.

416.   42 U.S.C. § 1985(3) provides citizens with a cause of action against private conspiracies to violation constitutional rights. No state action prerequisite exists for such lawsuits.

417.   Plaintiff Alison Helen Fairchild alleges conspiracy to interfere with her civil rights under 42 U.S.C. § 1985(3). Section 1985(3) provides, in pertinent part, that: "If two or more persons...go...on the premises of another, for the purpose of depriving...any person...of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities...from giving or securing to all persons... the equal protection of the laws[;]...the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation...." *Id.* It is well settled that "[t]o state a claim under § 1985(3), there must be 'some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action.'" *Gedrich v. Fairfax County Dep't of Family Servs.*, 91 S.Ct. 1790, 29 L. Ed. 2d 338 (1971)).

418.   Defendant conspirator(s) become the agent of the other conspirator(s), and any act done by one of the combination is regarded under the law as the act of both or all. In other words, what one does, if there is this combination, becomes the act of both or all of them, no matter which individual may have done it. This is true to each member of the conspiracy, even those whose involvement was limited to a minor role in the unlawful transaction, and it makes no difference whether or not such individual shared in the profits of the actions. (Am. Jur. Pleading and Practice Forms, Conspiracy § 9).

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 107 of 212       *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

419.   Plaintiff Alison Helen Fairchild alleges that the Defendants, and each of them, engaged in an illegal conspiracy to interfere with Plaintiff Alison Helen Fairchild's civil rights in violation of 42 U.S.C. § 1985.

420.   Specifically, the Defendants, and each of them, did, in violation of 42 U.S.C. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Alison Helen Fairchild as a member of the disabled/handicapped class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

421.   As alleged herein, Defendants maliciously conspired with conspirators/co-conspirators with the intent to injure Plaintiff Alison Helen Fairchild.

422.   Defendants and many of their employees violated § 1985 by each of them participating in plans and conspiracies to forcefully remove Plaintiff Fairchild, use law enforcement to physically remove Plaintiff, by blocking Plaintiff from paying self-storage rent on her self-storage unit. By deactivating Plaintiff Fairchild's gate access code. By conspiring and planning to sell or otherwise dispose of Plaintiff's personal property and/or empty out Plaintiff's self-storage unit, in violation of California state law and federal statutes as well. By conspiring to overlock Plaintiff's self-storage units while she was not in default of er rental payments on her self-storage units. By initiating, processing, filing, and accepting fraudulent and unconstitutional small claim lawsuits, entry of default judgments, or default judgments. By falsifying proof of service forms. By lying in Fontana Superior Court, falsifying an entry of default judgment, suing in a false and frivolous business name that has no legal standings in violation California Business & Professions Code § 17918.

423.   By engaging in these conspired acts together, and with multiple conspirators involved, Defendants denied Plaintiff Alison Helen Fairchild reasonable public accommodations.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 108 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

424.   By engaging in these conspired acts together, and with multiple conspirators involved, Defendants denied Plaintiff Alison Helen Fairchild her constitutional right to not be denied real property without due process of law.

425.   By engaging in these conspired acts together, and with multiple conspirators involved, Defendants denied Plaintiff Alison Helen Fairchild her constitutional right to make and enforce contracts with Defendants Extra Space Storage Inc., SmartStop Self-Storage REIT, Inc, John Strokis, Michael Crear, Kimberly Stroud, JANE DOE Court Clerk, JOHN DOE Court Clerk, and SmartStop Upland's 1571 W. Foothill Blvd., Upland, CA self-storage facility

426.   By doing all the above, Defendants violated Plaintiff Alison Helen Fairchild's civil rights pursuant to 42 U.S.C. § 1985(3).

427.   All of Defendants' evil, cruel, malicious, and discriminatory acts were done solely, and specifically based on Plaintiff Fairchild's disability.

428.   Each act done in pursuance of the conspiracy by one of several conspirators is, in contemplation of law, an act for which each is jointly and severally liable, and this liability applies to damages accruing prior to the person's joining the conspiracy or thereafter and regardless of whether the person took a prominent or an inconspicuous part in the execution of the conspiracy. (Am. Jur. 2d Conspiracy §§ 70, 71).

429.   A civil conspiracy is a combination of two or more persons by some concerted action to accomplish some criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means. The conspiratorial agreement need not be in any particular form and need not extend to all the details of the conspiratorial scheme, so long as its primary purpose is to cause injury to another/Plaintiff Alison Helen Fairchild.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 109 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

430.   The gist of a civil conspiracy is not the unlawful agreement, but the damage resulting from that agreement and its execution. The cause of the action is not created by the conspiracy, but by the wrongful acts done by the Defendants that injured Plaintiff Alison Helen Fairchild. (Am. Jur. Pleading and Practice Forms, Conspiracy § 7).

431   A conspiracy may be proved by circumstantial evidence. This is because people who engage in such agreements may not voluntarily proclaim to others their purpose, therefore, a reasonable person/mind may draw on circumstantial evidence to determine whether or not a conspiracy did exist.

432.   A conspiracy may be established by interference from the nature of the acts complained of the individual and collective interests of the alleged conspirators, the situation and relation of the parties at the time of the commission of the acts, the motives that produced them, and all of the surrounding circumstances preceding and attending the culmination of the common plan or design. (Am. Jur. Pleading and Practice Forms, Conspiracy § 8).

433.   The Defendants, each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on Plaintiff Alison Helen Fairchild as described in this civil rights complaint.

434.   Plaintiff Alison Helen Fairchild hereby allege that Defendants combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

435.   Plaintiff Alison Helen Fairchild hereby allege that all Defendants combined to engage in a scheme which was intended to violate the right of Plaintiff Alison Helen Fairchild.

436.   Plaintiff Alison Helen Fairchild hereby allege that Defendants combined to engage in a

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 110 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1  scheme which was intended to violate the rights of the public-at-large.

2

3  437.   The facts, evidence and legal conclusions set forth in this civil rights complaint supports

4  that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled

5  against Plaintiff Alison Helen Fairchild; (b) engaged in conspiracy(ies) to deter, intimidate, and

6  threaten Plaintiff Alison Helen Fairchild from engaging in protected activities (ie., making and

7  enforcing contracts, making charges/filing lawsuits, telling Defendants' employees that she

8  would sue all Defendants in federal district court. Testifying, assisting or participating in

9  enforcement proceedings) and performing duties owed as a citizen to report matters of public

10  policy and/or public interest; and (c) engaged in conspiracy(ies) which resulted in injury/harm to

11  Plaintiff Alison Helen Fairchild. *Malley-Duff & Assoc. v. Crown Life Ins. Co.,* 792 F.2D 341 (3rd

12  Cir. 1986) judgment affirmed *483 U.S. 143 (1987); Chahal v. Paine Webber,* 725 F.2d 20 (2nd

13  Cir 1984).

14

15  438.   The facts, evidence and legal conclusions set forth in this civil rights complaint supports

16  that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled

17  against Plaintiff Alison Helen Fairchild; (b) engaged in conspiracy(ies) to illegally dispose of

18  Plaintiff's self-storage unit. This conspiracy was created to harm and injure Plaintiff Alison

19  Helen Fairchild.

20

21  439.   The facts, evidence and legal conclusions set forth in this civil rights complaint supports

22  that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled

23  against Plaintiff Alison Helen Fairchild; (b) engaged in conspiracy(ies) to illegally dispose of

24  Plaintiff's self-storage unit while Plaintiff was not in default of her self-storage unit's rent. This

25  conspiracy was created to harm and injure Plaintiff Alison Helen Fairchild.

26

27  440.   The facts, evidence and legal conclusions set forth in this civil rights complaint supports

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 111 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled against Plaintiff Alison Helen Fairchild, (b) engaged in conspiracy(ies) to use the assistance of city of Upland police department peace officers to physically remove Plaintiff from her 1571 W. Foothill Blvd., Upland, CA self-storage facility so that Plaintiff could not have access to her self-storage unit. This conspiracy was created to harm and injure Plaintiff Alison Helen Fairchild.

441.   The facts, evidence and legal conclusions set forth in this civil rights complaint supports that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled against Plaintiff Alison Helen Fairchild; (b) engaged in conspiracy(ies) to block Plaintiff from paying her self-storage unit rent at Defendants' SmartStop Upland self-storage facility. This conspiracy was created to harm and injure Plaintiff Alison Helen Fairchild.

442.   The facts, evidence and legal conclusions set forth in this civil rights complaint supports that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled against Plaintiff Alison Helen Fairchild; (b) engaged in conspiracy(ies) by conspiring to deny Fairchild real property without due process of law by initiating bogus small claims action, falsifying proof of services and entry of default judgment applications, creating unlawful default judgments, and denying Fairchild motion to set aside default judgment when there was clearly an overwhelming amount of evidence to grant it. By doing these unconstitutional acts Defendants interfered with Plaintiff Fairchild's constitutional 14th amendment real property rights. This conspiracy was created to harm and injure Plaintiff Alison Helen Fairchild.

443.   The facts, evidence and legal conclusions set forth in this civil rights complaint supports that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled against Plaintiff Alison Helen Fairchild; (b) engaged in conspiracy(ies) to terminate the lease of Plaintiff, revoke her gate access code, and demand that she vacates her 1571 W. Foothill Blvd.,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 112 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   Upland, CA, Smartstop self-storage units.

2

3   444.   Plaintiff Alison Helen Fairchild hereby alleges that two of more of Defendants'

4   employees and their attorneys engaged in a meeting of minds and conspired to illegally sale

5   and/or dispose of Plaintiff's self-storage unit at an illegally scheduled public auction. This

6   conspiracy was created to harm and injure Plaintiff Alison Helen Fairchild.

7

8   445.   Plaintiff Alison Helen Fairchild hereby alleges that two or more of Defendants'

9   employees engaged in a meeting of minds and conspired to illegally overlock Plaintiff

10  Fairchild's self-storage unit while she was not in default of her self-storage unit's rent. This

11  conspiracy was created to harm and injure Plaintiff Alison Helen Fairchild.

12

13  446.   Plaintiff Alison Helen Fairchild hereby alleges that two of more of Defendants'

14  employees engaged in a meeting of minds and conspired to use the assistance of city of Upland

15  police department peace officers to physically remove Plaintiff Fairchild from her 1571 W.

16  Foothill Blvd., CA so that Plaintiff could not have access to her self-storage unit. This

17

18  conspiracy was created to harm and injure Plaintiff Alison Helen Fairchild.

19

20  447.   Plaintiff Alison Helen Fairchild hereby alleges that two of more of Defendants'

21  employees engaged in a meeting of minds and conspired to block Plaintiff Fairchild from paying

22  rent at their 1571 W. Foothill Blvd. Duarte, CA self-storage facility. This conspiracy was

23  created to harm and injure Plaintiff Alison Helen Fairchild.

24

25  448.   Plaintiff Alison Helen Fairchild hereby alleges that two of more of Defendants'

26  employees engaged in a meeting of minds and conspired to terminate the lease of Plaintiff

27  Fairchild, revoke her gate access code, and demand that she both vacate their 1571 W. Foothill

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 113 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Blvd., Upland, CA SmartStop Upland self-storage facility. This conspiracy was created to harm and injure Plaintiff Alison Helen Fairchild.

449.   Plaintiff Alison Helen Fairchild hereby alleges that two of more of Defendants' employees engaged in a meeting of minds and conspired to illegally sale and/or otherwise dispose of Plaintiff's self-storage unit. This conspiracy was created to harm and injure Plaintiff Alison Helen Fairchild.

450.   Plaintiff Alison Helen Fairchild hereby alleges that all named Defendants engaged in a meeting of minds and conspired to interfere with the constitutional due process rights of Plaintiff. This conspiracy was created to harm and injure Plaintiff Alison Helen Fairchild.

451.   Plaintiff Alison Helen Fairchild hereby alleges that all named Defendants engaged in a meeting of minds and conspired to intentionally and deliberately deny Fairchild of her rights to not be denied real property without due process of law. This conspiracy was created to harm and injure Plaintiff Alison Helen Fairchild.

452.   Although it is true that a corporation cannot conspire with itself, a conspiracy may be established where individual defendants are named and those defendants acted outside the scope of their employment for personal reasons. *Swann v. City of Dallas,* 922 F.Supp. 1184 (N.D. Texas 1996); *(citing Garza v. City of Omaha*, 814 F.2d 553, 556 (8th Cir. 1987)), aff'd, 131 F.3d 140 (5th Cir. 1997).

453.   The facts, evidence and legal conclusion contained in this instant civil rights complaint will support that Defendants and their employees acted both within and outside the scope of their employment for personal reasons and bias towards Plaintiff Alison Helen Fairchild. Moreover, said conspiracy(ies) was/were inspired and motivated by Defendants' engagement in

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 114 of 212         *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

systematic disability bias, discriminatory, and retaliatory practices against Plaintiff Alison Helen Fairchild because of her disability. Knowledge of their engagement in protected activities, and systematic discriminatory practices –discrimination, retaliation, and harassment—as well as a conspiracy based on Defendants' knowledge of Plaintiff Alison Helen Fairchild's engagement in protected activities (i.e., discrimination for making charges/filing lawsuits, testifying, assisting, or participating in litigation/proceedings), thereby conspiring to deprive Plaintiff Alison Helen Fairchild of her rights that were and are secured and guaranteed under the Constitution and other laws of the United States.

454.   Defendants' employees acted outside of the scope of their employment for personal reasons when they conspired to illegally overlock Fairchild self-storage units.

455.   Defendants' employees acted outside of the scope of their employment for personal reasons when they conspired to initiate frivolous lawsuits, falsify proof of services, submit fraudulent default judgment applications and process frivolous small claims applications, which were all done to harm Plaintiff Fairchild

456.   All named Defendants and/or their employees acted outside of the scope of their employment for personal reasons when they all conspired in one way or another, through a meeting of minds and in concert, to intentionally deprive Fairchild of her constitutional rights to not be denied real property without due process of law.

457.   In doing the acts alleged, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc, John Strokis, Michael Crear, Kimberly Stroud and their employees and agents also acted in their official capacities regarding Defendants' 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage facility, by conspiring to use force to remove both Plaintiff Alison Helen Fairchild.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 115 of 212   *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

458. For these reasons, all named Defendants and DOES 1-10 are liable to Plaintiff Fairchild for damages due to all their violations of 42 U.S.C. § 1985.

459. Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc, John Strokis, Michael Crear, Kimberly Stroud and employees' actions, conduct and behavior was demonstrated to be part of a class-based invidiously discriminatory animus when their SmartStop Upland employees and managers conspired to instruct and request that city of Upland police department to trespass a disabled woman, and the actions of Defendants' employees preceded Defendants' refusal to contract with Plaintiff Fairchild, and the disability discriminatory conduct preceded Defendants' termination of Plaintiff Fairchild's contractual relationship with Defendants' public accommodation 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage facility.

460. All named Defendants and/or their names employees' actions, conduct and behavior was demonstrated to be part of a class-based invidiously discriminatory animus to deprive Plaintiff Fairchild of her constitutional civil rights to not be denied real property without due process of law. Including but not limited to Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc, John Strokis, Michael Crear, Kimberly Stroud, County of San Bernardino, JOHN DOE Court Clerks, JANE DOE Court Clerk.

461. Each Defendant conspirator is jointly and severally liable for all damages resulting from the conspiracy, and where that conspiracy is proven, any act done by any one of the two or more persons so conspiring, in furtherance of the common design and in accordance with the general plan, becomes the act of all, and each conspirator is responsible for such act. It is not necessary, to establish the liability of a participant in an unlawful conspiracy, to show that such person was a party to its contrivance at its inception. In other words, a conspiracy may start with a few participants and then add others as it progresses. If so, the conspirator who becomes a part of the

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981,1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process —Page 116 of 212    *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   conspiracy at or near the end is just as responsible for the damage that results as the one who

2   was in it at the beginning. The actual time when any of them might have come into

3   understanding makes no difference. Therefore, when it is shown that the individual who came in

4   at a later date knew of the unlawful design and willfully aided in its execution, such individual is

5   chargeable with the consequences that flowed from the unlawful design.

7   462.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants

8   Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear,

9   Kimberly Stroud, County of San Bernardino JOHN DOE Court Clerks, JANE DOE Court

10   Clerk, and DOES 1-10 on the tenth cause of action of the Plaintiff's civil rights complaint in the

11   amount that will justly compensate Plaintiff for her damages, together with costs and attorneys'

12   fees in this action.

14   **ELEVENTH CLAIM FOR RELIEF---VIOLATION OF 42 USC § 1986 (NEGLECT TO**

15   **PREVENT DEPRIVATION OF RIGHTS) ALLEGED BY PLAINTIFF ALISON HELEN**

16   **FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC.,**

17   **SMARTSTOP SELF-STORAGE REIT, INC., JOHN STROKIS, MICHAEL CREAR,**

18   **COUNTY OF SAN BERNARDINO, & DOES 1-10**

20   463.   Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-462.

22   464.   At all relevant times all Defendants' district managers, supervisors, managers and

23   employees were employed by Defendants Extra Space Storage Inc., SmartStop Self Storage

24   REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and County of San Bernardino

25   were fully involved with the interest of having Alison Helen Fairchild discriminated against and

26   removed from her 1571 W. Foothill Blvd., Upland, CA, SmartStop Upland self-storage premises

27   permanently.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
--Page 117 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

465.   At all relevant times all Defendants' district managers, supervisors, managers and employees were employed by Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and County of San Bernardino were fully involved with the conspiracy to deprive Fairchild of real property without due process of law, and each of them.

466.   This federal claim for relief is brought against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and County of San Bernardino and DOES 1-10 pursuant to their intentional and willful violations of Plaintiff Fairchild's civil rights under 42 USC § 1986.

467.   Plaintiff Alison Helen Fairchild alleges that 42 U.S.C. § 1986 creates a claim for relief

for the failure to prevent a conspiracy within the meaning of 42 U.S.C. § 1985:
Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

468.   An essential element of a claim under 42 U.S.C. § 1986 is the existence of a § 1985(3) claim. *Williams v. St. Joseph Hospital*, 629 F.2d 448, 451-452 (7th Cir. 1980).

469.   Plaintiff Alison Helen Fairchild avers that all above named Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, County of San Bernardino and DOES 1-10 did, in violation of 42 U.S.C. § 1986, with knowledge of the wrongs

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
-Page 118 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1  conspired to be done at the request and instruction of one or more of the Defendants, were about

2  to be committed, and having power to prevent or aid in preventing the commission of same,

3  neglected or refused to do so, to wit: neglecting or refusing to prevent, with knowledge of a

4  conspiracy to deprive, either directly or indirectly,

5

6  470.   Plaintiff Alison Helen Fairchild as a member of the disabled/handicapped protected class

7  of people, the equal protection of the laws, and of the equal privileges and immunities under the

8  laws.

9

10  471.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

11  Michael Crear, County of San Bernardino and DOES 1-10, and several of their employees

12  conspired to violate Plaintiff Alison Helen Fairchild's civil rights by refusing to contract with

13  Plaintiff, by conspiring to forcefully remove her from their self-storage facility's premises, by

14  refusing to accept rental payments of Plaintiff's self-storage units, by filing frivolous small

15  claims actions, by serving bogus papers and falsifying proof of service forms while under the

16  penalty of perjury, and by intentionally moving forward with false and fraudulent illegal auction

17  proceedings that were created to dispose of Plaintiff's self-storage unit.

18

19  472.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

20  Michael Crear, County of San Bernardino and DOES 1-10 and several of their employees

21  conspired to violate Plaintiff Alison Helen Fairchild's civil rights by depriving her of real

22  property without due process of law

23

24  473.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

25  Michael Crear, County of San Bernardino and DOES 1-10 and several of their employees

26  conspired to violate Plaintiff Alison Helen Fairchild's civil rights by intentionally moving

27  forward with false and fraudulent illegal auction proceedings that were created to dispose of

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 119 of 212        ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

1    Plaintiff's self-storage unit.

2

3    474.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

4    Michael Crear, County of San Bernardino and DOES 1-10 and several of their employees

5    conspired to violate Plaintiff Alison Helen Fairchild's civil rights by allowing their employees to

6    violate Fairchild's constitutional rights to not be denied real property without due process of

7    law.

8

9    475.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

10   Michael Crear, County of San Bernardino and DOES 1-10, and several of their employees

11   conspired to violate Plaintiff Alison Helen Fairchild's civil rights by allowing their employees to

12   violate Fairchild's constitutional rights pursuant to Title III of the American Disabilities Act of

13   1990.

14

15   476.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

16   Michael Crear, County of San Bernardino and DOES 1-10 and several of their employees

17   conspired to violate Plaintiff Alison Helen Fairchild's civil rights by processing bogus and

18   invalid small claims lawsuits, by conspiring with other County of San Bernardino employees to

19   harm Fairchild, and by removing and conspiring to remove a disabled woman from her self-

20   storage unit based upon a fraudulent and unconstitutional writ of possession.

21

22   477.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

23   Michael Crear, County of San Bernardino and DOES 1-10 conspired to violate Plaintiff Alison

24   Helen Fairchild's civil rights by depriving her of real property without due process of law

25

26   478.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

27   Michael Crear, and DOES 1-10 and several of their employees conspired to violate Plaintiff

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 120 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Alison Helen Fairchild's civil rights by allowing their employees to violate Fairchild's constitutional rights to not be denied real property without due process of law.

479.   Defendants County of San Bernardino and DOES 1-10 and several of their employees conspired to violate Plaintiff Alison Helen Fairchild's civil rights by allowing their employees to violate Fairchild's constitutional rights to not be denied real property without due process of law.

480.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 and several of their employees conspired to violate Plaintiff Alison Helen Fairchild's civil rights by allowing their employees to violate Fairchild's constitutional rights pursuant to Title III of the American Disabilities Act of 1990.

481.   Defendants County of San Bernardino DOES 1-10 and several of their employees conspired to violate Plaintiff Alison Helen Fairchild's civil rights by allowing their employees to violate Fairchild's constitutional rights pursuant to Title II of the American Disabilities Act of 1990.

482.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear and several of their employees of 1571 W. Foothill Blvd., Upland, CA self-storage facility and their headquarters conspired to violate Plaintiff Alison Helen Fairchild's civil rights by conspiring and planning to illegally sell her personal property.

483.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear and several of their employees of 1571 W. Foothill Blvd., Upland, CA, SmartStop Upland self-storage facility and their headquarters in Sal Lake City, Utah and Orange County, California, conspired to violate Plaintiff Alison Helen Fairchild's civil rights by having

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 121 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   knowledge of a frivolous planned public auction, false proof of service, ADA violations, civil

2   rights violations, and small claims action, yet deliberately failed to protect Alison Helen

3   Fairchild.

4

5   484.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

6   and Michael Crear conspired to violate Plaintiff Fairchild's civil rights by having knowledge of

7   their employees processing a bogus and invalid small claims action and doing nothing to prevent

8   the harm from happening to Fairchild.

9

10   485.   Defendants County of San Bernardino and DOES 1-10 conspired to violate Plaintiff

11   Fairchild's civil rights by having knowledge of their employees processing a bogus and invalid

12   small claims action and doing nothing to prevent the harm from happening to Fairchild.

13

14

15   486.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

16   and Michael Crear conspired to violate Plaintiff Fairchild's civil rights by having knowledge of

17   their employees removing a disabled woman from her self-storage units and doing nothing to

18   stop the harm from happening to Fairchild.

19

20   487.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

21   and Michael Crear conspired to violate Plaintiff Fairchild's civil rights by having knowledge of

22   their employees depriving Fairchild of real property without due process of law, and again doing

23   nothing to stop the harm from happening to Fairchild.

24

25   488.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

26   and Michael Crear conspired to violate Plaintiff Fairchild's civil rights by having knowledge of

27   their employees depriving Fairchild of real property without due process of law and doing

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 122 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   nothing to stop the harm from happening to Fairchild.

2

3   489.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

4   and Michael Crear conspired to violate Plaintiff Fairchild's civil rights by having knowledge of

5   their employees processing a bogus and invalid writ of small claims lawsuit and doing nothing

6   to prevent the harm from happening to Fairchild.

7

8   490.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

9   and Michael Crear conspired to violate Plaintiff Fairchild's civil rights by having knowledge of

10   their employees processing a bogus and invalid default judgment and doing nothing to prevent

11   the harm from happening to Fairchild.

12

13   491.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

14   and Michael Crear conspired to violate Plaintiff Fairchild's civil rights by having knowledge of

15   their employees processing a bogus and invalid writ of small claims lawsuit and doing nothing

16   to prevent the harm from happening to Fairchild.

17

18   492.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

19   and Michael Crear conspired to violate Plaintiff Fairchild's civil rights by having knowledge of

20   their employees violating Fairchild's civil rights pursuant to Title III of the American

21   Disabilities Act of 1990.

22

23   493.   Defendants County of San Bernardino and DOES 1-10 conspired to violate Plaintiff

24   Fairchild's civil rights by having knowledge of their employees violating Fairchild's civil rights

25   pursuant to Title II of the American Disabilities Act of 1990.

26

27   494.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 123 of 212      ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

and Michael Crear and several of their employees of 1571 W. Foothill Blvd., Upland, CA,
SmartStop Upland self-storage facility and their headquarters located in Orange County,
California and Sal Lake City, Utah conspired to violate Plaintiff Alison Helen Fairchild's civil
rights by having knowledge of lease termination, yet intentionally failing to reinstate, 1571 W.
Foothill Blvd., Upland, CA, self-storage facility rental agreement.

495.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,
and Michael Crear conspired to violate Plaintiff Alison Helen Fairchild's civil rights by having
knowledge of every single above stated civil rights violation yet deliberately failed to stop their
employees' actions.

496.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,
and Michael Crear failed to protect Plaintiff Fairchild from a conspiracy that was created to
harm and injure Alison Helen Fairchild, violating **California Business & Professions Code §
21703, and AB-1108 Self-service storage facilities. (2017-2018), California Code of Civil
Procedure §§ 415.20, 2009, & 587, California Business & Professions Code § 17918, and
the 14 Amendment of the United States Constitution.**

497.   Defendants County of San Bernardino conspired to violate Plaintiff Alison Helen
Fairchild's civil rights by having knowledge of every single above stated civil rights violation
yet deliberately failed to stop their employees' actions.

498.   Defendants County of San Bernardino failed to protect Plaintiff Fairchild from a
conspiracy that was created to harm and injure Alison Helen Fairchild, violating **California
Business & Professions Code § 21703, and AB-1108 Self-service storage facilities. (2017-
2018), California Code of Civil Procedure §§ 415.20, 2009, & 587, California Business &
Professions Code § 17918, and the 14 Amendment of the United States Constitution.**

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of
1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh
Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross
Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 124 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

499.   Plaintiff Alison Helen Fairchild allege that Defendants, and each and all of them, had knowledge of the § 1985 conspiracy(ies), the power to protect Plaintiff Alison Helen Fairchild, and neglected or refused to protect Plaintiff, and because of this Defendants, and each and all of them, are liable under § 1986.

500.   At least one or more Defendants were bystanders who many not themselves have been conspirators under § 1985 yet remain liable under § 1986. After all, those with knowledge of the underlying conspiracy puts them in the optimal position to prevent it. A negligent failure to protect by an actor with knowledge of a § 1985 conspiracy and power to protect its victims is actionable. **See** *Clark v. Clabaugh*, 20 F.3d 1290, 1298 (3d Cir. 1994) ***(finding that negligence is sufficient to maintain § 1986).***

501.   Plaintiff Alison Helen Fairchild hereby allege that at least one or more of the Defendants could have stopped the conspiracy he or she was part of to violate Plaintiff's civil rights on at least one, if not more, occasion. Plaintiff Alison Helen Fairchild avers that the facts, evidence, and legal conclusions alleged in this civil rights complaint demonstrate that at least one or more Defendants had actual knowledge of the § 1985 conspiracy, that at least one or more of Defendants had the power to prevent or aid in preventing the commission of the § 1985 violations, that at least one or more of Defendants neglected or refused to prevent the § 1985 conspiracy, and that one or more wrongful act(s) was committed by the conspirators.

502.   For these reasons, each and all above named Defendants are liable under 42 U.S.C. § 1986 for all damages that he or she could have prevented with reasonable diligence. *Clark v. Clabaugh*, 20 F.3d at 1298.

503.   **WHEREFORE,** Plaintiff Alison Helen Fairchild demands judgment against Defendants

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 125 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear DOES 1-10 on the eleventh claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**TWELFTH CLAIM FOR RELIEF---CIVIL CONSPIRACY-- ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF-STORAGE REIT, INC., JOHN STROKIS, KIMBERLY STROUD, MICHAEL CREAR, & DOES 1-10**

504.    Plaintiff Alison Helen Fairchild hereby reserves her right to amend her civil rights complaint and the above stated California tort against Defendants County of San Bernardino JOHN DOE Court Clerks, JANE DOE Court Clerks, unnamed Defendants, and DOES 1-10.

505.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-504.

506.    At all relevant times, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear's property managers, supervisors and employees were employed by Defendants and were fully involved with the interest of having Alison Helen Fairchild discriminated against and removed from their 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage premises permanently.

507.    The elements of a civil conspiracy in the state of California are (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting. See *Mosier v. Southern Cal. Physicians Ins. Exchange*, 63 Cal.App.4th 1022 (Cal. Ct. App. 1998)

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
-Page 126 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

508.   "[T]he major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor or regardless of the degree of his activity. See *Applied Equipment Corp.*, supra, 7 Cal. 4th at p. 511.

509.   "The basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act. The conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571 (Cal. Ct. App. 1995)

510.   A civil conspiracy is a combination of two or more persons to accomplish by concerted action a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means. See; *Parkinson Co. v. Bldg. Trades Council*, 154 Cal. 581 (Cal. 1908); *Peskin v. Squires*, 156 Cal.App.2d 240 (Cal. Ct. App. 1957)

511.   It is a legal commonplace that the existence of a conspiracy may be inferred from circumstances, and that the conspiracy need not be the result of an express agreement but may rest upon tacit assent and acquiescence. See *Holder v. Home Sav. Loan Assn*, 267 Cal.App.2d 91 (Cal. Ct. App. 1968); *Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773 (Cal. 1979)

512.   A person who joins a conspiracy after its inception is liable for acts of the conspiracy committed prior to the time of joining. See *Vries v. Brumback*, 53 Cal.2d 643 (Cal. 1960)

513.   Liability under a conspiracy theory exists when there has been formed and operated a

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 127 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

conspiracy to accomplish a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means which results in actual damage. See *Clark v. Leshner* (1951) 106 Cal. App. 2d 403, 409 235 P.2d 71.\

514.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear entered into an agreement and/or understanding and otherwise conspired with other named and yet unnamed Defendants to tortuously interfere with Plaintiff Alison Helen Fairchild's civil rights under federal law.

515.    In furtherance of the conspiracy, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear and their employees Kimberly Stroud, Steven Franklin, Steven Piazza conspired to overlock Plaintiff Fairchild's self-storage unit, on or about July 20, 2019 even though Plaintiff Fairchild was not in default of her rent, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

516.    In furtherance of the conspiracy, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud and DOES 1-10 conspired to list and advertise Plaintiff Fairchild's self-storage units without sending her a notice of preliminary lien, violating **California Business & Professions Code § 21703, and AB-1108 Self-service storage facilities. (2017-2018).**

517.    In furtherance of the conspiracy, Defendants e and its employees Kimberly Stroud, Steven Franklin, and Steven Piazza conspired to have Plaintiff Fairchild trespassed from their 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage facility by city of Upland police department peace officers in July 2019.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 128 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

518.   In furtherance of the conspiracy, Defendants and their employees conspired to harm Fairchild by filing falsified proof of services, filing and serving frivolous small claims actions, submitting perjurious entry of default judgments, among many other named or unnamed civil rights violations stated herein and thoroughly throughout paragraphs 1-517.

519.   In furtherance of the conspiracy, Defendants and their employees conspired to harm Fairchild by filing falsified proof of services, filing and serving frivolous small claims actions, submitting perjurious entry of default judgments, among many other named or unnamed civil rights violations stated herein and thoroughly through paragraphs 1-518.

520.   In furtherance of the conspiracy, Defendants and their employees conspired and planned to illegally and unconstitutionally dispose of Plaintiff Fairchild's self-storage unit.

521.   In furtherance of the conspiracy, Defendants and their employees conspired to block and/or revoked the gate code access of Plaintiff Fairchild, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

522.   In furtherance of the conspiracy, Defendants and their employees conspired and planned to terminate the rental agreement of Plaintiff Fairchild and demand that she vacates her self-storage unit.

523.   In furtherance of the conspiracy, Defendants and their employees conspired and planned to initiate unconstitutional, frivolous, bogus and fraudulent state court small claims proceedings.

524.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and their cold and heartless 1571 W. Foothill Blvd., Upland, CA property

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 129 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

manager Kimberly Stroud did not care about a disabled woman named Alison Helen Fairchild. Defendants' manager Kimberly demonstrated invidiously discriminatory animus towards Plaintiff Fairchild by trespassing her when Fairchild had engaged in no wrongdoing whatsoever. These actions were a violation of Plaintiff Fairchild's constitutional civil rights based on Plaintiff Fairchild's disability. These actions were in direct violation of Plaintiff's civil rights. As similarly situated SmartStop Upland tenants/customers were treated differently, and on more than one occasion Defendants' employee/agent conspired to injure Plaintiff Fairchild and deny her advantages, privileges and accommodations to occupy her self-storage unit, # C150, located at 1571 W. Foothill Blvd., Upland, CA, 91786

525.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear and their cold and heartless employees did not care about a disabled woman named Alison Helen Fairchild. Defendants' employees Steven Franklin, Steven Piazza and DOES 1-10 demonstrated invidiously discriminatory animus towards Plaintiff Fairchild by falsifying proof of services, falsifying entry of default application, filing frivolous small claims actions, and making false statements on several California judicial forms with the sole purpose

of deny Fairchild real property without due process of law.

526.    Plaintiff Alison Helen Fairchild hereby alleges that Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear and their employees Kimberly Stroud, Steven Franklin, Steven Piazza and DOES 1-10 and other unnamed employees, combined and conspired wrongfully to discriminate against Plaintiff for the purpose of injuring Alison Helen Fairchild.

527.    Plaintiff Alison Helen Fairchild hereby allege that Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear, their employees Kimberly

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 130 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Stroud, Steven Franklin, Steven Piazza and DOES 1-10 and other unnamed employees, combined and conspired wrongfully to discriminate against Plaintiff for the purpose of injuring Plaintiff Alison Helen Fairchild.

528.   As a direct and proximate result of all above named Defendants' tortious acts committed in furtherance of the above-referenced conspiracy, Plaintiff Alison Helen Fairchild has suffered actual damages and is entitled to the relief sough herein.

529.   As a direct and proximate result of all Defendants' conduct, Plaintiff Alison Helen Fairchild might be required to obtain mental health treatment in an amount to be determined by proof at trial and will, in the future, be compelled to incur additional obligations for mental health treatment in an amount to be determined by proof at trial.

530.   Plaintiff Alison Helen Fairchild avers all above named Defendants are liable to Plaintiff for actual and punitive damages given their civil conspiracy.

531.   Under the doctrine of respondeat superior, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear and DOES 1-10, employers of the conspiring Defendants Kimberly Stroud, Steven Piazza, Steven Franklin, and those JANE DOE and/or JOHN DOE Defendants involved is or are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

532.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear and DOES 1-10 on the twelfth claim for relief of the Plaintiff's civil rights complaint in the

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 131 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

## THIRTEENTH CLAIM FOR RELIEF---NEGLIGENCE-- ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF-STORAGE REIT, INC., JOHN STROKIS, KIMBERLY STROUD, MICHAEL CREAR, & DOES 1-10.

533.   Plaintiff Alison Helen Fairchild hereby reserves her right to amend her civil rights complaint and the above stated California tort against Defendants County of San Bernardino, JOHN DOES Court Clerks, JANE DOES Court Clerks, unnamed Defendants, and DOES 1-10.

534.   Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-533.

535.   At all relevant times, Defendants' property managers, supervisors and employees were employed by Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear and DOES 1-10 and were fully involved with the interest of having Plaintiff Alison Helen Fairchild discriminated against, and her civil rights violated.

536.   In choosing to operate and own a California self-service self-storage facility open to the public, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Kimberly Stroud, Michael Crear and DOES 1-10 undertook the duty to exercise reasonable care to operate and maintain the safety of the public who rented out their 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage units.

537.   A cause of action for negligence requires Plaintiff Alison Helen Fairchild establish (1) Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
-Page 132 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   Michael Crear, Kimberly Stroud, and DOES 1-10 owed a duty of care to Plaintiff Alison Helen

2   Fairchild; (2) at least one or more of Defendants breached that duty by a negligent act or

3   omission; and (3) the Defendants' breach was the actual and proximate cause of Plaintiff Alison

4   Helen Fairchild's injury(ies); and (4) Plaintiff Alison Helen Fairchild suffered an injury or

5   damages resulting from Defendants' breach.

6

7   538.    Negligence is governed by California Civil Code § 1714. The presumption of negligence

8   based on violation of statute is governed by California Evidence Code § 669.

9

10  539.    Comparative negligence is governed by assumption of the risk. *Nga Li v. Yellow Cab*

11  *Co.*, 13 Cal.3d 804 (Cal. 1975); see also; Knight v. Jewett, 3 Cal.4th 296 (Cal. 1992)

12

13  540.    The cause of action for negligence requires that the defendant breached a duty of care

14  owed to the plaintiff or to a class of persons of which the plaintiff is a member. This is an

15  indispensable prerequisite to the imposition of liability based on negligence. See *Valdez v. J.D.*

16  *Diffenbaugh Co.,* 51 Cal.App.3d 494 (Cal. Ct. App. 1975) at p. 505

17

18  541.    The requirement of duty is an obligation, recognized by the law, requiring the actor to

19  conform to a certain standard of conduct, for the protection of others against unreasonable risks.

20  See *Hilyar v. Union Ice Co.*, 45 Cal.2d 30 (Cal. 1955*); Peter W. v. San Francisco Unified*

21  *Sch. Dist,* 60 Cal.App.3d 814 (Cal. Ct. App. 1976)

22

23  542.    Negligence is a failure to exercise the degree of care in a given situation that a reasonable

24  man under similar circumstances would exercise to protect others from harm. See *Donnelly v.*

25  *Southern Pacific Co.*, 18 Cal.2d 863 (Cal. 1941) at p. 869

26

27  543.    All Defendants executed negligence by their deliberate, willful and intentional tortious

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 133 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

actions that violated city ordinances, state law regulations and federal laws.

544.     The elements necessary to establish a presumption of negligence arises from statutory violations are pursuant to California Evidence Code § 669 (a).

- The person violated a statute, ordinance, or regulation of a public entity.
- The violation directly and legally (proximately) caused death or injury to person or property.
- The death or injury resulted from an occurrence of the nature that the statute, ordinance, or
  regulation was designed to prevent; and
- The person suffering the death or injury to his or her person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

545.     Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Kimberly Stroud, and Michael Crear and DOES 1-10 violated many state and federal laws when they overlocked Plaintiff's self-storage unit, # C150. The actions of above Defendants caused injury to Fairchild's real property and emotional well-being.

546.     Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Kimberly Stroud, and Michael Crear violated many state and federal laws when they revoked Plaintiff Fairchild's gate access code while Plaintiff was not in default of her self-storage rental unit. The actions of above Defendants caused injury to Fairchild's real property and emotional well-being.

547.     Defendants violated many state and federal laws when they planned and conspired to illegally list Plaintiff Fairchild's self-storage units, Unit # C150, to advertise that Plaintiff's

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 134 of 212     ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

personal property was for sale. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

548.    Defendants violated many state and federal laws when their employees refused to accept commercial self-storage rental payments from Plaintiff Alison Helen Fairchild. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

549.    Defendants violated many state and federal laws when they initiated a frivolous small claims action in which the Plaintiff in that case SST II W. FOOTHILL BLVD, LLC had no standings to bring forth the action. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

550.    Defendants violated many state and federal when they allowed their employees; including but not limited to Steven Franklin and Steven Piazza to create and file a bogus and fraudulent default judgment and entry of default judgment against Plaintiff Fairchild. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

551.    Defendants violated many state and federal laws when they allowed their employees to file a perjurious and falsified proof of service in order to support their invalid and unconstitutional default judgment against Alison Helen Fairchild. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

552.    Defendants violated many state and federal laws when they failed to act against employees that were clearly mistreating Plaintiff Fairchild. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 135 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

553. Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Kimberly Stroud, and Michael Crear violated many state and federal laws when they failed to act against Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees that were on numerous occasions locking the SmartStop Upland public woman's restroom, which on nearly every occasion resulted in Fairchild urinating on herself. The actions of the above Defendants caused injury to Fairchild's her physical and emotional well-being.

554. Defendants violated many state and federal laws when their non handicapped property manager Kimberly Stroud treated Plaintiff Alison Helen Fairchild different than other non-handicapped 1571 W. Foothill Blvd., Upland, CA guests/tenants. Which deprived Plaintiff Fairchild of her constitutional rights, in violation of state and federal civil rights statutes. After their SmartStop Upland property manager Kimberly called city of Upland police department on Plaintiff Fairchild and requested that law enforcement trespass and remove Plaintiff from her self-storage unit's premises.

555. Defendants violated many state and federal laws when she hired a legal processing company to improperly serve a bogus, frivolous, and meritless small claims action that had no legal standings to be in court in the first place. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

556. Defendants violated many state and federal laws when she was aware that their employees had falsified a proof of service which led to the bogus and fraudulent default judgment of Alison Helen Fairchild. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

557. Defendants violated many state and federal laws when it allowed hired corrupt and dishonest legal process server company to falsify a proof of service that was used for

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 136 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Defendants' owned SST II 1571 W. FOOTHILL BLVD., LLC to obtain a bogus and invalid writ of possession. The actions of the above Defendant caused injury to Fairchild's real property and her physical and emotional well-being.

558.    Defendants violated many state and federal laws when it allowed corrupt and dishonest legal processing company to attempt to serve a bogus and fraudulent small claims action at Fairchild' P.O. BOX, in direct violation California Code of Civil Procedure § 415.20. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

559.    Defendants violated many state and federal laws when it hired a shady legal process serving company to assist with interfering with Fairchild's civil rights to not be denied real property without due process of law.

560.    Because of the actions of Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Kimberly Stroud, and Michael Crear, an occurrence of an injury occurred to Plaintiff Alison Helen Fairchild from or about July 10, 2019, until this present day. As Fairchild suffered intense emotional and mental distress while being wrongfully discriminated against and mistreated by said Defendants at their commercial real estate self-storage facility located at 1571 W. Foothill Blvd., Upland, CA 91786.

561.    Because of the actions of Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Kimberly Stroud, and Michael Crear an occurrence of an injury occurred to Plaintiff Alison Helen Fairchild from on or about July 10, 2019, until this present day. As Fairchild suffered intense emotional and mental distress, a loss of real property, and her civil rights violated while being wrongfully discriminated against and mistreated by said Defendants based on their conspiracies and interference of Fairchild civil rights that led to

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 137 of 212        ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

fraudulent and frivolous state court small claims proceedings at State of California San Bernardino County Fontana Superior Court, located at 17780 Arrow Blvd., Fontana, CA 92335.

562.   Because of the actions of Defendants, an occurrence of an injury occurred to Plaintiff Alison Helen Fairchild from on or about September 5, 2019, until this present day. As Fairchild suffered intense emotional and mental distress, a loss of real property, and her civil rights violated while being wrongfully discriminated against and mistreated by said Defendants based on their conspiracies and interference of Fairchild civil rights that led to fraudulent and frivolous state court proceedings at State of California San Bernardino County Fontana Superior Court, located at 17780 Arrow Blvd., Fontana, CA 92335.

563.   In negligence actions, the doctrine of res ipsa loguitur applies if the occurrence of an injury is of such a nature that it can be said, in light of past experience, that it probably was the result by someone and that the defendant probably is the person responsible. See *Gannon v. Elliot* (1993) 19 Cal. App. 4th 1, 6, 23 Cal. Rptr. 2d 861. In determining whether these probabilities exist with respect to a particular occurrence, the courts have relied on both expert testimony and common knowledge.

564.   Doctrines establishes defendant's negligence as matter of law if defendant fails to produce evidence sufficient to support a finding that he or she was not negligent or that any negligence on his or her part was not a proximate cause of the occurrence, the trier of fact may still find the defendant liable based on the facts that gave rise to the rise to the res ipsa presumption as well as the other evidence in the case. See California Evidence Code §§ 604, 646(c)

565.   A trespasser is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise. A licensee is a

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 138 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission. A gratuitous licensee other than a business visitor. A business visitor is a person who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them. For all purposes of every single allegation mentioned throughout this civil rights complaint. Plaintiff Alison Helen Fairchild was gratuitous licensee of Defendants' SmartStop Upland self-storage facility located at: 1571 W. Foothill Blvd., # C150, Upland, CA, 91786, and at all relevant times of Defendants' negligence mentioned and stated herein. See Restatement of the Law, Torts, § 329, *et seq.; Oettinger v. Stewart*, 24 Cal.2d 133 (Cal. 1944)

566.    Just as an employee can act to cause another's injury in a tortious manner, so can an employer be independently liable in tort.

567.    At all times as alleged herein that Defendants' employees Kimberly Stroud, Steven Piazza, Steven Franklin. JANE & JOHN DOES were acting both individually and within the course and scope of their employment with Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10.

568.    Under the doctrine of respondeat superior, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear and DOES 1-10 are liable in actual and punitive damages to Plaintiff Alison Helen Fairchild for their employees, agents, and representatives' negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid.

569.    Plaintiff Alison Helen Fairchild hereby alleges that Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear and DOES 1-10 were negligent, reckless, grossly negligent, willful, and wanton, and malicious, and breach their duty with

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
-Page 139 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

respect to Plaintiff Alison Helen Fairchild by:

   a. Failing to exercise due care under the circumstances.

   b. Failing to sufficiently monitor Plaintiff's interaction with SmartStop upland employees, managers and executives.

   c. Failing to properly and professionally train SmartStop Upland staff to ensure the safety of Plaintiff Alison Helen Fairchild.

   d. Failing to institute and/or enforce adequate policy and procedure to protect Plaintiff Alison Helen Fairchild from abuse by SmartStop Upland employees, and all other JOHN DOE and/or JANE DOE defendants.

   e. Intentionally banning and trespassing Plaintiff Alison Helen Fairchild from 1571 W. Foothill Blvd., SmartStop upland for no cause of wrongdoing on the behalf of Alison Helen Fairchild.

   f. Condoning all wrongful acts alleged throughout this complaint done by employees of Defendants' no cause of wrongdoing on the either Plaintiff.

   g. By overlocking Plaintiff's two self-storage units.

   h. Refusing to accept self-storage rental payments from Alison Helen Fairchild.

   i. By allowing their employees to initiate a frivolous and meritless small claims action.

   j. By allowing their employees to falsify a California state court proof of service.

   k. By allowing their employees to falsify a California state court entry of default judgment.

   l. By allowing their employees to falsify a California state court entry of default judgment.

   m. By permitting, allowing, authorizing and approving a falsified proof of

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 140 of 212   *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

service, which one of their employees themselves filed with the court.

n.  By permitting, allowing, authorizing and approving wannabe attempted service of process at a P.O. BOX.

o.  By falsifying a California State judicial form entry of default judgment by giving false information on its affidavit.

p.  Any other particulars which may be shown at trial.

q.  By committing an abuse of process when their employees deliberately filed frivolous fictitious business name documents with the Fontana Superior Court.

570.   As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness of all Defendants as aforesaid, Plaintiff Alison Helen Fairchild sustained injuries and damages including, without limitation, embarrassment, loss of her real

property, loss of her personal property, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, inconvenience, frustration, mental anguish, and attorney's fees.

571.   All Defendants and DOES 1-10 are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

572.   Under the doctrine of respondeat superior, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, DOES 1-10, all JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 141 of 212         ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

573.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants, Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 on the thirteenth claim for relief of the Plaintiff's complaint in the amount that will justly compensate both Plaintiff Fairchild for her damages, together with costs and attorneys' fees in this action.

**FOURTEENTH CLAIM FOR RELIEF---NEGLIGENCE SUPERVISION and/or RETENTION-- ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF-STORAGE REIT, INC., JOHN STROKIS, MICHAEL CREAR, & DOES 1-10**

574.   Plaintiff Alison Helen Fairchild hereby reserves her right to amend her civil rights complaint and the above stated California tort against Defendants County of San Bernardino, JOHN DOES Court Clerks, JANE DOES Court Clerks, unnamed Defendants, unnamed Defendants, and DOES 1-10.

575.   Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-574.

576.   In choosing to operate and own a California self-service self-storage facility open to the public, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear undertook the duty to exercise reasonable care to operate and maintain the safety of the public who rented out their 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage unit.

577.   In choosing to operate and own a California self-service self-storage facility open to the public, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 142 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

and Michael Crear undertook the duty to have reasonable care in hiring, retaining, and supervising its employees, agents or representatives of 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage facility.

578.   If an employee acts under the direction of his or her employer, the employer participates in the act, and the employer's liability is based on the employer's own fault, rather than on respondeat superior or vicarious liability. See *Jensen v. Southern Pac. Co.* (1954) 129 Cal. App. 2d 67, 70, 276 P.2d 703.

579.   Greater damages against employer than against the supervisory employees could be made when evidence supports a finding that the employer participated in the discriminatory conduct through the ratification of its employee's conduct. See *Roberts v. Ford Aerospace Communications Corp.*, 224 Cal.App.3d 793 (Cal. Ct. App. 1990)

580.   Where an employer ratifies his or her employee's negligent or intentional tort, the employer is subject to direct liability. By ratifying the employee's tortious conduct, the employer makes the conduct his or her own. See *Jameson v. Gavett*, 22 Cal.App.2d 646 (Cal. Ct. App. 1937)

581.   The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment. Such liability is not predicated on the negligence of the employer, but upon the acts of the employee, whether those acts occurred while the employee was going about the employer's business, and the agency principles that characterize the employer-employee relationship.

582.   Each Defendant in this civil rights action had the authority to supervise, prohibit, control,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 143 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

and/or regulate the other Defendants to prevent these acts and omissions from occurring.

583.    Plaintiff Alison Helen Fairchild hereby allege that Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear were negligent, reckless, grossly negligent, willful, and wanton, and malicious, and breach their duty with respect to Plaintiff Alison Helen Fairchild by:

    a. Failing to exercise due care under the circumstances.

    b. Failing to sufficiently monitor Plaintiff's interaction with SmartStop upland employees, managers and executives.

    c. Failing to properly and professionally train SmartStop Upland staff to ensure the safety of Plaintiff Alison Helen Fairchild.

    d. Failing to institute and/or enforce adequate policy and procedure to protect Plaintiff Alison Helen Fairchild from abuse by SmartStop Upland employees, and all other JOHN DOE and/or JANE DOE defendants.

    e. Intentionally banning and trespassing Plaintiff Alison Helen Fairchild from 1571 W. Foothill Blvd., SmartStop upland for no cause of wrongdoing on the behalf of Alison Helen Fairchild.

    f. Condoning all wrongful acts alleged throughout this complaint done by employees of Defendants' no cause of wrongdoing on the either Plaintiff.

    g. By overlocking Plaintiff's two self-storage units.

    h. Refusing to accept self-storage rental payments from Alison Helen Fairchild.

    i. By allowing their employees to initiate a frivolous and meritless small claims action.

    j. By allowing their employees to falsify a California state court proof of service.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 144 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

k.   By allowing their employees to falsify a California state court entry of default judgment.

l.   By allowing their employees to falsify a California state court entry of default judgment.

m.  By permitting, allowing, authorizing and approving a falsified proof of service, which one of their employees themselves filed with the court.

n.   By permitting, allowing, authorizing and approving wannabe attempted service of process at a P.O. BOX.

o.   By falsifying a California State judicial form entry of default judgment by giving false information on its affidavit.

p.   Any other particulars which may be shown at trial.

q.   By committing an abuse of process when their employees deliberately filed frivolous fictitious business name documents with the Fontana Superior Court.

584.   Plaintiff Alison Helen Fairchild hereby alleges that all above stated Defendants and DOES 1-10 knew or reasonably should have known that unless they intervened to protect Plaintiff Fairchild, and properly supervise, prohibit, control and/or regulate the conduct of the other Defendants and employees (especially Kimberly Stroud and Steven Franklin), those Defendants would perceive their acts and omissions as being ratified and condoned.

585.   Plaintiff Alison Helen Fairchild hereby allege that Defendants failed to exercise due care by failing to supervise, prohibit, control, or regulate the remaining Defendants and/or by failing to protect Plaintiff Alison Helen Fairchild.

586.   As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness of all Defendants as aforesaid, Plaintiff Alison Helen Fairchild

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
-Page 145 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

suffered and continued to suffer injuries and damages including, without limitations, embarrassment, humiliation, loss of their real property, physical pain and suffering, emotional pain and suffering, inconvenience, frustration, mental anguish, and attorney's fees, all in the amount to be determined at trial.

587.    All above named Defendants failed to exercise due care by failing to supervise, prohibit control, or regulate the remaining Defendants and/or employees. By failing to protect Plaintiff Alison Helen Fairchild from the civil rights violations complained upon in paragraphs 1-586 of Fairchild's civil rights complaint herein.

588.    Accordingly. Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear and DOES 1-10 are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

589.    Under the doctrine of respondeat superior, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear and DOES 1-10 and those JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiff Alison Helen Fairchild for all Defendants actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff as aforesaid.

590.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear and DOES 1-10 on the fourteenth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Plaintiff Fairchild for her damages, together with costs and attorneys' fees in this action.

.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 146 of 212        ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

**FIFTEENTH CLAIM FOR RELIEF--- GROSS NEGLIGENCE AS ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF-STORAGE REIT, INC., JOHN STROKIS, KIMBERLY STROUD, MICHAEL CREAR, & DOES 1-10**

591.    Plaintiff Alison Helen Fairchild hereby reserves her right to amend her civil rights complaint and the above stated California tort against Defendants County of San Bernardino, JOHN DOES Court Clerks, JANE DOES Court Clerks, unnamed Defendants, unnamed Defendants, and DOES 1-10.

592.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-591.

593.    At all relevant times, Defendants' non handicapped property managers, supervisors and employees were employed by and were fully involved with the interest of having Plaintiff Alison Helen Fairchild discriminated against and removed from their 1571 W. Foothill Blvd.,

Upland, CA SmartStop Upland self-storage premises permanently.

594.    Gross negligence long has been defined in California and other jurisdictions as either a want of even scant care or an extreme departure from the ordinary standard of conduct. See *City of Santa Barbara*, supra, 41 Cal.4th at page 754.

595.    Gross negligence is pleaded by alleging the traditional elements of negligence: duty, breach, causation, and damages. However, to set forth a claim for gross negligence the plaintiff must allege extreme conduct on the part of the defendant. See *Rosencrans v. Dover Images, Ltd.*, 192 Cal.App.4th 1072 (Cal. Ct. App. 2011)

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 147 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

596.    The theory that there are degrees of negligence has been generally criticized by legal writers, but a distinction has been made in this state between ordinary and gross negligence. Gross negligence has been said to mean the want of even scant care or an extreme departure from the ordinary standard of conduct. See *Van Meter v. Bent Construction Co.*, 46 Cal.2d 588 (Cal. 1956)

597.    Prosser on Torts (1941) page 260, also cited by the *Van Meter* court for its definition of gross negligence, reads as follows. Gross Negligence. This is very great negligence, or the want of even scant care. It has been described as a failure to exercise even that care which a careless person would use. Many courts, dissatisfied with a term so devoid of all real content, have interpreted it as requiring willful misconduct, or recklessness, or such utter lack of all care as will be evidence of either—sometimes on the ground that this must have been the purpose of the legislature. But most courts have considered that gross negligence falls short of reckless disregard of consequences, and differs from ordinary negligence only in degree, and not in kind. *So far as it has any accepted meaning, it is merely an extreme departure from the ordinary standard of care*. See *Decker v. City of Imperial Beach* (1989) 209 Cal.App.3d at page 358.

598.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10 were grossly negligent by their employees planning and conspiring to forcefully remove Fairchild from her self-storage premises located at 1571 W. Foothill Blvd., Upland, CA, 91786

599.    Defendants were grossly negligent by refusing to do business with Plaintiff Alison Helen Fairchild.

600.    Defendants were grossly negligent by terminating the contractual relationship between Defendants' 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage facility, and

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 148 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Plaintiff Alison Helen Fairchild.

601.   Defendants were grossly negligent by refusing to accept rental payments from Plaintiff that were allowed under California law.

602.   Defendants were grossly negligent by their employees conspiring, and then actually planning to employ the help and assistance of the city of Upland police department to forcefully remove and trespass Plaintiff Fairchild from Defendants' 1571 W. Foothill Blvd., Upland, CA, 91739 self-storage facility.

603.   Defendants were grossly negligent by their employees converting Plaintiff Fairchild's self-storage unit, # C150.

604.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud and DOES 1-10 were grossly negligent by their employees overlocking Plaintiff's self-storage unit, # C150, even though Fairchild was not in default of her rent, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

605.   Defendants were grossly negligent by their employees deactivating Plaintiff's gate code access, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

606.   Defendants were grossly negligent by their employees planning and conspiring to list Plaintiff Fairchild's self-storage unit, Units # C150.

607.   Defendants were grossly negligent by their employees conspiring and planning to dispose

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 149 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   of Plaintiff Fairchild's self-storage unit, Units # C150 at an illegally held public auction.

2

3   608.   Defendants were grossly negligent by their employees conspiring with the city of Upland

4   police department to violate the constitutional civil rights of Plaintiff Alison Helen Fairchild.

5

6   609.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

7   Michael Crear, Kimberly Stroud and DOES 1-10 were grossly negligent by their actions, and the

8   actions of the employees causing intentional infliction of emotional distress upon a disabled and

9   physically fragile Alison Helen Fairchild, who had engaged in absolutely no wrongdoing at their

10   1571 W. Foothill Blvd., Upland, CA self-storage facility between July 2019 until this present

11   day.

12

13   610.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

14   Michael Crear, Kimberly Stroud and DOES 1-10 were grossly negligent when they initiated a

15   frivolous small claims lawsuit in which SST II 1571 W. FOOTHILL BLVD., LLC had no legal

16   standings to bring forth the action. The actions of the above Defendants caused injury to

17   Fairchild's real property and her physical and emotional well-being.

18

19   611.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

20   Michael Crear, and DOES 1-10 were grossly negligent when their Extra Space Storage Inc. and

21   SmartStop Self Storage REIT, Inc. employees to create and file a bogus and fraudulent default

22   judgment and entry of default judgment against Plaintiff Fairchild. The actions of the above

23   Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

24

25   612.   Defendants were grossly negligent when they allowed their Extra Space Storage Inc. and

26   SmartStop Self Storage REIT, Inc. employees to file a perjurious and falsified proof of service

27   in order to support their invalid and unconstitutional default judgment against Alison Helen

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 150 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Fairchild. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

613.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 were grossly negligent when they failed to act against Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees that were clearly mistreating Plaintiff Fairchild. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

614.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 were grossly negligent when they failed to act against Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc employees that were on numerous occasions locking the SmartStop Upland's public woman's restroom, which on every occasion resulted in Fairchild urinating on herself. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

615.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 were grossly negligent when they failed to act against Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc employees that were on numerous occasions intentionally permitting non handicapped SmartStop Upland commercial tenants to park in the only designated handicapped parking space in the entire 1571 W. Foothill self-storage facility.

616.   Defendants were grossly negligent when their non handicapped SmartStop Upland property manager Kimberly Stroud treated Plaintiff Alison Helen Fairchild different than other non-handicapped 1571 W. Foothill Blvd., Upland, CA guests/tenants.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 151 of 212          ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

617.    Defendants were grossly negligent when their non handicapped SmartStop Upland property manager Kimberly Stroud deprived Plaintiff Fairchild of her constitutional rights, in violation of state and federal civil rights statutes after Defendant Stroud called city of Upland police department on Plaintiff Fairchild and requested that law enforcement trespass and remove Plaintiff from her self-storage units' premises.

618.    Defendants were grossly negligent when they instructed their Extra Space Storage Inc. and Smartstop Self Storage REIT, Inc. employees and managers to improperly serve a bogus, frivolous, and meritless unlawful small claims action that had no legal standings to be in court in the first place. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

619.    Defendants were grossly negligent when they hired a corrupt and dishonest legal processing company to serve Alison Helen Fairchild. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

620.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 were grossly negligent when they allowed their hired legal processing company to falsify a proof of service that was used for Defendants' SST II 1571 FOOTHILL BLVD, LLC to obtain a bogus and default judgment.  The actions of the above Defendant caused injury to Fairchild's real property and her physical and emotional well-being.

621.    Defendants were grossly negligent when they allowed their hired legal process serving company to attempt to serve a bogus and fraudulent small claims civil complaint at Fairchild's P.O. BOX, in direct violation California Code of Civil Procedure § 415.20. The actions of the above Defendant caused injury to Fairchild's real property and her physical and emotional well-being.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 152 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

622.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 were grossly negligent by acting under the color of state law.

623.    Defendants were grossly negligent by their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees and managers to kick out a disabled Alison Helen Fairchild.

624.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 were grossly negligent by their employee Kimberly Stroud stating that she would have law enforcement remove and arrest Plaintiff Alison Helen Fairchild.

625.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

626.    Under the doctrine of respondeat superior, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 and those JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiffs as aforesaid.

627.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10 on the fifteenth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
-Page 153 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

**SIXTEENTH CLAIM FOR RELIEF--- NEGLIGENCE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF-STORAGE REIT, INC., JOHN STROKIS, MICHAEL CREAR, & DOES 1-10**

628.    Plaintiff Alison Helen Fairchild hereby reserves her right to amend her civil rights complaint and the above stated California tort against Defendants County of San Bernardino, JOHN DOES Court Clerks, JANE DOES Court Clerks, unnamed Defendants, unnamed Defendants, and DOES 1-10.

629.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-628.

630.    The California Supreme Court has allowed plaintiffs to bring negligent infliction of emotion distress actions as "direct victims" in only three types of factual situations: (1) the negligent mishandling of corpses (2) negligent misdiagnosis of a disease that could potentially harm another; and (3) the negligent breach of a duty arising out of a preexisting relationship. *Christensen v. Superior Court*, 54 Cal.3d 868 (Cal. 1991); *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916 (Cal. 1980)

631.    The landlord-tenant relationship between Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and Plaintiff Alison Helen Fairchild qualifies this action to fall under the third type of factual situation that states a cause of action for negligent intentional infliction of emotional distress.

632.    The negligent causing of emotional distress is not an independent tort but the tort of negligence. The traditional elements of duty, breach of duty, causation, and damages apply.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 154 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Whether a defendant owes a duty of care is a question of law. Its existence depends upon the foreseeability of the risk and upon a weighing of policy considerations for and against imposition of liability. See *Marlene F. v. Affiliated Psychiatric Medical Clinic*, 48 Cal.3d 583 (Cal. 1989)

633.   Direct victim cases are cases in which the plaintiff's claim of emotional distress is not based on witnessing an injury to someone else, but rather is based upon the violation of a duty owed directly to the plaintiff. See *Wooden v. Raveling*, 61 Cal.App.4th 1035 (Cal. Ct. App. 1998)

634.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 committed acts that constituted extreme and outrageous conduct, including, but not limited to, discriminating against Plaintiff Alison Helen Fairchild, conspiring to wrongly evict her, violating her civil rights, falsifying court documents to obtain bogus default judgment, committing an abuse of process, conspiring and threatening to forcefully remove Plaintiff Fairchild from her self-storage unit's SmartStop Upland self-storage facility.

635.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 are guilty of negligent intentional infliction of emotional distress because they refused to accept money rental payments from Plaintiff Fairchild.

636.   Defendants were grossly negligent and inflicted emotional distress upon Plaintiff Fairchild due to their intentional filing of a bogus and falsified proof of service.

637.   Defendants were grossly negligent and inflicted emotional distress upon Plaintiff Fairchild due to their intentional filing of a bogus and falsified small claims lawsuit.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 155 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

638.   Defendants were grossly negligent and inflicted emotional distress upon Plaintiff Fairchild due to their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees allowing non handicapped SmartStop Upland commercial tenants to park in the facility's only handicapped parking.

639.   Defendants were grossly negligent and inflicted emotional distress upon Plaintiff Fairchild due to their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees locking the SmartStop Upland's public restrooms during normal business hours.

640.   Defendants were grossly negligent and inflicted emotional distress upon Plaintiff Fairchild due to their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees attempting to coerce Plaintiff Fairchild to move out of her self-storage unit while giving up her rights to sue in federal district court.

641.   Defendants were grossly negligent and inflicted emotional distress upon Plaintiff Fairchild due to their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees refusing to accept rent from Plaintiff Fairchild.

642.   Defendants were grossly negligent by intentionally and deliberately interfering with Fairchild's constitutional rights to by denied real property without due process of law.

643.   Defendants were grossly negligent and inflicted emotional distress upon Plaintiff Fairchild due to their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees, agents, managers, district managers, supervisors, property managers, regional managers, and executives causing harm to Plaintiff Fairchild as herein alleged from paragraphs 1-642.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 156 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

644.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 committed acts that constituted extreme and outrageous conduct, including, but not limited to, discriminating against Plaintiff Alison Helen Fairchild, acting under the color of state law, kicking out a disabled Alison Helen Fairchild, converting Fairchild's personal property, falsifying court documents to obtain a bogus default judgment, intentionally violating Fairchild's civil rights under the American Disabilities Act of 1990, and committing an abuse of process.

645.    Alison Helen Fairchild was present at the time of some of the alleged discrimination and mistreatment of Defendants' agents, managers, district managers, supervisors, property managers, regional managers, and executives.

646.    The above-named Defendants and their employees named throughout this civil rights complaint were the only cause of Plaintiff Fairchild's severe emotional distress.

647.    As a direct, foreseeable, and proximate result of said wrongful acts by all above named Defendants. Plaintiff Alison Helen Fairchild suffered, and will continue to suffer humiliation, shame, despair, embarrassment, loss of her real property, depression, anxiety, physical pain and suffering, tightness in her chest, heart palpitations, panic attacks, a complete disruption of her life, insomnia emotional pain and suffering, and mental pain and anguish, all to Plaintiff Fairchild's damages in an amount to be proven at the time of trial.

648.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff Alison Helen Fairchild have incurred attorney's fees in an amount to be determined, for which Plaintiffs claim a sum to be established according to proof.

649.    The conduct of Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc.,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
--Page 157 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

John Strokis, Michael Crear, and DOES 1-10 and their employed agents and employees as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Fairchild's civil rights and done by employees of Defendants. Plaintiff Fairchild is thereby entitled to an award of punitive damages against all Defendants in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

650.   All Defendants' harmful acts alleged in paragraphs 1-649. were all the only causes of Alison Helen Fairchild's severe emotional distress.

651.   Under the doctrine of respondeat superior, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 and those JOHN DOE and/or JANE DOE Defendants involved are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given that Defendants and possibly others', intentional infliction of emotional distress upon Plaintiff Alison Helen Fairchild as aforesaid.

652.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 on the sixteenth claim for relief of the Plaintiff's complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 158 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

**SEVENTEENTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983**

**Fourteenth Amendment—Denial of Equal Protections of Laws**

**(Against Defendants Extra Space Inc., SmartStop Self Storage REIT,**

**Inc., John Strokis, Michael Crear, Kimberly Stroud, County of San**

**Bernardino, JOHN DOE Court Clerk's, JANE DOE Court Clerks &**

**(DOES 1-10)**

653.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-652.

654.    At all relevant times stated herein and throughout this lawsuit all the above stated Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, County of San Bernardino, JOHN DOE Court Clerks, JANE DOE Court Clerks, and DOES 1-10 were involved with the conspiracy and interest to violate Fairchild's civil rights under Title II and Title III of the American Disabilities Act of 1990, and were joint part of the conspiracy to deny Fairchild real property without due process of law.

655.    The United States Constitution Amendment XIV, Section 1 provides:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny any person within jurisdiction the equal protection of the laws.

656.    Allegations of facts constituting a deprivation under color of state authority of a right

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 159 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

guaranteed by the Fourteenth Amendment satisfies to that extent the requirement of Rev Stat 1979 (42 USC 1983), giving a right of action against a person who under color of state law, custom, or usage, subjects another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution.

657.    Rev Stat 1979 (42 USC § `1983), giving a right of action against a person who, under color of state law, custom, usage, subject another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution, has several purposes: (1) it overrides certain kinds of state laws; (2) it provides a remedy where state law is inadequate; and (3) it provides a federal remedy where the state remedy, though adequate in there, is not available in practice.

658.    Allegations of facts constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment satisfies to the extent the requirement of R.S. § 1979. See *Douglas v. Jeannette, 319 U.S. 157, 161-162 (1943).*

659.    No specific intent to deprive a person of a federal right is necessary to create liability under Rev Stat 1979 (42 USC § 1983), which gives a right of action against a person who, under color of state law, custom, or usage, subjects another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution.

660.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, County of San Bernardino, JOHN DOE Court Clerks, JANE DOE Court Clerks, and DOES 1-10 violated Plaintiff's Alison Helen Fairchild's 14th Amendment rights by denying Plaintiff her rights to real property without due process of law.

661.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 160 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Michael Crear, and Kimberly Stroud violated Plaintiff Alison Helen Fairchild's 14th Amendment rights by conspiring and then planning to instruct city of Upland police department peace officers to trespass and physically remove Fairchild from her 1571 W. foothill Blvd., Upland, CA SmartStop Upland, CA self-storage unit's premises.

662.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and Kimberly Stroud violated Plaintiff Alison Helen Fairchild's 14th Amendment rights by their employees converting Fairchild's self-storage unit, #C155.

663.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and Kimberly Stroud violated Plaintiff Alison Helen Fairchild's 14th Amendment rights by their employees planning and conspiring to list Plaintiff Fairchild's self-storage unit up for a public auction.

664.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and Kimberly Stroud violated Plaintiff Alison Helen Fairchild's 14th Amendment rights by their employees planning to dispose of Plaintiff Fairchild's self-storage unit, # C150.

665. Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and Kimberly Stroud violated Plaintiff Fairchild's 14th Amendment rights when they initiated a frivolous California state court small claims action in which SST II 1571 W. FOOTHILL BLVD., LLC had no legal standings to bring forth the action.

666.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 violated Plaintiff Alison Helen Fairchild's 14th Amendment rights by allowing their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 161 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

employees to create and file a bogus and fraudulent default judgment and entry of default judgment against Plaintiff Fairchild. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

667. Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 violated Plaintiff Fairchild's 14th Amendment rights when they allowed their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees to file a perjurious and falsified proof of service in order to support their invalid and unconstitutional default judgment against Alison Helen Fairchild. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

668. Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 violated Fairchild's 14th Amendment rights when it allowed hired corrupt and dishonest legal process serving company to falsify a proof of service that was used for Defendants' SST II 1571 W. FOOTHILL BLVD., LLC to obtain a bogus and invalid default judgment. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

669. Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 violated Fairchild's 14th Amendment rights when it allowed

corrupt and dishonest process server to attempt to serve a bogus and fraudulent California state court small claims action at Fairchild's P.O. BOX, in direct violation California Code of Civil Procedure § 415.20. The actions of the above Defendants caused injury to Fairchild's real property and her physical and emotional well-being.

670. Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 162 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Michael Crear, and DOES 1-10 violated Fairchild's 14th Amendment rights when they instructed their Extras Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees to interfere with Fairchild's civil rights to not be denied real property without due process of law.

671.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10 violated Fairchild's 14th Amendment rights by acting under the color of state law.

672.   Defendants JOHN DOE Court Clerk, JANE DOE Court Clerk, and County of San Bernardino violated Fairchild's 14 Amendment rights when they intentionally and deliberately processed an invalid default judgment.

673.   Defendants JOHN DOE Court Clerk, JANE DOE Court Clerk, and County of San Bernardino violated Fairchild's 14 Amendment rights when they intentionally and deliberately processed an invalid and bogus small claims fictitious business name statement.

674.   Defendants JOHN DOE Court Clerk, JANE DOE Court Clerk, and County of San Bernardino violated Fairchild's 14 Amendment rights when they intentionally and deliberately processed an invalid and bogus California state court small claims lawsuit.

675.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud and DOES 1-10 violated Alison Helen Fairchild's 14th Amendment rights by deactivating Plaintiff's gate code access, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

676.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 163 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   Michael Crear, Kimberly Stroud, and DOES 1-10 violated Plaintiff Alison Helen Fairchild's

2   14th Amendment rights by refusing to accept her self-storage rental payments, which

3   involuntarily forced Plaintiff Fairchild into a default status.

4

5   677.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

6   Michael Crear, Kimberly Stroud, and DOES 1-10 violated Plaintiff Alison Helen Fairchild's

7   14th Amendment rights by threatening to dispose of Plaintiff's self-storage unit, Unit # C150

8   without first sending Plaintiff Fairchild a notice of preliminary lien, violating **California**

9   **Business & Professions Code § 21703, and AB-1108 Self-service storage facilities. (2017-**

10  **2018).**

11

12  678.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

13  Michael Crear, Kimberly Stroud, and DOES 1-10 violated Alison Helen Fairchild's 14th

14  Amendment rights by conspiring, planning, and then locking Plaintiff Fairchild out of her 1571

15  W. Foothill Blvd., Upland, CA SmartStop Upland self-storage unit, Unit # C150 without first

16  obtaining permission from the California state court in Fontana, San Bernardino County, CA.

17

18  679.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

19  Michael Crear, Kimberly Stroud, and DOES 1-10 violated Plaintiff Alison Helen Fairchild's

20  14th Amendment rights by overlocking Plaintiff's self-storage unit, Units # C150, while Plaintiff

21  was not in default of her rental payment, in violation of the California self-storage act,

22  **California Business & Professions Code § 21705, and AB-1108 Self-service storage**

23  **facilities. (2017-2018).**

24

25  680.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

26  Michael Crear, Kimberly Stroud, and DOES 1-10 violated Plaintiff Alison Helen Fairchild's

27  14th Amendment rights by conspiring to prosecute groundless, frivolous, and meritless state

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
--Page 164 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

court civil small claims proceedings during a global pandemic.

681.   Defendant County of San Bernardino violated Plaintiff Fairchild's 14th Amendment rights by allowing its Fontana Superior Court and the actions of their JOHN DOE and JANE DOE court clerks to deny Fairchild her right to not be denied real property without due process of law.

682.   Defendant County of San Bernardino violated Plaintiff Fairchild's 14th Amendment rights by allowing its Fontana Superior Court clerk's supervisors and managers to harm Fairchild.

683.   Defendant County of San Bernardino violated Plaintiff Fairchild's 14th Amendment rights by its failure to protect Fairchild, resulting in her loss of real property without due process of law.

684.   Defendant County of San Bernardino violated Plaintiff Fairchild's 14th Amendment rights by its deliberately indifference mistreatment of Fairchild that resulted in her loss of real property, and real property rights without due process of law.

685.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, County of San Bernardino, JOHN DOE Court Clerks, JANE DOE Court Clerks, and DOES 1-10 on the seventeenth claim for relief of the Plaintiff Fairchild civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 165 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

### EIGHTEENTH CLAIM FOR RELIEF

**First Amendment—Freedom of Speech—Retaliation**

**(Against Defendants Extra Space Storage Inc., SmartStop Self**
**Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud,**
**& DOES 1-10**

686.   Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-685.

687.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud violated Plaintiff Fairchild's First Amendment rights by attempting to chill her protected speech.

688.   Defendants have deprived Plaintiff Fairchild of her right to engage in protected speech in violation of the Free Speech Clause of the First Amendment.

689.   Defendants violated Plaintiff Fairchild's first amendment rights when their employees threatened to contact law enforcement because her significant other Arogant Hollywood stood up for the ADA rights of his fiancée Alison Helen Fairchild.

690.   Defendants violated Plaintiff Alison Helen Fairchild's first amendment rights when their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. employees conspired to have Plaintiff Fairchild removed after her fiancé Arogant Hollywood had complained to their 1571 W. Foothill Blvd., Upland, CA 91010 SmartStop Upland employee and property manager Kimberly Stroud regarding ADA violations.

691.   Defendants violated Plaintiff Alison Helen Fairchild's first amendment rights when their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. general manager Steven Piazza

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 166 of 212         *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

conspired to interfere with Fairchild's civil rights by attempting to coerce her into signing an agreement that she would not sue Defendants in federal district court if she would just vacate Defendants' SmartStop Upland self-storage facility, unit #C155.

692.    As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiff Fairchild has suffered irreparable harm, including the loss of her constitutional rights, entitling them to declaratory and nominal damages.

693.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10 on the nineteenth claim for relief of Plaintiff Fairchild's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

## NINETEENTH CLAIM FOR RELIEF---NEGLIGENCE PER SE AS ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF-STORAGE REIT, INC., JOHN STROKIS, MICHAEL CREAR, & DOES 1-10

694.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-693.

695.    Plaintiff Alison Helen Fairchild hereby reserves her right to amend her civil rights complaint and the above stated California tort against Defendants County of San Bernardino, JOHN DOES Court Clerks, JANE DOES Court Clerks, unnamed Defendants, unnamed Defendants, and DOES 1-10.

696.    As alleged herein and throughout this civil rights complaint, between July 2019 and

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 167 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

February 2021 until the very present-day. Plaintiff Fairchild was a commercial self-storage facility tenant at Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage facility.

697.   At that time Defendants were operating a commercial real estate self-storage facility in violation of nearly every single California civil rights statute, including Cal Civ Code §§ 51, 52 and 54, as well as violations of California Health and Safety Codes, and Title III of the American Disabilities Act of 1990.

698.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's negligent operation of their 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage facility, without otherwise adhering to the requirements of the law, constituted violations of state statutes and regulations that were specifically promulgated to protect the civil rights and safety of disabled individuals. Despite renovating and/or building their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc's 1,000 plus self-storage facilities after 1990.

699.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's were grossly negligent and liable for deliberately failing to correct many physical barriers throughout their 1571 W. Foothill Blvd., Upland, CA self-storage facility, which denied disabled individuals equal access to Defendants' SmartStop self-storage commercial real estate facility. Accordingly, Defendants' actions were negligent as a matter of law.

700.   The injuries suffered by Plaintiff Fairchild at the hands of Defendants in this case was an occurrence of which the state statutes federal statutes, and state regulations were designed to

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 168 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

prevent, and Plaintiff Fairchild is within the class of persons whom such statutes and regulations

are intended to protect.

701.    As a direct and proximate result of Defendants' Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's negligence per se, Plaintiff Fairchild has suffered numerous violations to her constitutional civil rights, and she is therefore hereby entitled to recover compensatory damages in an amount according to proof.

702.    As alleged herein, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's were guilty of oppression, fraud, and/or malice as defined in Cal Civ Code § 3294, and Plaintiff Fairchild should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants, in an amount according to proof.

703.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's on the nineteenth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**TWENTIETH CLAIM FOR RELIEF---DECLARATORY RELIEF SOUGHT BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF-STORAGE REIT, INC., JOHN STROKIS, MICHAEL CREAR, COUNTY OF SAN BERNARDINO & DOES 1-10**

704.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-703.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 169 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

705.   An actual controversy now exists in that Plaintiff Alison Helen Fairchild are informed and believes and thereon alleges that Defendants are in violation of the laws of the United States including but not limited to, Title II of the Civil Rights Act of 1964, title VI of the Civil Rights Act of 1964, Title II of the American Disabilities Act of 1990, and title III of the American Disabilities Act of 1990.

706.   A declaratory judgment is necessary in that Plaintiff Alison Helen Fairchild contends, and Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's deny that Defendants are required to modify their policies, practices, and procedures at all Defendants' approximate one thousand [1,000] commercial retail self-storage facility store locations across the United States that are under the federal jurisdiction of numerous federal district courts that enforce Title III of the American Disabilities Act of 1990.

707.   Defendants that Plaintiff Alison Helen Fairchild contends, and Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's deny that Plaintiff Alison Helen Fairchild suffered discrimination because of Defendants' failure to modify practices, policies and procedures and/or that Plaintiff is entitled to injunctive relief under federal law.

708.   A declaratory judgment is necessary in that Plaintiff Alison Helen Fairchild contends, and Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's deny that Defendants are required to negotiate, rent or contract with Plaintiff Fairchild pursuant to Title II of the Civil Rights Act of 1964.

709.   A declaratory judgment is necessary in that Plaintiff Alison Helen Fairchild contends, and Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis,

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 170 of 212        ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

Michael Crear, and DOES 1-10's deny that Defendants are required to negotiate, rent or contract with Plaintiff Fairchild pursuant to Title III of the American Disabilities Act of 1990.

710.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's deny that Plaintiff Alison Helen Fairchild suffered discrimination because of Defendants' planned and conspired trespass, illegal overlock, deactivation of Plaintiff Fairchild's gate access code, trespass from Defendants' 1571 W. Foothill Blvd., Upland, CA 91786 SmartStop Upland self-storage facility, planned and conspired illegal listing of Plaintiff's self-storage unit, # C150, and conspired removal and/or disposal of Plaintiff's personal property, Defendants deny that Plaintiff Fairchild is entitled to injunctive relief under federal law.

711.   A declaratory judgment is necessary in that Plaintiff Alison Helen Fairchild contends that Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's unlawful and discriminatory business practices which Defendants' actions are in direct violation of Title II of the Civil Rights Act of 1964 and Title III of the American Disabilities Act of 1990. Plaintiff Fairchild contends that Defendants deny any wrongdoing alleged within this entire federal civil rights complaint for damages.

712.   Fairchild contends that she is part of protected class of U.S. citizens which have been injured by Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's.

713.   Plaintiff Fairchild alleges and believes that she will continue to be injured and suffer damages by the actions of Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's unless this Court takes action.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 171 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

714.   A declaratory judgment is necessary in that Plaintiff Alison Helen Fairchild contends that Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's have discriminated against her and employed unlawful tactics by planning and conspiring to dispose of Plaintiff's self-storage unit, Units # C150.

715.   Plaintiff Fairchild contends that she has suffered discrimination and a violation of her constitutional civil rights which should have given her protection from Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's unlawful conduct pursuant to Title II of the Civil Rights Act of 1964 and Title III American Disabilities Act of 1990.

716.   Plaintiff Alison Helen Fairchild contend that Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's deny that Defendants are required to stop banning Plaintiff Fairchild and other present and future guests and tenants at all of Defendants' one thousand [1,000] something self-storage facilities through discriminatory, unlawful and illegal tactics, that all point to a direct violation of the constitutional civil rights of Plaintiff Alison Helen Fairchild pursuant to Title II of the Civil Rights Act of 1964, and pursuant to Title III of the American Disabilities Act of 1990.

717.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10's deny that Plaintiff Fairchild has suffered any violation of her protected first amendment speech, and Plaintiff contend that Defendants violated her first amendment rights by retaliating against Plaintiff Fairchild.

718.   A declaratory judgment is necessary in that Plaintiff Alison Helen Fairchild contends, and Defendants County of San Bernardino and DOES 1-10's deny that Defendants are required to modify their policies, practices, and procedures at all Defendants' California State San

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 172 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Bernardino Fontana Superior Court, which is under the federal jurisdiction of federal district courts that enforce Title II of the American Disabilities Act of 1990.

719.  Plaintiff Alison Helen Fairchild contends and Defendants County of San Bernardino and DOES 1-10's deny that Plaintiff Alison Helen Fairchild suffered discrimination because of Defendants' failure to modify practices, policies and procedures and/or that Plaintiff is entitled to injunctive relief under federal law.

720.  Fairchild contends that she is part of protected class of U.S. citizens which have been injured by Defendants County of San Bernardino and DOES 1-10's.

721.  Plaintiff Fairchild alleges and believes that she will continue to be injured and suffer damages by the actions of Defendants County of San Bernardino and DOES 1-10's unless this Court takes action.

722.  A declaratory judgment is necessary in that Plaintiff Alison Helen Fairchild contends that Defendants County of San Bernardino and DOES 1-10's have discriminated against her and employed unlawful tactics by permitting, authorizing, condoning and approving the unconstitutional filing of frivolous, groundless and meritless default judgments and small claims lawsuits.

723.  Plaintiff Fairchild contends that she has suffered discrimination and a violation of her constitutional civil rights which should have given her protection from Defendants County of San Bernardino and DOES 1-10's unlawful conduct pursuant to Title VI of the Civil Rights Act of 1964 and Title II American Disabilities Act of 1990.

724.  **WHEREFORE,** Plaintiff Alison Helen Fairchild prays for declaratory judgment and

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 173 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

relief against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, County of San Bernardino, JOHN DOE Court Clerks, JANE DOE Court Clerks, and DOES 1-10 as set forth herein.

**TWENTY-FIRST CLAIM FOR RELIEF---CONVERSION-- ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF-STORAGE REIT, INC., JOHN STROKIS, MICHAEL CREAR, KIMBERLY STROUD, & DOES 1-10**

725.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-724.

726.    At all relevant times, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear's non handicapped property managers, supervisors, district managers, regional managers, general managers, and employees were employed by Defendants, and were fully involved with the interest of having Alison Helen Fairchild discriminated against and removed from their 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage facility's premises permanently.

727.    Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claims are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. *Lee v. Hanley*, 61 Cal.4th 1225 (Cal. 2015)

728.    Conversion is a strict liability tort. The foundation of the action rests neither in the knowledge nor the intent of the defendant. Instead, the tort consists in the breach of an absolute duty, the act of conversion itself is tortious. Therefore, questions of the defendant's good faith, lack of knowledge, and motive are ordinarily immaterial. *Burlesci v. Peterson* (1998) 68 Cal.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 174 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

App.4th 1062, 1066.

729.    Plaintiff Alison Helen Fairchild hereby alleges that Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Kimberly Stroud, Michael Crear, and DOES 1-10 wrongfully exercised control over Plaintiff Fairchild's personal property by blocking her access to her self-storage unit by threatening to trespass Fairchild from a self-storage facility that was storing her personal property, and by employing illegal and shady public auction proceedings.

730.    Plaintiff Alison Helen Fairchild hereby alleges that she owned, possessed, and had a right to all personal property being converted at 1571 W. Foothill Blvd., Upland, CA, 91786, Unit #C155.

731.    Defendants intentionally and substantially interfered with Plaintiff's personal property by conspiring to and then planning to advertise Plaintiff's self-storage unit, Unit #C155.

732.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, AND Michael Crear, Kimberly Stroud and DOES 1-10 intentionally and substantially interfered with Plaintiff Fairchild's personal property by taking possession of Plaintiff's personal property.

733.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear, Kimberly Stroud, and DOES 1-10 intentionally and substantially interfered with Plaintiff's personal property by deliberately refusing to accept Fairchild's self-storage unit's rent so that Defendants could justify their unconstitutional actions to place Plaintiff's personal property up for public auction.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 175 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

734.   Defendants prevented Plaintiff Fairchild from having access to her personal property located inside of her self-storage unit by overlocking Plaintiff's self-storage units on or after July 20, 2019, in direct violation of **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

735.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10 intentionally and substantially interfered with Plaintiff Fairchild's personal property by planning and conspiring to illegal sell Plaintiff's personal property located inside of her self-storage unit, Unit # C150, without first sending Fairchild a notice of preliminary lien, violating **California Business & Professions Code § 21703, and AB-1108 Self-service storage facilities. (2017-2018).**

736.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear, and DOES 1-10 intentionally and substantially interfered with Plaintiff Fairchild's personal property when their Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc. property manager Kimberly Stroud outright refused to allow Fairchild and her fiancé Arogant Hollywood to retrieve her personal property from Plaintiff Fairchild's self-storage unit on numerous and separate occasions during the years 2019 and 2020.

737.   At no time since July 2019 has Plaintiff Alison Helen Fairchild consented to Defendants' unlawful and unconstitutional conversion of her personal property.

738.   Plaintiff Fairchild has been harmed by Defendants' illegal possession of her personal property.

739.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear, Kimberly Stroud and DOES 1-10 conduct was a substantial factor in causing

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 176 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1    Plaintiff Fairchild harm, emotional distress, and other physical and emotional harm.

2

3    740.    Under the doctrine of respondeat superior, Defendants Extra Space Storage Inc.,

4    SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, DOES 1-10 and those JOHN

5    DOE and/or JANE DOE Defendants involved are liable to Plaintiff Alison Helen Fairchild for

6    actual and punitive damages given that Defendants and possibly others', intentional infliction of

7    emotional distress upon Plaintiff Alison Helen Fairchild as aforesaid.

8

9    741.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants

10    Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Kimberly Stroud,

11    and Michael Crear, and DOES 1-10 on the twenty-first claim for relief of Plaintiff Fairchild's

12    civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages,

13    together with costs and attorneys' fees in this action.

14

15    **TWENTY-SECOND CLAIM FOR RELIEF---INJUNCTIVE RELIEF SOUGHT BY**

16    **PLAINTIFF ALISON HELEN FAIRCHILD TO ENJOIN DEFENDANTS EXTRA SPACE**

17    **STORAGE INC., SMARTSTOP SELF-STORAGE REIT, INC., JOHN STROKIS,**

18    **MICHAEL CREAR, KIMBERLY STROUD, & DOES 1-10**

19

20    742.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-741.

21

22    743.    At all relevant times, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT,

23    Inc., John Strokis, and Michael Crear's non handicapped property managers, supervisors, district

24    managers, regional managers, general managers, and employees were employed by Defendants,

25    and were fully involved with the interest of having Alison Helen Fairchild discriminated against

26    and removed from their 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage

27    facility's premises permanently.

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 177 of 212     *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

744.   Plaintiff Alison Helen Fairchild will suffer irreparable harm unless Defendants and all its employed agents are ordered to modify policies, practices and procedures regarding the admission of disabled women to conform with the rights and privileges provided by the statutes and regulations referenced herein, above, Plaintiff Alison Helen Fairchild has no adequate remedy at law to redress the discriminatory conduct of Defendants.

745.   Plaintiff Alison Helen Fairchild will suffer irreparable harm unless Defendants and all its employed agents are ordered to modify policies, practices and procedures regarding the admission of disabled women to conform with the rights and privileges provided by the statutes and regulations referenced herein, above, Plaintiff Alison Helen Fairchild have no adequate remedy at law to stop Defendants from illegally selling Plaintiff's personal property within their 1571 W. Foothill Blvd. self-storage, Unit #C155.

746.   Unless this Court orders Defendants' to cease violating the California self-storage act, **California Business & Professions Code §§ 21703, 21705, and AB-1108 Self-service storage facilities. (2017-2018),** Plaintiff will suffer irreparable harm when Defendants illegally sell Plaintiff's personal property located at 1571 W. Foothill Blvd., Upland, CA, 91786, Unit # C150

747.   The general public will suffer irreparable harm unless Defendants are ordered to stop their unlawful, unconstitutional and discriminatory business practices in the state of California. Many disabled persons will suffer irreparable harm and a violation of their civil rights under Title II of the Civil Rights Act of 1964, and Title III of American Disabilities Act of 1990 unless Defendants are ordered to stop their discriminatory policies and conduct at all their one thousand [1,000] plus self-storage facilities in the United States, and are ordered to cease their plans to wrongfully remove Plaintiff Alison Helen Fairchild from the premises of Plaintiff's self-storage unit, Units #C155, located at 1571 W. Foothill Blvd., Upland, CA 91786

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 178 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

748.    Injunctive relief is warranted in this case because Defendants are reckless and have zero regard to obeying federal and state statutes. Defendants have zero regard for the civil rights of citizens in the United States of America and operate as a corrupt corporation with the approach of: *"We'll do whatever we want now, you can sue us later." See now Darkarai Bruce v. Extra Space Storage* **[8:16-cv-00254**, *Spikes v. Extra Space Storage* et al **[2:14-cv-00796]**, *Witherspoon v. Extra Space Storage* **[2:15-cv-01053**, *Donna Dugo v. Extra Space*, et al **[8:18-cv-01318] [ADA Civil Rights Complaint]**, *Machie v. Extra Space Storage*, et al **[1:18-cv-01045**, *Chaney v. Extra Space, Corporation* **[1:19-cv-05858]**, *Anderson v. Extra Space Storage* **[8:19-cv-02829]**, *Bryan Estrada v. Storage Portfolio II Subsidiary, LLC* **[5:20-cv-00468] [ADA Civil Rights Complaint]**, *Matthew Verdiglione v. Extra Space Properties 130, LLC et al* **[8:17-cv-00041]**, *Vigil et al v. Extra Space Storage* **[1:17-cv-00578]**, *Dr. Veronica McCallup v. Extra Space Storage Inc.*, et al **[5:18-cv-02255]**, *Ernest Henderson v. Extra Space Storage*, et al **[0:20-cv-05967]**, *Henderson v. Extra Space Storage et al* **[1:19-cv-00374]**, *Matthews v. Extra Space Storage* **[1:20-ap-00164]**, *Childs v. Extra Space Storage, Inc.*, **[2:16-cv-01746]**, *White v. Extra Space Storage, LLC* **[ [4:16-ap-04049]**, *ONE WAY APOSTOLIC CHURCH v. EXTRA SPACE STORAGE Inc.* **[1:16-cv-01132]**, *Williams v. Extra Space Storage, Inc.* **[1:16-cv-03313]**, *Shirley Lindsay v. Extra Space Properties 105 LLC* **[2:15-cv-07996] [ADA Civil Rights Complaint]**, *SCHMIED v. EXTRA SPACE STORAGE, INC.* **[2:15-cv-07517]**, *Burnett v. Extra Space Management Inc.* **[1:13-cv-00120]**, *Martinez v. Extra Space Storage Inc. et al* **[3:13-cv-00319]**, *GOMES v. EXTRA SPACE STORAGE, INC. et al* **[2:13-cv-00929]**, *Hollis v. Extra Space Storage, Inc.* **[3:14-cv-01457]**, *Evans et al v. Extra Space Management, Inc.* **[8:15-cv-00445]**, *Roman Pizarro et al v. Extra Space Storage, Inc.* **[2:11-cv-02545] [ADA Civil Rights Complaint]**, *Young v. Extra Space Management, Inc.* **[1:11-cv-00758]**, *MAUDE et al v. EXTRA SPACE MANAGEMENT, INC.* et al [2:11-cv-00914*]*, *Barbara Purkey v. Extra Space Storage Inc.* et al **[2:11-cv-01697]**, *Koplow v. Extra Space Management, Incorporated* [1:12-mc-91073], *Brown v. Extra Space Storage, Inc.* **[1:12-cv-01706]**, *Larry Rodale v. Extra Space Storage Co.* **[2:17-cv-05628]**,*Price v. Extra Space Storage Inc.* [6:17-cv-01998 **[ADA Civil Rights**

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 179 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

**Complaint],** *Mendizabal v. Extra Space Inc.* **[1:17-cv-10073], [ADA Civil Rights Complaint],** *Kemp v. SmartStop Self-Storage* et al **[1:13-cv-09145],** *Stephanie Gordon v. SmartStop Self Storage,* [0:18-cv-00786, *Gil v. Smartstop Asset Management, LLC* **[1:18-cv-20792] [ADA Civil Rights Complaint],** and *Bloom v. SmartStop Self Storage, Inc.* et al **[1:19-cv-03567]**

749.    Plaintiff Alison Helen Fairchild therefore seeks injunctive relief to redress the injuries suffered at the hands of all Defendants and all their employed agents, employees, managers, district managers, supervisors, general managers, executives, and regional managers

750.    Plaintiff Alison Helen Fairchild therefore seeks injunctive relief to redress the injuries that she suffered at the hands of Defendants, and for the sake of protecting the general public of protected class of Americans by enforcing Title II of the Civil Rights Act of 1964 and Title III of the American Disabilities Act of 1990, punishing Defendants for fraudulent, oppressive, malicious and discriminatory conduct.

751.    Plaintiff Alison Helen Fairchild therefore seeks injunctive relief to cease, stop, disband and cancel Defendants' illegal and unconstitutional planned and conspired public auction sale of Plaintiff's personal property inside of Defendant Extra Space Storage Inc. and SmartStop Self Storage REIT, Inc.'s 1571 W. Foothill Blvd., Upland, CA # C150.

752.    **WHEREFORE,** Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Kimberly Stroud, Michael Crear, and DOES 1-10 on the twenty-second claim for relief of Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 180 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

**TWENTY-THIRD CLAIM FOR RELIEF---ABUSE OF PROCESS-- ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS EXTRA SPACE STORAGE INC., SMARTSTOP SELF-STORAGE REIT, INC., & DOES 1-10.**

753.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-752.

754.    At all relevant times, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, and Michael Crear's non handicapped property managers, supervisors, district managers, regional managers, general managers, and employees were employed by Defendants, and were fully involved with the interest of having Alison Helen Fairchild discriminated against and removed from their 1571 W. Foothill Blvd., Upland, CA SmartStop Upland self-storage facility's premises permanently.

755.    The use of the machinery of the legal system for an ulterior motive is a classic indicta of the torty of abuse of process. However, the tort requires abuse of legal process, not just filing suit. See *Trear v. Sills*, 69 Cal.App.4th 1341 (Cal. Ct. App. 1999)

756.    Prosser Keaton on Torts (5th ed. 1984) chapter 21, section 121, page 897-899, explains that abuse of process may apply to misuse of the judicial system where the narrowly construed tort of malicious prosecution does not. See *Kappel v. Bartlett*, 200 Cal.App.3d 1457 (Cal. Ct. App. 1988) at page 1463.

757.    Courts have inherent power to punish conduct in their court which abuses the judicial process, such as fraud upon the court. See Chambers v. NASCO, Inc., 501 U.S. 32, 41, 42. 115 L.Ed.2d 27 (1991).

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 181 of 212       *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

758.   Holding that the knowing execution of a false declaration of service would constitute the necessary willful act. See *In re Barrack*, 217 B.R. 598 (B.A.P. 9th Cir. 1998) at 608 quoting *Kappel v. Bartlett*, 200 Cal.App.3d 1457 (Cal. Ct. App. 1988)

759.   4 Witkin, Summary of Cal. Law *8th ed. 1974) Torts, § 264, p. 2538.) In Comment, Abuse of Process and Attachment: Toward a Balance of Power (1983) 30 UCLA L.Rev., 1218, 1229, it is observed that "[O]nce the wrongful act has been established, courts often infer the requisite ulterior purpose.

760.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10 committed an abuse of process by filing false information in the Fontana Superior Court that stated that Plaintiff Fairchild was properly served. These court documents were based upon false information that Fairchild was properly served a copy of Defendants' SST II 1571 W. FOOTHILL BLVD., LLC's summons and complaint.

761.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc. and DOES 1-10's ulterior motive in misusing the legal process was based on its malicious and willful act.

762.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's ulterior motive in misusing the legal process was based upon Defendants' evil intentions to remove Fairchild from her self-storage unit without due process of law.

763.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's ulterior motive in misusing the legal process was based upon Defendants' evil intentions to fraudulently default Fairchild so that she could not have her day in court by requesting a bench trial.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 182 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

764.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's abuse of process caused harm to Fairchild as it led to her being placed wrongfully in default.

765.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's abuse of process caused harm to Fairchild as their abuse of process led to Fairchild being denied real property without due process of law.

766.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's committed an abuse of process by authorizing, consenting to, ratifying, and approving their hired legal processing service company's intentional act of falsifying a proof of service that stated that Plaintiff Fairchild was personally served at her P.O. BOX, in direct violation of CCP § 415.20

767.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc. and DOES 1-10's ulterior motive in misusing the legal process was based on its malicious and willful act.

768.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's ulterior motive in misusing the legal process was based upon Defendants' evil intentions to remove Fairchild from her self-storage unit without due process of law.

769.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's ulterior motive in misusing the legal process was based upon Defendants' evil intentions to fraudulently default Fairchild so that she could not have her day in court by requesting a bench trial.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 183 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

770.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's abuse of process caused harm to Fairchild as it led to her being placed wrongfully in default.

771.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's abuse of process caused harm to Fairchild as their abuse of process led to Fairchild being denied real property without due process of law.

772.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10 committed an abuse of process by filing false information in the Fontana Superior Court that stated that SST II 1571 W. FOOTHILL BLVD., LLC was the owner of fictitious business SmartStop self-storage facility. These court documents were based upon false information that was filed in the Fontana Superior Court.

773.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc. and DOES 1-10's ulterior motive in misusing the legal process was based on its malicious and willful act.

774.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's ulterior motive in misusing the legal process was based upon Defendants' evil intentions to remove Fairchild from her self-storage unit without due process of law.

775.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's ulterior motive in misusing the legal process was based upon Defendants' evil intentions to fraudulently win their small claims action so Fairchild would be denied real property without due process of law.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 184 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

776.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's abuse of process caused harm to Fairchild as it led to her being placed wrongfully be denied real property without due process of law.

777.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's abuse of process caused harm to Fairchild as their abuse of process led to Fairchild being denied real property without due process of law.

778.   Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's is liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

779.   Under the doctrine of respondeat superior, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's and those JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff as aforesaid.

780.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's on the twenty-third claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
--Page 185 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

776.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's abuse of process caused harm to Fairchild as it led to her being placed wrongfully be denied real property without due process of law.

777.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's abuse of process caused harm to Fairchild as their abuse of process led to Fairchild being denied real property without due process of law.

778.    Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's is liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

779.    Under the doctrine of respondeat superior, Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's and those JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff as aforesaid.

780.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10's on the twenty-third claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 185 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

### TWENTY-FOURTH CLAIM FOR RELIEF

**42 U.S.C. § 1983—Deliberate Indifferent Policies, Practices, Customs,**

**Training, and Supervision in violation of the Fourth and Fourteenth**

**Amendment and in violation 42 U.S.C. § 1983 *Monell* Claim**

**Against the Municipal Defendant County of San Bernardino**

781.   Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint as if fully set forth herein.

782.   42 U.S.C. § 1983 provides that:

> **Every person, who under color of any statute, ordinance, regulation, custom or usage of**
> **any state or territory or the District of Columbia subjects or causes to be subjected any**
> **citizen of the United States or other person within the jurisdiction thereof to the**
> **deprivation of any rights, privileges or immunities secured by the constitution and law**
> **shall be liable to the party injured in an action at law, suit in equity, or other**
> **appropriate proceeding for redress.**

783.   Plaintiff in this action is a citizen of the United States and Defendants are a California local government municipality.

784.   Plaintiff Alison Helen Fairchild had the following clearly established rights at the time of Defendants' unconstitutional filing of a frivolous small claims action:

    a. the right to exercise his constitutional rights of free speech under the First Amendment without retaliation.

    b. the right to be free from discrimination by the County of San Bernardino under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 186 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

b.  the right to not be denied real property without due process of law.

c.  the right to be free from discrimination by law enforcement pursuant to Title II of the American Disabilities Act of 1990.

785.  Defendant County of San Bernardino knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

786.  The acts or omissions of these Defendants, as described herein, deprived Plaintiff Fairchild of her constitutional and statutory rights and caused her other damages.

787.  Defendant County of San Bernardino is not entitled to qualified immunity for the complained of conduct.

788.  Defendant County of San Bernardino were, at all times relevant, policymakers for the County of San Bernardino and the San Bernardino County Sheriff's Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

789.  These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of U.S. citizens, which were the moving forces behind and proximately caused the violations of Plaintiff Alison Helen Fairchild's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

790.  Defendant County of San Bernardino has created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, County of San Bernardino related policies, procedures, customs, practices, and/or failed to properly and professionally train and/or supervise its County of San Bernardino officers in a manner

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 187 of 212          ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

amounting to deliberate indifference to the constitutional rights of Plaintiff Fairchild and of the public.

791.    In light of the duties and responsibilities of those County of San Bernardino court employees and officers who participant in the unconstitutional and illegal court filings of disabled Americans, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

792.    The deliberately indifferent training and supervision provided by Defendant County of San Bernardino resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant County of San Bernardino and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff Alison Helen Fairchild.

793.    We conclude, therefore, that a government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government, as an entity, is responsible under § 1983. Since this case unquestionably involves official policy as the moving force of the constitutional violation found by the District court, see *supra* at 436 U.S. 660-662, we must reverse the judgment below. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 694-695 (1978). See also 2020 Ninth Circuit case *Nunes v. Arata, Swingle, Van Egmond & Goodwin*, No. 19-16815 (9th Cir. Dec. 29, 2020) at page 7, footnote 3, quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) at page 691, footnote 55.

794.    Plaintiff Alison Helen Fairchild had the following clearly established rights at the time of the

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 188 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1  complained conduct:

2      a. the right to exercise her constitutional rights of free speech under the First Amendment

3        without retaliation.

4      d. the right to be free from discrimination by law enforcement under the Equal Protection

5        Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981.

6      e. the right to not be denied real property without due process of law.

7      f.  the right to be free from discrimination by County of San Bernardino pursuant to Title II

8      of the American Disabilities Act of 1990.

9

10  795.  Defendant County of San Bernardino, through its Fontana Superior Court, had in effect, both

11      before and at the time of the events alleged in this civil rights complaint, several interrelated

12      *de facto* policies, practices and customs, including *inter alia*:

13      a. a policy, practice and custom of discriminating against disabled persons in violation of the

14      Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981.

15      b. a policy, practice and custom of denying disabled U.S. citizens real property without due

16      process of law.

17      c. a policy, practice and custom of failing to properly and professionally train or supervise

18        court officers and court employees and civilian employees of rejecting the process of

19        invalid and unconstitutional default judgments, filings of frivolous fictitious name

20        statements, and the filing of frivolous small claims lawsuits.

21      d.  a policy, practice and custom of discriminating against disabled persons protected under

22        Title II of the American Disabilities Act of 1990.

23      e. a policy, practice and custom of failing to properly and professionally train or supervise

24        court officers and court employees on how to not assist with illegal removals of disabled

25        persons from their self-storage units based upon invalid and frivolous County of San

26        Bernardino court filings.

27

28

---

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 189 of 212    *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

f. a policy, practice, and custom of condoning, downplaying, accepting, consenting to, ratifying, and never taking action against County of San Bernardino court officers and employees who on a nearly hourly basis violate the civil rights of many United States citizens.

g. a policy, practice, and custom of illegally and unconstitutionally completing wrongful removal of disabled persons protected under the American Disabilities Act of 1990.

h. a policy, practice and custom of violating Title II of the American Disabilities Act of 1990 while acting under the color of state law.

i. a policy, practice and custom of intentionally and deliberately denying disabled persons real property without due process of law.

j. a policy, practice and custom of intentionally and deliberately conspiring with private citizens to physically remove disabled persons from their self-storage units without due process of law.

k. a policy, practice and custom of failing to properly discipline County of San Bernardino court officers and court employees who violate the United States Constitution or law, or otherwise transgress the rights of disabled United States citizens during their interactions with such individuals.

l. a policy, practice and custom of intentionally and deliberately failing to provide reasonable public accommodations to fragile disabled women that were protected under Title II of the American Disabilities Act of 1990.

796.   These interrelated policies, practices and customs, separately and/or together, were implemented with deliberate indifference, and were a direct and proximate cause of Plaintiff Alison Helen Fairchild's constitutional civil rights violations and injuries, as set forth above.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 190 of 212         *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

797.    These interrelated policies, practices and customs, separately and/or together, were the direct and proximate cause of the injury and damage to Plaintiff Fairchild, and violated her civil rights guaranteed by the United States Constitution.

798.    The existence of these interrelated policies, practices and customs can be inferred from numerous incidents reflecting a pattern of County of San Bernardino misconduct like that alleged herein.

799.    The existence of these interrelated policies, practices and customs can be inferred from the fact that the incidents of County of San Bernardino's misconduct alleged herein were authorized by individuals with policymaking authority in the County of San Bernardino.

800.    Plaintiff Alison Helen Fairchild's request for punitive damages under the *Monell* legal doctrine is warranted based upon the previous incidents of Defendant County of San Bernardino, and its law enforcement agency County of San Bernardino Sheriff's Department, violating the civil rights of herself, her fiancé and significant other Arogant Hollywood, and many other United States citizens:

## VIII.    ALLEGATIONS & FACTS IN SUPPORT OF PUNITIVE DAMAGES AGAINST COUNTY OF SAN BERNARDINO DEFENDANT PURSUANT TO MONELL LEGAL DOCTRINE

(1)    In September 2018 San Bernardino County deputies mistreated Plaintiff Fairchild's fiancé Arogant Hollywood while he was in custody at the Rancho Cucamonga Sheriff's Department. San Bernardino County Sheriff Deputy Hule took Hollywood's head and slammed it down on a concrete bench because Hollywood refused to sit down due to sciatica pain. Later, Hule and other deputies put Hollywood's YouTube Boxing videos on

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 191 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

display on a big television. They then told their sergeant who then delayed the release of Hollywood by eleven hours.

(2.)    In April 2019 County of San Bernardino Sheriff's Department deputies falsely arrested Arogant Hollywood in front of Plaintiff Fairchild. The false arrest took place at the Rancho Cucamonga Public Library. Hollywood left in custody for nearly 72 hours and then released without being charged ever.

(3.)    In May or June 2019 San Bernardino Sheriff's Department deputies falsely arrested Arogant Hollywood at an Airbnb location in front of his fiancé Alison Helen Fairchild. The charges were bogus as Hollywood was arrested for trespass when he was not even on the same street as the house he was asked to leave at the time of the arrest. After being arrested Hollywood noticed that the video stored on his micro-SD card that showed that deputies had arrested him across the street from the house he was asked to leave had been deleted.

(4.)    In early July 2019 Plaintiff Alison Helen was incarcerated at the County of San Bernardino Sheriff's Department for a false arrest performed by the city of Ontario, California. While there San Bernardino County Sheriff's Department mistreated Fairchild in many ways including allowing another inmate to sit in and use her wheelchair. The County of San Bernardino also lost the wheelchair for a quite some time and placed Fairchild in a much bigger and uncomfortable wheelchair. The mistreatment of sheriff deputies and sergeants was a violation of County of San Bernardino's class action final settlement that was approved by United States District Court for the Central District of California's chief justice Virginia A. Phillips on September 12, 2018.

(5.)    In April 2019 sheriff deputies mistreated Hollywood while he was incarcerated in

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 192 of 212        ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

the Rancho Cucamonga jail by physically moving him to an isolated cell after Hollywood refused to stop standing on a concrete bench. The mistreatment of sheriff deputies and sergeants was a violation of County of San Bernardino's class action final settlement that was approved by United States District Court for the Central District of California's chief justice Virginia A. Phillips on September 12, 2018.

(6.)    In May or June San Bernardino Sheriff's Department deputies falsely arrested Plaintiff Fairchild's fiancé Arogant Hollywood in front of her. This false arrest occurred at Price Self-Storage in Rancho Cucamonga. Hollywood told sheriff deputies that it would take some time for him to make arrangements to leave the property in another vehicle. The cold and deliberately indifferent deputies quickly arrested Hollywood as he was trying to plan to leave. The cold and deliberately indifferent deputies forced Fairchild to leave the property with no bus fare or way to get out of the middle of nowhere, and they also left Fairchild and Hollywood's personal property on the premises in the parking lot of the facility unattended.

(7.)    In August 2019 San Bernardino County Sheriff's Department deputies falsely arrested Arogant Hollywood at 10798 Foothill Blvd., Suite 120, Rancho Cucamonga, CA 91730. The false arrest occurred at a Rubio's Coastal Grill restaurant after Hollywood attempted to point out and protest several American Disabilities Act of 1990 violations throughout the restaurant. The arrest occurred right in front of Alison Helen Fairchild.

(8.)    In August 2019 San Bernardino Sheriff's Department deputies falsely arrested Arogant Hollywood at a Target retail store located at 10576 Foothill Blvd., Rancho Cucamonga, CA 91739. The arrest was false as Hollywood was arrested for trespassing when no Target employee had stated that Hollywood had to leave the location. At least five deputies man handled Hollywood, dragging him out of the store in front of people.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 193 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

After being released from jail Hollywood noticed that the video of deputies physically assaulting him was deleted from his micro-SD card.

(9.)    In early September 2019 San Bernardino County Sheriff's Department deputies and a sergeant falsely arrested Arogant Hollywood at 8055 Haven Avenue, Rancho Cucamonga, California. Hollywood had done nothing wrong and was arrested for only being a Black man. There was even a male patron witness in the location who also told the County of San Bernardino deputies that Hollywood was innocent. Nevertheless, Hollywood was arrested in front of fiancée Alison Helen Fairchild on bogus charges of resisting arrest and trespass. Hollywood spent nearly twenty days in jail before being released. The arrest occurred right in front of Plaintiff Fairchild.

(10.)  In September 2019 after Hollywood had refused to be housed in general population San Bernardino County Sheriff deputies forced Hollywood to go to housing by physically moving him into a general population dorm. These deputies who were very aware that Hollywood was affiliated with the "Bloods" street gang placed Hollywood in a general population dorm that house approximately twelve California Garden Crips, a rival of Bloods. Also, while present the sheriff deputies became upset that Hollywood filed a grievance form against them and threatened to sue and retaliated by not feeding him lunch and confiscating his mattress while he was gone to court at the Rancho Cucamonga Superior courthouse. The mistreatment of sheriff deputies and sergeants was a violation of County of San Bernardino's class action final settlement that was approved by United States District Court for the Central District of California's chief justice Virginia A. Phillips on September 12, 2018.

(11.)  In November 2019 Plaintiff Fairchild's significant other Arogant Hollywood was arrested for the final time by the County of San Bernardino sheriff's department. This

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 194 of 212    *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

time the arrest occurred at 6417 Haven Avenue, Suite 150, in the city of Rancho Cucamonga. Hollywood was physically assaulted by deputies as they got upset that Hollywood stated that he was trying to call and email the Coffee Bean corporation as they arrested him. Nevertheless, the impatient and angry sheriff deputy physically grabbed Hollywood by pushing his arm down and then he handcuffed Hollywood. The altercation was unnecessary as Hollywood never refused to leave the location.

(12.)  In 2015 San Bernardino Sheriff's Department deputies beat a man who was trying to flee on horseback in the city of Hesperia, California. In the words of Sheriff John McMahon: "the video surrounding this arrest is disturbing." The victim was kicked allegedly 17 times, punched 37 times, and big with 4 baton strikes by San Bernardino County deputies. Within a year of the beating the County of San Bernardino agreed to pay the victim Francis Pusok $ 650,000 in order to avoid the cost of litigation.

(13.)  In 2016 County of San Bernardino paid out 1.5 million to the family of 19-year-old Rashad Davis Jr. after he was negligently placed in a jail cell with a very violent inmate. The incident was the fault of the County of San Bernardino as it failed to supervise and protect Mr. Davis. Just like Plaintiff Fairchild Rashad Davis was a disabled man protected under the American Disabilities Act of 1990.

(14.)  In January 2021 San Bernardino County Sheriff's Department deputies shot and killed a 91-year-old woman named Betty Francois.

(15.)  In June 2020 during a false arrest in a San Bernardino Big 5 Sporting Goods location former deputy Erden Gorgulu beat a man with a baseball bat after arresting him,

(16.)  In 2017 a black man named Duncan Hicks was mistreated by a San Bernardino

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 195 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

County Sheriff's Deputy told him: ***"I'll create something you understand? You'll go to jail. You understand that?"***

(17.)  In November 2020 San Bernardino County sheriff deputies unnecessarily shot a man while chasing him. The man picked up a rock and kept running. To which the deputy stated drop the rock after the man had already thrown the rock and kept running in the opposite direction of the deputies.

(18.)  In July 2019 San Bernardino County Sheriff's Department deputies wrongfully shot an unarmed black man at least eight times in the city of Adelanto, California.

(19.)  In 2015 a single San Bernardino County Sheriff deputy unjustifiably shot and killed an unarmed black man who he had wrongfully suspected of trespassing. In 2018 a jury awarded the family of Nathaniel Pickett $ 15.5 million in compensatory damages and $ 18 million in punitive damages. It was one of largest jury verdicts in the history of law enforcement police brutality and shooting death cases.

(20.)  In late 2020 County of San Bernardino employees deliberately cancelled Plaintiff Fairchild California EBT food payments. This resulted in Fairchild not having Food Stamps for several months!

## IX.    FEDERAL COURT CASES FILED AGAINST DEFENDANT COUNTY OF SAN BERNARDINO IN SUPPORT OF *MONELL* CLAIM

801.  *Dominic Archibald v. County of San Bernardino* et al [5:16-cv-01128_ (civil rights lawsuit), *Donovan Gardner v. County of San Bernardino*, et al 5:16-cv-02049 (civil rights lawsuit), *Robert Jackson III v. County of San Bernardino* [0:16-cv-56226 (civil

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 196 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

rights lawsuit), *Bryan Soltysik v. County of San Bernardino* et al [5:16-cv-01926] (civil rights lawsuit), *Huson v. County of San Bernardino* et al (1:16-cv-01031] (civil rights lawsuit), *Gonzalo Munoz* v. *County of San Bernardino* [5:16-cv-01236] (civil rights lawsuit), *Beverly Pitts v. County of San Bernardino* et al [5:16-cv-01237] (civil rights lawsuit), *Antonio Saldana et al v. County of San Bernardino* et al (5:16-cv-01268 (civil rights lawsuit, *Sergio Casillas Ramirez v. County of San Bernardino*, et al [5:13-cv-00573] (civil rights lawsuit), *Kenneth Munson v. County of San Bernardino* et al [5:13-cv-00373] (civil rights lawsuit), *Christopher Gonzalez v. County of San Bernardino* et al [5:13-cv-00476] (civil rights lawsuit), *Alice Brown v. County of San Bernardino* [5:13 - cv-00148], *Shakaree Carraway v. County of San Bernardino* et al [5:13-cv-00921] (civil rights complaint), *Christine Marsh et al v. County of San Bernardino* [8:13-cv-01061 (civil rights complaint), *Nicoli Gino Domico v. County of San Bernardino* et al [2:11-cv-04616] (civil rights lawsuit), *Jose Montalvo v. County of San Bernardino* et al [2:11-cv-03914] (civil rights lawsuit), *Bryant Penigar v. County of San Bernardino* et al [2:11-cv-06805] (civil rights lawsuit), and some many more lawsuits that have been filed against Defendant County of San Bernardino. The civil rights violations against Defendant County of San Bernardino are endless as this municipal Defendant violates the civil rights of United States citizen on daily basis. For a county of just 2,000,000 Defendant County of San Bernardino has been sued more times than much larger counties such as Los Angeles County, which has an estimated population of 10 million people.

802.   The many above cited and mentioned incidents of Alison Helen Fairchild, Arogant Hollywood, and many others show a clear pattern of municipality liability under the Monell legal doctrine as Defendant County of San Bernardino has a disturbing history of being deliberately indifferent to many United States citizens.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 197 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

803. Based upon the many and countless ADA and other civil rights violations of County of San Bernardino. The *Monell* legal doctrine must apply here, and the federal district court must hold Defendant County of San Bernardino liable for punitive damages.

804.    The acts by Defendants County of San Bernardino, JOHN DOES, & JANE DOES local Fontana Superior court officers, supervisors and employees directly and proximately caused the constitutional civil rights violations and injury to Plaintiff Alison Helen Fairchild and are directly chargeable to the Defendant County oof San Bernardino.

805.    Defendants County of San Bernardino, JOHN DOES, & JANE DOES are not entitled to immunity for the complained of conduct.

806.    Defendant County of San Bernardino was at all times relevant to this civil rights complaint, policymakers for the County of San Bernardino, and in that capacity established policies, procedures, customs, and/or practices for the County of San Bernardino.

807.    Defendant County of San Bernardino has created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, county-wide customs, county related policies, procedures, customs, and/or practices for the County of San Bernardino, and/or failed to properly and professionally train and/or supervise its court officers, court supervisors and court employees in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff Alison Helen Fairchild and of the public.

808.    In light of the duties and responsibilities of those County of San Bernardino employees that participate in violating the civil rights of disabled persons, and non

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 198 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

handicapped U.S. citizens, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal civil rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

809.   Defendant County of San Bernardino was responsible for all allegations of mistreatment alleged herein by Plaintiff Alison Helen Fairchild.

810.   Current County of San Bernardino sheriff John McMahon was responsible for the mistreatment of Alison Helen Fairchild in July 2019.

811.   The deliberate indifference to training and supervision by Defendant County of San Bernardino resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant County of San Bernardino and was the moving forces in the constitutional and federal violations complained of by Plaintiff Alison Helen Fairchild.

812.   As a direct result of Defendants' unlawful conduct, Plaintiff Fairchild has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages. Plaintiff Fairchild is further entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988., pre-judgment interest and costs as allowable by federal law.

813.   As a direct result of Defendant County of San Bernardino's unlawful conduct, Plaintiff Fairchild has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process –Page 199 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

amounts to be determined at trial.

814.   As a further result of the Defendant County of San Bernardino's unlawful conduct, Plaintiff Fairchild has incurred special damages, including psychologically related expenses and may continue to incur further psychological or other special damages related expenses, in amounts to be established at trial.

815.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendant County of San Bernardino on the twenty-fourth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alison Helen Fairchild respectively prays for judgment on the above-alleged causes of action against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., Kimberly Stroud, John Strokis, Michael Crear, County of San Bernardino, DOES 1-10's JANE DOE Court Clerks, and JOHN DOE Court Clerks as follows:

1.   That the Court declare the respective rights and duties of Plaintiff Alison Helen Fairchild and Defendants as to the modifications of Defendants' policies, practices and procedures regarding the reasonable accommodation of a Caucasian disabled woman who has been discriminated against by Defendants.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 200 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

2.  Enter a declaratory judgment finding that Defendants' actions described above constitute discrimination based on Plaintiff Alison Helen Fairchild's disability and/or handicap, and violate 42 U.S.C. §§ 1981, many state laws, and American Disabilities Act of 1990.

3.  Enter a declaratory judgment finding that Defendants' actions described above constitute a violation of Plaintiff's constitutional first amendment rights to freedom of speech.

4.  Declare that Defendants conduct in contract with Plaintiff Arogant Hollywood violates non-discrimination provisions of Title II of the Civil Rights Act of 1964.

5.  An order awarding Plaintiff Alison Helen Fairchild actual and/or statutory damages for violation of civil rights and for restitution for each and every offense and for each and every day Defendants refused to accept rent from Plaintiff Alison Helen Fairchild, and damages for discrimination for each day since Plaintiff was trespassed from Defendants' 1571 W. Foothill Blvd., Upland, CA self-storage facility.

6.  Pursuant to 42 U.S.C. § 1981, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Ms. Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Extra Space Storage Inc., SmartStop Self-Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, County of San Bernardino, DOES 1-10's JANE DOE Court Clerks, and JOHN DOE Court Clerks' misconduct alleged in this civil rights complaint.

7.  Pursuant to 42 U.S.C. § 1981, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Extra Space Storage Inc., SmartStop

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 201 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Self-Storage REIT, Inc., John Strokis, Michael Crear Kimberly Stroud, County of San Bernardino, DOES 1-10's JANE DOE Court Clerks, and JOHN DOE Court Clerks for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

8.    Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the court deems just and proper.

9.    Pursuant to 42 U.S.C. § 18116, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Ms. Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by all Defendants' misconduct alleged in this civil rights complaint.

10.   Pursuant to 42 U.S.C. § 18116, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish all Defendants for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discrimination behavior.

11.   Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for being deprived of her right to occupy her self-storage unit, Units # C150 and make or enforce contracts with Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10, regardless of her perceived disability, including damages for fear, humiliation, embarrassment, mental pain, suffering, inconvenience, and financial injury.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 202 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

12. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of negligence as alleged against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud and DOES 1-10

13. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of negligent intentional infliction of emotional distress, as alleged against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10

14. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of negligent supervision and/or retention of emotional distress as alleged against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10

15. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of gross negligence; as alleged against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10

16. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of civil conspiracy as alleged against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10

17. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of conversion as alleged against Defendants Extra Space

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 203 of 212      *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10

18.   Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of negligence per se as alleged against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, and DOES 1-10

19.   Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of abuse of process as alleged against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., and DOES 1-10

20.   Award Plaintiff Fairchild statutory damages in an amount equal to no less than three times Plaintiff's damages, that would punish Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10, for their reckless conduct and effectively deter Defendants from engaging in similar conduct, including but not limited to, disability and racial discrimination, violations of Title II of the Civil Rights Act of 1964 and Title III of the American Disabilities Act of 1990 in the future;

21.   Award Plaintiff Fairchild statutory damages in an amount equal to no less than three times Plaintiff's damages, that would punish Defendants County of San Bernardino, JOHN DOE Court Clerks, JANE DOE Court Clerks, and DOES 1-10's, for their reckless conduct and effectively deter Defendants from engaging in similar conduct, including but not limited to, disability and racial discrimination, violations of Title VI of the Civil Rights Act of 1964 and Title II of the American Disabilities Act of 1990 in the future.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 204 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

22.    Pursuant to 42 U.S.C. § 1983, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants County of San Bernardino, JOHN DOE Court Clerks, JANE DOE Court Clerks, and DOES 1-10's misconduct alleged in this civil rights complaint.

23.    Pursuant to 42 U.S.C. § 1983, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by against Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10's misconduct alleged in this civil rights complaint.

24.    Pursuant to 42 U.S.C. § 1985, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants County of San Bernardino, JOHN DOE Court Clerks, JANE DOE Court Clerks, and DOES 1-10's misconduct alleged in this civil rights complaint.

25.    Pursuant to 42 U.S.C. § 1985, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10's misconduct alleged in this civil rights complaint.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 205 of 212        ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

26.     Pursuant to 42 U.S.C. § 1986, award compensatory damages to Plaintiff Alison Helen
        Fairchild in an amount determined by the jury that would fully compensate Plaintiff
        Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation,
        and degradation caused by Defendants County of San Bernardino, JOHN DOE Court
        Clerks, JANE DOE Court Clerks, and DOES 1-10's misconduct alleged in this civil
        rights complaint.

27.     Pursuant to 42 U.S.C. § 1986, award compensatory damages to Plaintiff Alison Helen
        Fairchild in an amount determined by the jury that would fully compensate Plaintiff
        Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation,
        and degradation caused by Defendants Extra Space Storage Inc., SmartStop Self Storage
        REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10's misconduct
        alleged in this civil rights complaint.

28.     Pursuant to 42 U.S.C. § 1983, award punitive damages to Plaintiff Alison Helen Fairchild
        in an amount determined by the jury, but no less than three times the amount of actual
        damages, that would punish Defendants Extra Space Storage Inc., SmartStop Self Storage
        REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10's for the
        intentional, willful, wanton, and reckless misconduct alleged in the civil rights complaint
        and that would effectively deter Defendants from future unconstitutional
        behavior.

29.     Pursuant to 42 U.S.C. § 1983, award punitive damages to Plaintiff Alison Helen Fairchild
        in an amount determined by the jury, but no less than three times the amount of actual
        damages, that would punish Defendants County of San Bernardino, JOHN DOE Court
        Clerks, JANE DOE Court Clerks, and DOES 1-10's for the intentional, willful, wanton,
        and reckless misconduct alleged in the civil rights complaint and that would effectively

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of
1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh
Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross
Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 206 of 212          ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al

1    deter Defendants from future unconstitutional behavior.

2

3   30.    Plaintiff Alison Helen Fairchild seeks an order pursuant an order providing injunctive

4          relief permanently enjoining Defendants Extra Space Storage Inc., SmartStop Self

5          Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10's

6          from engaging in the unequal treatment of disabled/handicapped persons by treating them

7          differently than non-disabled/handicapped patrons in violation of California Civil Code

8          §§§§§ 51, 51.5, 54, 54.1 & 54.3.

9

10  31.    Pursuant to California Civil Code § 52. Award Plaintiff Alison Helen Fairchild statutory

11         damages for each and every day since July 2019 that Plaintiff Fairchild has been deterred

12         from occupying her self-storage unit, Unit # C150, located at 1571 W. Foothill Blvd.,

13         Upland, California that may be determined by a trial jury, or a court without a jury, up to

14         a maximum of three times the amount of actual damage but in

15         no case less than ($ 4,000).

16

17  32.    Pursuant to California Civil Code § 52 and *Munson v. Del Taco Inc., (2009) 48 Cal 4th*

18         *661, 667.* Award Plaintiff Alison Helen Fairchild actual damages for each and

19         every offense, that may be determined by a trial jury, or a court without a jury, up to a

20         maximum of three times the amount of actual damages but in no case less than ($ 4,000);

21

22  33.    Pursuant to California Civil Code § 54 *et seq.* (CDPA), & § 54.3. Award Plaintiff Alison

23         Helen Fairchild actual damages for each offense, that may be determined by a trial jury, or

24         a court without a jury, up to a maximum of three times the amount of statutory damage but

25         in no case less than ($ 4,000).

26

27

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 207 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

34.     Pursuant to California Civil Code § 54 *et seq.* (CDPA) and § 54.3. Award Plaintiff Alison jury, Helen Fairchild statutory damages for each and every offense, that may be determined by a trial or a court without a jury, up to a maximum of three times the amount of actual damage but in no case less than (\$ 4,000).

35.     Pursuant to California Civil Code § 54 *et seq.* (CDPA) and § 54.3 Award Plaintiff Alison Helen Fairchild actual damages for each day since July 10, 2019 that Plaintiff Fairchild has been deterred from occupying her self-storage unit, #C155, located at 1571 W. Foothill Blvd., Upland, California that may be determined by a trial jury, or a court without a jury, up to a maximum of three times the amount of actual damage but in no case less than (\$ 4,000).

**PUNITIVE DAMAGES FOR PRIVATE CITIZENS AND CORPORATIONS**

Defendants Extra Space Storage Inc., SmartStop Self Storage REIT, Inc., John Strokis, Michael Crear, Kimberly Stroud, and DOES 1-10's

36.     Award Plaintiff Alison Helen Fairchild compensatory and punitive damages, including damages for emotional distress, humiliation, physical pain and suffering, loss of enjoyment of life, and other pain and suffering on all claims allowed by the law in an amount of **\$ 5,000,000** or such greater amount as may be set by a jury.

**PUNITIVE DAMAGES FOR LOCAL GOVERNMENT DEFENDANTS**

Defendants County of San Bernardino, JOHN DOE Court Clerks, JANE DOE Court Clerks, and DOES 1-10's

37.     Award Plaintiff Alison Helen Fairchild compensatory and punitive damages, including damages for emotional distress, humiliation, physical pain and suffering, loss of

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 208 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

enjoyment of life, and other pain and suffering on all claims allowed by the law in an amount of **$ 7,000,000** or such greater amount as may be set by a jury.

38. Award Plaintiff Alison Helen Fairchild general damages for pain and suffering, mental and emotional trauma and anguish, as alleged herein according to proof.

39. Award Plaintiff Alison Helen Fairchild prejudgment and post-judgement interest.

40. Pursuant to 42 U.S.C. § 1981, *et seq*, 42 U.S.C. § 12101, *et seq.*, and 42 U.S.C. § 18116, and/or as otherwise allowable by statute or law, award Plaintiff Alison Helen Fairchild her reasonable attorneys' fees and costs.

41. Alison Helen Fairchild their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law.

42. To preliminary and permanently enjoin Defendants from auctioning Plaintiff Alison Helen Fairchild's personal property in the near future.

43. Enter a permanent injunction directing Defendants to rent, negotiate and accept rental payments from Plaintiff at their real property premises 1571 W. Foothill Blvd., Upland, CA: Units # C150, Upland CA, 91786.

44. Enter a permanent injunction directing Defendants to cancel their illegally planned auction of Plaintiff Alison Helen Fairchild's personal property in the near future.

45. Order all other and further relief as the Court may deem equitable, just and proper.

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 209 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

## DEMAND FOR TRIAL BY JURY

Plaintiff Alison Helen Fairchild demands a trial by jury for all issues triable by jury.

**Respectfully Submitted,**

**DATED:  March 2, 2021**

**Alison Helen Fairchild**

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
−Page 210 of 212        *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

**VERIFICATION OF PLAINTIFF ALISON HELEN FAIRCHILD**

United States of America

State of California

City of San Diego, California, Within the County of San Diego

I, **ALISON HELEN FAIRCHILD**, being duly sworn, say:

I, ALISON HELEN FAIRCHILD, am a plaintiff in the above-entitled action and proceeding. I have read the foregoing; **VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF for:  VIOLATION OF TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968 [42 U.S.C. §§§§ 1981, 1983, 1985 & 1986];VIOLATION OF TITLE III OF THE AMERICAN DISABILITIES ACT OF 1990 [42 U.S.C. § 12101, 12203] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF TITLE II OF THE AMERICAN DISABILITIES ACT OF 1990 [42 U.S.C. § 12181] (retaliation, intimidation, threats, and interference of civil rights);  VIOLATION OF CALIFORNIA CIVIL CODE § 51, et seq[ THE UNRUH CIVIL RIGHTS ACTS] (denial of access to full and equal accommodation, advantages, facilities, privileges and services); VIOLATION OF CALIFORNIA CIVIL CODE § 51.5, VIOLATION OF CALIFORNIA CIVIL CODE § 51.7; VIOLATION OF CALIFORNIA CIVIL CODE § 52.1; DISCRIMINATION OF THE CIVIL RIGHTS ACT of 1964 [ 42 U.S.C. § 1985] (conspiracy to interfere with civil rights); 42 U.S.C. § 1986 (neglect to prevent deprivation of rights); VIOLATION OF 14TH AMENDMENT CONSTITUTIONAL RIGHTS; NEGLIGENCE; NEGLIGENCE PER SE; CIVIL CONSPIRACY; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE, ABUSE OF PROCESS, & CONVERSION**

and know the contents thereof. The facts stated therein are true and within my personal knowledge, [except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true], and if called upon to testify I would competently

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 211 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

1   testify as to the matters stated herein.

2

3   **I declare under the penalty of perjury under the laws of the United**

4   **States of America that the foregoing is true and correct.**

5

6

7

8   DATED:  **March 1, 2021**

9

10                                          **Alison Helen Fairchild, Plaintiff in Lawsuit**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Verified Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of
1990 [42 U.S.C. §§  12101, 12203, & 12132; Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh
Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross
Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Conversion, & Abuse of Process
–Page 212 of 212          *ALISON HELEN FAIRCHILD, v. extra space storage, inc., et al*

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS128019
Cashier ID: naparici
Transaction Date: 03/05/2021
Payer Name: Alison Helen Fairchild

CIVIL FILING FEE- NON-PRISONER
 For: Alison Helen Fairchild
 Case/Party: D-CAS-3-21-CV-000393-001
 Amount:         $402.00

CHECK
 Check/Money Order Num: 27149773331
 Amt Tendered:  $402.00

Total Due:      $402.00
Total Tendered: $402.00
Change Amt:     $0.00


There will be a fee of $53.00
charged for any returned check.
```