1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11    ALISON HELEN FAIRCHILD,                 Case No.:  21-CV-393 JLS (DEB)

12                              Plaintiff,
                                             **ORDER (1) DENYING WITHOUT**
13    v.                                     **PREJUDICE APPLICATION FOR**
                                             **PERMISSION FOR ELECTRONIC**
14    EXTRA SPACE STORAGE INC.;              **FILING AND (2) ORDERING**
      SMARTSTOP SELF-STORAGE REIT,           **PLAINTIFF TO SHOW CAUSE**
15    INC.; COUNTY OF SAN BERNADINO;         **WHY VENUE IS PROPER**
      JOHN STROKIS; MICHAEL CREAR;
16    KIMBERLY STROUD; and DOES 1–10,
17                                           (ECF No. 2)
                              Defendants.
18

19         Presently before the Court is Plaintiff Alison Helen Fairchild's Application for

20    Permission for Electronic Filing ("Mot.," ECF No. 2).

21         Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court

22    has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. CivLR

23    5.4(a).  With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the

24    court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper

25    form."  Office of the Clerk, United States District Court for the Southern District of

26    California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b)

27    (Mar.    3,    2021)    [hereinafter,    "*ECF    Manual*"],    *available    at*

28    https://www.casd.uscourts.gov/_assets/pdf/cmecf/Electronic%20Case%20Filing%20Proc

1

1    edures%20Manual.pdf. "A pro se party seeking leave to electronically file documents must
2    file a motion and demonstrate the means to do so properly by stating their equipment and
3    software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF
4    Administrative Policies and Procedures Manual." *Id.* The manual refers to the Court's
5    official web site for CM/ECF technical specifications, *id.* at § 1(i), which include a
6    "[c]omputer running on Windows or Macintosh"; "[s]oftware to convert documents from
7    a word processor format to portable document format (PDF)," such as "Adobe Acrobat
8    Reader 7.0 or higher"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a
9    compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later
10    version"; a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)";
11    and a PACER account. United States District Court, Southern District of California,
12    CM/ECF Information: General Info, https://www.casd.uscourts.gov/
13    cmecf.aspx#undefined1 (last visited Mar. 5, 2021) [hereinafter, "CM/ECF: General Info"].
14    Plaintiff indicates that she "ha[s] regular access to the technical requirements
15    necessary to e-file successfully." Mot. at 2. However, Plaintiff's Verified Complaint
16    indicates that, "[a]t the present time of the filing of this civil rights complaint Plaintiff
17    Fairchild was a homeless individual living on the streets and in motels within the city of
18    San Diego." ECF No. 1 ("Compl.") ¶ 10. The Court accordingly has concerns as to
19    Plaintiff's continuing access to the necessary technical resources given that she is
20    homeless, although the Court recognizes that Plaintiff's homelessness presents its own
21    challenges when it comes to paper filing. Nonetheless, paper filing is the default for pro
22    se litigants, *see ECF Manual* § 2(b), and it is incumbent on Plaintiff to demonstrate that
23    access to CM/ECF is warranted, *see id.* As Plaintiff has not done so, the Court **DENIES**
24    **WITHOUT PREJUDICE** Plaintiff's Motion.
25    Separately, the Court has concerns about whether venue is proper in this district.
26    "Venue may be raised by the court sua sponte where the defendant has not filed a
27    responsive pleading and the time for doing so has not run." *Polk v. Mackenzie*, No. C 08-
28    2344 MMC, 2008 WL 3876161, at *2 (N.D. Cal. Aug. 19, 2008) (citing *Costlow v. Weeks*,

790 F.2d 1486, 1488 (9th Cir. 1986)); *accord Lawrie v. Cline*, No. C 11-1235 SBA PR, 2011 WL 7121807, at *2 (N.D. Cal. Nov. 4, 2011); *see also Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1245 (S.D. Cal. 2013) (following order to show cause why case should not be transferred for reason of venue, transferring case to Northern District of California).

Generally speaking, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," 28 U.S.C. § 1391(b)(1); "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," *id.* § 1391(b)(2); or, "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action," *id.* § 1391(b)(3).  For purposes of venue, an individual "shall be deemed to reside in the judicial district in which that person is domiciled," *id.* § 1391(c)(1), and a business entity "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question," *id.* § 1391(c)(2).  If venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* § 1406(a).

Based on the allegations in Plaintiff's Verified Complaint, it does not appear that venue is proper in the Southern District of California.  Indeed, Plaintiff baldly states that "all the Defendants *except for Defendant Extra*, stated above are residents or business entities of the state California."  Compl. ¶ 34 (emphasis added).  Plaintiff states that "Defendant Extra's jurisdiction lies within the state of Utah . . . [b]ecause Defendant Extra is headquartered and incorporated in the state of Utah."  *Id.* ¶ 12.  In light of these representations, on the face of the Complaint, venue is not proper under section 1391(b)(1), as all defendants are not residents of the State of California.  Nor would venue seem to be proper under section 1391(b)(2), as there is no indication that "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of California,

21-CV-393 JLS (DEB)

1  which comprises the counties of Imperial and San Diego.  28 U.S.C. § 1391(b)(2).  Indeed,

2  it does not appear that any, much less a substantial part, of the events giving rise to this

3  litigation took place in the counties of either Imperial or San Diego.  Rather, the facts

4  alleged suggest that venue is proper in the Central District of California, as the relevant

5  events all appear to have happened in San Bernadino County, California.  *See* Compl.

6  ¶¶ 39–108.  And, because venue appears to be proper in the Central District of California,

7  section 1391(b)(3) is inapplicable.

8       In light of the foregoing, the Court **ORDERS** Plaintiff to show cause as to why

9  venue is proper in the Southern District of California.  Plaintiff **SHALL FILE** a response

10  to this Order, not to exceed ten (10) pages, <u>within fourteen (14) days</u> of the date on which

11  this Order is electronically docketed.  Any Defendant **MAY FILE** a response, also not to

12  exceed ten (10) pages, <u>within twenty-eight (28) days</u> of the date on which this Order is

13  electronically docketed.  Should Plaintiff fail to comply with this Order, the Court may

14  either transfer this action to the Central District of California or dismiss the action without

15  prejudice to Plaintiff re-filing the action in a district where venue is proper.

16       **IT IS SO ORDERED.**

17  Dated:  March 8, 2021

18  Hon. Janis L. Sammartino
    United States District Judge

19

20

21

22

23

24

25

26

27

28

21-CV-393 JLS (DEB)