UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON HELEN FAIRCHILD,<br><br>                                  Plaintiff,<br>v.<br><br>EXTRA SPACE STORAGE INC.;<br>SMARTSTOP SELF-STORAGE REIT, INC.; COUNTY OF SAN BERNADINO; JOHN STROKIS; MICHAEL CREAR; KIMBERLY STROUD; and DOES 1–10,<br><br>                                 Defendants. | Case No.: 21-CV-393 JLS (DEB)<br><br>**ORDER (1) GRANTING JOINT MOTION TO EXTEND TIME FOR FILING OF RESPONSIVE PLEADING AND (2) ADDRESSING PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**<br><br>(ECF Nos. 9, 12) |

      Presently before the Court are Plaintiff Alison Helen Fairchild ("Plaintiff") and Defendant Extra Space Storage Inc.'s ("Extra") Joint Motion to Extend Time for Filing of Responsive Pleading ("Joint Mot.," ECF No. 9) and Plaintiff's Response to the Court's Order to Show Cause ("Response," ECF No. 12).

      On March 8, 2021, the Court ordered Plaintiff Alison Helen Fairchild "to show cause as to why venue is proper in the Southern District of California . . . <u>within fourteen (14) days</u> of the date on which this Order is electronically docketed." ECF No. 4 ("OSC") at 4 (emphasis in original). The Court noted that, "[s]hould Plaintiff fail to comply with this Order, the Court may either transfer this action to the Central District of California or

///

dismiss the action without prejudice to Plaintiff re-filing the action in a district where venue is proper." *Id.*

Per the Joint Motion, Plaintiff and Extra request that the Court extend Extra's time to respond to the Complaint by fourteen days "to avoid duplication of issues being addressed in a response to the OSC and in a responsive pleading to the Complaint." Joint Mot. at 2. Per the OSC, Plaintiff's Response was due on March 22, 2021, *see* OSC at 4; however, Plaintiff's Response is dated March 23, 2021, and was received by the Court on March 26, 2021, *see generally* Response. Although Plaintiff's Response is untimely, the Court accepts the late filing and briefly addresses it here. Per the Response, Plaintiff "respectfully requests that this Court not dismiss Plaintiff's civil rights complaint" because she plans to "amend her complaint and drop" all the present Defendants save Extra and "add at least two [E]xtra . . . executives," which Plaintiff contends "will give the Southern District Court diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)." *Id.* at 1–2.

Federal Rule of Civil Procedure 15(a)(1)(A) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it." Fed. R. Civ. P. 15(a)(1)(A). The Joint Motion indicates that Extra was served on March 16, 2021; accordingly, Plaintiff has the absolute right to file an amended complaint consistent with her Response <u>on or before April 6, 2021</u>. Should Plaintiff do so, the amended complaint would supersede her Complaint and become the operative pleading, *see Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015), rendering the OSC moot. Should Plaintiff fail to file an amended complaint on or before April 6, 2021, she may still file an amended complaint as of right within 21 days after service of any responsive pleading or certain motions, *see* Fed. R. Civ. P. 15(a)(1)(B); otherwise, Plaintiff may only amend her Complaint "with the opposing party's written consent or the court's leave," *id.* 15(a)(2).

The Court notes that the Response did not attempt to justify venue in this District according to the allegations of the original Complaint and therefore apparently concedes that venue is presently improper in this District; accordingly, to the extend Plaintiff fails to amend her Complaint and Extra and/or any other Defendant responds to the OSC objecting

to venue, the Court will transfer this matter to the U.S. District Court for the Central District of California.

The Court further notes for Plaintiff's benefit that the Court harbors significant doubts that venue will be proper even should Plaintiff amend the Complaint as indicated in her Response. Venue and subject matter jurisdiction are distinct issues. Venue is "a matter of litigational convenience," whereas subject matter jurisdiction "concerns a court's competence to adjudicate a particular category of cases." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 305 (2006). Plaintiff asserts that her proposed amendments to the Complaint will "give [this] Court diversity jurisdiction" over her case. Response at 2. However, as Plaintiff asserts claims arising under federal statutes—including, *inter alia*, the Americans with Disabilities Act of 1990 and the Civil Rights Act of 1964, *see* Compl. at 2—federal question jurisdiction presumptively exists over those claims, *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (noting that "there is federal question jurisdiction over a federal-law claim simply by virtue of its being a claim brought under federal law"), and thus the Court may in its discretion exercise supplemental jurisdiction over any related state law claims, *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Accordingly, Plaintiff need not establish diversity jurisdiction, as a basis for subject matter jurisdiction already appears to exist. However, the same concerns about venue raised in the OSC appear problematic, given that not all of Plaintiff's proposed defendants reside in the State of California and the events at issue all appear to have taken place in San Bernadino County, which is situated within the Central District of California. *See* OSC at 3–4.

In light of the foregoing and good cause appearing, the Court **GRANTS** the Joint Motion. Extra **SHALL RESPOND** to the Complaint on or before April 20, 2021.

**IT IS SO ORDERED.**

Dated: April 1, 2021

*[signature]*
Hon. Janis L. Sammartino
United States District Judge